The Honorable MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON FOR SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT and JAMES KELLEY; | NO. 2:20-cv-00454 MJP |
| Plaintiffs, | |
| v. | JOINT RULE 26(f) STATUS REPORT AND DISCOVERY PLAN |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; | |
| Defendant. | |

In accordance with FRCP 26(f) and LCR 26(f), Plaintiffs Anysa Ngethpharat and James Kelley ("Plaintiffs") and Defendant State Farm Mutual Automobile Insurance Co. ("Defendant") (collectively, "Parties"), jointly submit their Joint Rule 26(f) Status Report and Discovery Plan.

**1.   *A statement of the nature and complexity of the case.***

Plaintiffs' Statement:

This is an insurance claims practice dispute involving Plaintiffs' challenge to State Farm taking a common "adjustment" (which is always a deduction) for "Typical Negotiation Adjustment" on total loss valuations obtained from a third party vender Audatex, valuations then sent to insureds, when settling first party (collision, comprehensive, and underinsured motorist

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147

property damage ) personal line total loss claims.    Plaintiffs contend that this adjustment is not allowed by WAC § 284-30-391(4) which requires that in settling total losses:

> the insurer must… (b) Base all offers on itemized and verifiable dollar amounts for vehicles that are currently available, or were available within ninety days of the date of loss, using appropriate deductions or additions for options, mileage or condition when determining comparability.

Nor is it allowed by WAC § 284-30-391(5) which expressly states that beyond the adjustments allowed by §§(4): "Insurers may adjust a total loss settlement through the following methods only: [listing unrepaired damage and salvage value]", or §391(2)(b)(iii), §391(2)(b)(iv)(B), §391(2)(b)(v), & §391(4)(b) which require the valuation to be based upon the actual verifiable prices of vehicles available within 90 days of the loss within 150 miles of the total loss vehicle's location, be based upon "comparable motor vehicles" i.e. same make model and year, be based upon reasonable and accurate data, and be calculated in a valid manner.

Because the additional adjustment/deduction taken by State Farm is (a) not "verifiable" by the insured (or anyone, including State Farm), (b) is not based upon *actual* prices on vehicles currently available or which were available within 90 days, (c) is not based upon actual vehicles available within 150 miles of the total loss vehicle, (d) is not based upon "comparable motor vehicles", (e) is not based upon one of the permitted adjustments for "options, mileage, or condition", and (f) is not based upon a reasonable methodology using reliable data, Plaintiffs alleges that it's use by State Farm in settling claims is a breach of contract as well as a violation of the Washington Consumer Protection Act.  Plaintiffs seeks certification of the following Class:

> All STATE FARM insureds with Washington first party personal line policies issued in Washington State, who received compensation for the total loss of their own vehicles under their First Party (Comprehensive, Collision, and UIM) coverages, and who received a total loss valuation from Audatex based upon the

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147

value of comparable vehicles which took a deduction/adjustment for "typical negotiation."

Excluded from the Class are (a) the assigned judge, the judge's staff and family, and STATE FARM employees, (b) claims for accidents with dates of loss occurring more than six years before the date of filing, (c) claims where the total loss was on a "non-owed" vehicle (where no insured has any ownership interest or rights in the vehicle), and (d) claims where the insured submitted written evidence supporting a different valuation, and the amount of that different valuation submitted by the insured was paid by STATE FARM to settle the total loss.

Dkt#5 at 5.3-5.4.   Plaintiffs seek payment of the amount of the invalid "adjustment" which was not paid along with trebled under the Consumer Protection Act and injunctive and declaratory relief.

Defendant's Statement:

This case challenges the actual cash value that the two named Plaintiffs were paid for their vehicles after they were damaged in accidents to such an extent that State Farm declared them total losses. Washington insurance regulations define the actual cash value of a vehicle as the fair market value of the vehicle immediately before the accident.

Both of the State Farm policies at issue contain appraisal remedies that are specifically permitted by Washington law. In fact, Plaintiff Ngethpharat, through her attorney, demanded an appraisal under the policy and appointed an appraiser. She then switched lawyers, refused to proceed with the appraisal she demanded, and now claims only to challenge the legality of a "negotiation discount" that was not even applied to the actual cash value she was paid by State Farm. Ms. Ngethpharat either is estopped to refuse the remedy she invoked or must submit to appraisal because this dispute, at its core, is about the value of Ms. Ngethpharat's vehicle. Determining that value through appraisal now is necessary to assess whether Ms. Ngethpharat even suffered injury and has standing to pursue her claims.

FRCP 26(F) REPORT - 3

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Recognizing the fatal flaws in Ms. Ngethpharat's claim, Plaintiffs' counsel added Mr. Kelley as a named Plaintiff in their Amended Complaint. Mr. Kelley also alleges that State Farm underpaid him for his totaled vehicle. To avoid the appraisal remedy designed to promptly resolve any disputes concerning the fair market value of an insured's vehicle, Plaintiff Kelley argues that his allegations do not center on the disputed value of the damaged property. But that can't be so. Mr. Kelley is unquestionably alleging that State Farm underpaid him for the value of his vehicle, and he has now sued State Farm asserting that State Farm owes him more. As above, an appraisal is necessary to assess whether Mr. Kelley was underpaid, and if not, he, like Ms. Ngethpharat, lacks standing to pursue his claims.

If the appraisal remedy in the Plaintiffs' policies is not enforced, the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). All of Plaintiffs' claims rest upon the same faulty premise, namely, that the advertised price of a used car is equal to its fair market value. That premise has neither law nor logic to support it. Nothing in the Washington insurance regulations prohibits State Farm from applying a negotiation discount to account for the reality of the used car purchase process. And in light of Plaintiffs' argument that they are not disputing the value of their totaled vehicles, the allegations of the First Amended Complaint fail to state a claim that Plaintiffs received less than the actual cash value of their vehicles as required by Washington law.

Defendant also denies that any class can be certified under Fed. R. Civ. P. 23 for multiple reasons, including that a class action is not superior to the prompt and inexpensive appraisal remedy provided to any State Farm insured who disagrees with the actual cash value calculated by State Farm.

FRCP 26(F) REPORT - 4

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147

2.  *Proposed deadline for joining additional parties.*

PLAINTIFFS: Plaintiffs contends that they should be permitted to join additional named class representatives, if necessary, through and including the Court's decision on class certification or for a reasonable time after class certification if the Court rules an additional representative is needed, and/or prior to trial to supplement representation.  The Manual for Complex Litigation and the case law support Plaintiffs' contention that additional class representatives can be added, *as necessary*, even after a class certification ruling.  Plaintiffs does not intend to add any new Defendant parties ..

Defendant's Position: Defendant disagrees with Plaintiffs' contention that they should be permitted to join additional named class representatives at any time "through and including the Court's decision on class certification or for a reasonable time after class certification if the Court rules an additional representative is needed, and/or prior to trial to supplement representation." Permitting Plaintiffs near-unlimited ability to add or substitute named plaintiffs throughout the discovery process and after the Court's class certification decision invites gamesmanship, and will result in delays, inefficiencies, and protracted discovery. Defendant must obtain discovery from each named representative, as the adequacy and typicality of each named representative is critical to the class certification inquiry. *See* Fed. R. Civ. P. 23. Accordingly, Defendant's position is that Plaintiffs' deadline to add a new class representative should be no later than 60 days following the Court's ruling on State Farm's Motion to Dismiss, Stay and Compel Appraisal. (ECF No. 18.)

3.  *Whether parties' consent to Magistrate Judge Mary Alice Theiler conducting all proceedings including trial and the entry of judgment.*

No.

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147

4.   *Discovery Plan*

 **(A) Initial disclosures.**

The parties will serve their initial disclosures by June 29, 2020.

**(B) Subjects, timing, and potential phasing of discovery.**

<u>Plaintiffs' Position</u>: Plaintiffs propose two phases for discovery: (Phase 1) discovery relevant to Plaintiffs' individual claims and whether the requirements for class certification have been met; and (Phase 2) if a class is certified, full discovery relevant to the merits of the class claims, and or if no class is certified, full discovery as to the merits of Plaintiffs' individual claim. See Manual for Complex Litigation (4th) § 21.14 ("Discovery relevant only to the merits delays the certification decision and may ultimately be unnecessary. Courts often bifurcate discovery between certification issues and those related to the merits of the allegations."). By agreeing to bifurcated discovery in this manner, Defendant reserves all rights with respect to class certification and Plaintiffs' burden to demonstrate that class certification is appropriate in this case.

Phase One discovery into issues relevant to Plaintiffs' individual claims and the requirements of class certification should begin upon entry of the Court's scheduling order, followed by expert reports/declarations regarding class certification issues and discovery regarding those expert reports/declarations.

**Plaintiffs anticipate** that their discovery requests will involve *in phase one*, (a) document requests (which will *not* request searches of individual claims files and individual claim electronic records), (b) limited interrogatories, (c) the request for an electronically generated list of claims to be generated (but without identifying information being provided), (d) a small random sample -of a size to be negotiated with Defendants - of information from claims

<u>FRCP 26(F) REPORT</u> - 6

files of those on the list to be provided, (e) corporate designee depositions, and (f) limited

depositions of individuals with information relevant to class certification.   As further discussed

with Defendant, (g) depending upon discussions with Defendant as to whether they will seek

information and/or testimony from Audatex Plaintiffs may seek discovery from Audatex, (h)

may seek discovery of individuals associated with Plaintiffs' individual claim depending upon

the arguments that State Farm may make, and (i) discovery of any declarants or experts used by

State Farm as to Class Certification or other issues.

Plaintiffs propose that Class certification-related disclosures, motions practice, and

discovery should proceed under the following deadlines[1]:

(1) Plaintiffs' expert disclosures/Rule 26 reports and/or declarations and motions relating to class certification shall be due October 23, 2020;

(2) Defendant's class certification opposition and any expert disclosures/Rule 26 reports and or declarations relating to any class certification opposition and related motions shall be due December 18, 2020;

(3) Plaintiffs' rebuttal expert disclosures/Rule 26 reports and or declarations relating to any class certification reply and/or opposition to any defense motions shall be due February 12, 2021;

(4) Reply on any Motion filed by Defendant shall be due February 26, 2021.

(5) Within twenty-one (21) days of a ruling on class certification, the parties shall present the Court with a proposed schedule to govern the remainder of the case through and including briefing on summary judgment and expert disclosures related to the merits of the parties claims and defenses.

Defendant's Position: Defendant opposes Plaintiffs' "two-phase" bifurcated discovery

approach. In practice, bifurcating discovery between what Plaintiffs call "Phase 1"—i.e., their

"individual claims and whether the requirements for class certification have been met"—and

---

[1] Plaintiffs note that ongoing disruption related to coronavirus may necessitate an extension of this schedule.  The dates included herein are predicated upon there not being substantial disruption in work and travel.

FRCP 26(F) REPORT - 7

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147

"Phase 2"—i.e., "full discovery relevant to the merits of the class claims"—is impractical. This is so because the class certification inquiry requires the Court to engage in a "rigorous analysis" regarding whether Plaintiffs can meet Rule 23's elements, and that "rigorous analysis" will necessarily "entail some overlap with the merits of the plaintiff's underlying claim." *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011). Thus, any attempt to bifurcate discovery between "class issues" and "merits issues" simply introduces an arbitrary—and legally unsupportable—distinction in the discovery process that will lead to discovery disputes, create inefficiencies, and protract the litigation. Accordingly, Defendant proposes a single fact discovery period during which the Parties will develop their "class" and "merits" cases.

**Defendant anticipates** that, if discovery becomes necessary, it will serve written discovery on Plaintiffs, including document requests; depose Plaintiffs; seek third-party discovery relevant to Plaintiffs' claims, including potentially from Audatex and the appraiser appointed by Ms. Ngethpharat; and engage in expert discovery. In accordance with Defendant's Motion to Dismiss and, In the Alternative, Compel Appraisal and Stay, Defendant's position is that, if Plaintiffs' claims survive dismissal and the Court compels appraisal, this litigation—including discovery—should be stayed while the appraisal process is pending.

To the extent the Court disagrees, Defendant proposes the following schedule:

| | |
|---|---|
| Initial Disclosures | June 29, 2020 |
| Fact Discovery Opens | June 29, 2020 |
| Fact Discovery Closes | February 5, 2021 |
| Plaintiffs' Rule 26 expert reports on the issue of class certification due | March 5, 2021 |
| Deadline for Defendant to depose Plaintiffs' experts | April 2, 2021 |

FRCP 26(F) REPORT - 8

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147

| Defendants' Rule 26 expert reports on the issue of class certification due | April 30, 2021 |
|---|---|
| Deadline for Plaintiffs' to depose Defendant's experts | May 28, 2021 |
| The following motions are due <u>no later than</u>:<br><br>• Plaintiffs' motion for class certification;<br><br>• Motions to strike expert testimony under *Daubert*; and<br><br>• Motions related to class certification issues and/or motions for summary judgment relating to individual claims or issues. | June 25, 2021 |
| Unless sooner due under applicable rule, the following responses are due <u>no later than</u>:<br><br>• Defendant's opposition to Plaintiffs' motion for class certification;<br><br>• Responses to motions to strike expert testimony under <u>*Daubert*</u>; and<br><br>• Responses to motions for summary judgment relating to individual claims or issues. | August 20, 2021 |
| Unless sooner due under applicable rule, the following replies are due <u>no later than</u>:<br><br>• Plaintiffs' reply in support of Plaintiffs' motion for class certification;<br><br>• Replies in support of motions to strike expert testimony under <u>*Daubert*</u>; and<br><br>• Replies in support of motions for summary judgment relating to individual claims or issues. | September 17, 2021 |
| Class certification hearing | TBD |

**(C) electronically stored information.**

The parties do not anticipate any issues related to electronically stored information.   The Parties will discuss further, including the standard order on ESI, should the need arise.

<u>FRCP 26(F) REPORT</u> - 9

**(D) privilege issues.**

Plaintiffs believe the W.D. of Wa. model protective order is appropriate.  Defendant anticipates negotiating and submitting to the Court a Joint Stipulated Protective and Rule 502(d) Order.  They do not anticipate privilege issues arising at this point.

**(E)  proposed limitations on discovery.**

Plaintiffs have proposed doing discovery in phases, see Section (B), above.

Defendant has proposed a fact discovery period, an expert discovery period, and a period to brief class certification and *Daubert*.

**(F) the need for any discovery related orders.**

As noted, the parties have different views of a protective order, which will if not resolved between the parties require court involvement.

**5. *Other Topics.***

**(A) prompt case resolution.**

Plaintiffs is open to discussing Class wide resolution.

Defendant is not open to discussing a classwide resolution at this time, but is open to discussing resolution of Plaintiffs' individual claims.

**(B) ADR.**

Plaintiffs are open to mediation regarding a class wide resolution, but such mediation would be premature absent an interest by Defendant in class wide resolution.

Defendant is not open to mediation regarding a classwide resolution, and accordingly thinks ADR is premature at this point.

FRCP 26(F) REPORT - 10

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147

**(C) related cases.**

State Farm has identified *Jama v. State Farm Fire & Cas. Ins. Co.*, No. 2:20-cv-00652-RAJ, as a related case. Defendant has filed a Motion to Transfer to a Single Judge and Consolidate Cases in this case, and Defendant State Farm Fire and Casualty Company has filed a Motion to Transfer to a Single Judge and Consolidate Cases in *Jama*. Plaintiffs take no position on transferring *Jama* to this Court, and are willing to work cooperatively to the extent possible with the unrelated counsel and plaintiff in *Jama* to coordinated discovery, but Plaintiffs oppose consolidating this case with *Jama* for all purposes.

**(D)-(J) discovery management.**

Discussed in Section 4.

**6. *The date by which discovery can be completed.***

Plaintiffs anticipate that phase one discovery would be completed by February 26, 2021 (the reply date re Class Certification).   The parties will then provide an updated Rule 26(f) report as to how they anticipate proceeding in phase two, depending upon this Court's ruling as to Class Certification.

Defendant proposes a 7-month fact discovery period, which would close on February 5, 2021. Defendant's position is that engaging in fact discovery, expert discovery, and briefing class certification at the same time is unworkable and inefficient, and notes that Plaintiffs' proposal includes a 4-month overlap period during which Plaintiffs envision conducting fact discovery, briefing class certification, and engaging in expert discovery at the same time. Under Defendant's proposal, following the fact-discovery cut-off of February 5, 2021, the parties would then engage in expert discovery, and would then brief class certification and *Daubert* issues.

FRCP 26(F) REPORT - 11

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147

**7. *Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.***

The parties believe that Class Certification must be addressed in the first instance, and that it is premature to discuss trial related issues.

**8. *Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.***

The parties believe that Class Certification must be addressed in the first instance, and that it is premature to discuss trial related issues.

**9. *Any other suggestions for shortening or simplifying the case.***

The parties believe that Class Certification must be addressed in the first instance, and that it is premature to discuss trial related issues.

**10. *The date the case will be ready for trial.***

The parties believe that Class Certification must be addressed in the first instance, and that it is premature to discuss trial related issues.

**11. *Whether the trial will be jury or non−jury.***

The parties have requested a jury trial.

**12. *The number of trial days required.***

The parties believe that Class Certification must be addressed in the first instance, and that it is premature to discuss trial related issues.

**13. *The names, addresses, and telephone numbers of all trial counsel*.**

The parties believe that Class Certification must be addressed in the first instance, and that it is premature to discuss trial related issues.

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147

**14.** *The dates on which trial counsel may have complications to be considered in setting a trial date.*

The parties believe that Class Certification must be addressed in the first instance, and that it is premature to discuss trial related issues.

RESPECTFULLY SUBMITTED this 22nd day of June, 2020.

_____
STEPHEN M. HANSEN, WSBA #15642
Law Offices of STEPHEN M.  HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
Tel: 253-302-5955
Fax: 253-301-1147
steve@stephenmhansenlaw.com

Scott P. Nealey (admitted pro hac vice)
Law Office of Scott P. Nealey
71 Stevenson Street, Suite 400,
San Francisco, CA 94105
Tel: 415-231-5311
Fax: 415-231-5313
snealey@nealeylaw.com
*Attorneys for Plaintiffs*

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147