The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT and JAMES KELLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | No. 2:20-cv-00454 MJP<br><br>PROTECTIVE ORDER |

WHEREAS, Plaintiffs Anysa Ngethpharat and James Kelley ("Plaintiffs") and Defendant State Farm Mutual Automobile Insurance Company ("Defendant") (collectively, "Parties") are engaged in discovery proceedings in the above-captioned civil lawsuit (the "Lawsuit").

WHEREAS, this Protective Order in no way alters the Parties' rights, obligations, and/or abilities to produce documents and/or to raise objections about production of information, consistent with the Federal Rules of Civil Procedure and law.

NOW, THEREFORE, this Court finds that a Protective Order is warranted to protect Confidential Information that may be produced or exchanged in this litigation, and that the following provisions, limitations, and prohibitions are appropriate pursuant to and in conformity with the Federal Rules of Civil Procedure. Therefore, it is hereby ORDERED that:

1. All Confidential Information (as defined in Paragraph 2) produced or exchanged in the course of this Lawsuit shall be used solely for the purpose of the preparation and trial of this Lawsuit and for no other purpose. Confidential Information, or extracts, summaries, or information

derived from Confidential Information, shall not be disclosed to any person except in accordance with the terms of this Protective Order. Confidential Information may only be copied or reproduced as reasonably necessary for use solely in this Lawsuit. Parties may not remove the Bates label or any confidentiality legend from received Confidential Information.

2. "Confidential Information," as used herein, means any information of any type that a Party or third-Party reasonably and in good faith believes contains any confidential research, development, trade secret, or commercial information, or any personal identifying information of any Party or a Party's customer, provided that the Party or third-Party has made efforts to maintain confidentiality that are reasonable under the circumstances, whether the Confidential Information is: a document, electronically stored information ("ESI"), or other written material or image; information contained in a document, ESI, or other material; information revealed during a deposition; information revealed in response to an interrogatory, answer, or written responses to discovery; information revealed during a meet-and-confer, or otherwise in connection with formal or informal discovery.

3. The disclosure of Confidential Information is restricted to Qualified Persons. "Qualified Persons," as used herein, means: the Parties to this pending Lawsuit, captioned *Ngethpharat v. State Farm Mutual Automobile Insurance Co.*, Case No. 2:20-cv-00454-MJP (W.D. Wash.); their respective counsel; counsel's staff; expert witnesses; outside service-providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order as provided in paragraph 16 below; any person who wrote or received the document, ESI, or other material in the ordinary course of employment or agency; and any person so designated pursuant to paragraph 4. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice to the Parties.

4.      Any Party may serve a written request for authority to disclose Confidential Information to a person who is not a Qualified Person on counsel for the designating Party, and consent shall not be unreasonably withheld. However, until said requesting Party receives written consent to further disclose the Confidential Information, the further disclosure is hereby prohibited and shall not be made absent further order of this Court. If the designating Party grants its consent, then the person granted consent shall become a Qualified Person under this Protective Order.

5.      Counsel for each Party shall provide a copy of this Protective Order to any person—other than counsel and their staff, the Court, court officials, or the trier of fact—who will receive Confidential Information in connection with this litigation, and shall advise such person of the scope and effect of the provisions of this Protective Order and the possibility of punishment by contempt for violation thereof. Further, before disclosing Confidential Information to any person other than counsel and their staff, the Court, court officials, or the trier of fact, counsel for the Party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Protective Order. The written acknowledgment shall be in the form of Exhibit A attached hereto. Counsel for the disclosing Party shall retain the original written acknowledgment.

6.      Information shall be designated as Confidential Information within the meaning of this Protective Order, by following the protocol below that corresponds to the format produced:

   a.      For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped page thereof containing Confidential Information with the following legend: "CONFIDENTIAL", but not so as to obscure the content of the document.

   b.      For static image ESI productions, by marking the first Bates-stamped page of the image and each subsequent Bates-stamped page thereof containing Confidential

Information with the following legend: "CONFIDENTIAL", but not so as to obscure the content of the image.

    c.    For native file format productions, by prominently labeling the delivery media for ESI designated as Confidential Information as follows: "CONFIDENTIAL". In addition, at the election of the producing Party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend: "CONFIDENTIAL".

When any native file so designated is converted into a hard-copy document or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. and 6.b. above. If a native file containing Confidential Information is used during a deposition, meet-and-confer, trial, or is otherwise disclosed post-production, the Party introducing, referencing, or submitting the native file must append to the file's name (immediately following its Bates identifier) the protective legend: "CONFIDENTIAL", if such legend does not already appear in the file name. Any Party using a native file containing Confidential Information in a deposition, hearing, or at trial should indicate the designation on the record, so that it is reflected in the transcript of the proceedings.

    d.    At the sole discretion of the producing Party, the producing Party may place on any hard-copy documents that are subject to this Protective Order watermarks or seals to indicate the document is subject to a Protective Order and is produced under the specific case number, NO. 2:20-cv-454. Any watermark or seals shall not obscure the content of the image.

7.    Information previously produced during this litigation and not already marked as Confidential Information shall be retroactively designated within thirty (30) days of entry of this Protective Order by providing written notice to the receiving Parties of the Bates identifier or other identifying characteristics for the Confidential Information.

   a. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the Parties, any Parties receiving such notice shall return to the designating Party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the Parties) shall: (i) affix the legend to all copies of such designated information in the Party's possession, custody, or control consistent with the terms of this Protective Order, and/or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item(s) as having been designated as Confidential Information.

   b. Information that is unintentionally or inadvertently produced without being designated as Confidential Information may be retroactively designated by the producing Party by providing written notice to the receiving Parties of the Bates identifier or other identifying characteristics for the Confidential Information by providing written notice to the receiving Parties of the Bates identifier or other identifying characteristics for the Confidential Information. If a retroactive designation is provided to the receiving Party, the receiving Party must (i) make no further disclosure of such designated information except as allowed under this Protective Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Protective Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Protective Order. No Party shall be deemed to have violated this Protective Order for any disclosures made prior to notification of any subsequent designation.

  8. If Confidential Information is inadvertently disclosed to a person who is not a Qualified Person, the disclosing Party shall immediately upon discovery of the inadvertent disclosure, send a written demand to the non-Qualified Person demanding the immediate return and/or destruction of the inadvertently disclosed Confidential Information, all copies made, and all notes that reproduce, copy, or otherwise contain information derived from Confidential

Information. Further, the disclosing Party shall send written notice to the designating Party's counsel providing:

    a.    The names and addresses of the entity(ies) or individual(s) to whom the Confidential Information was inadvertently disclosed.

    b.    The date of the disclosure.

    c.    A copy of the notice and demand sent to the entity or individual that inadvertently received the Confidential Information.

9.    To the extent that the Parties produce information received from non-parties that the non-parties have designated as "confidential," such information shall be treated as Confidential Information in accordance with the terms of this Protective Order.

    d.    With respect to any document, ESI, or other material that is produced or disclosed by a non-party, any Party may reasonably designate such information as Confidential Information within thirty (30) days of actual knowledge of the production or disclosure, or such other time as may be agreed upon by the Parties.

    e.    Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the Parties, the designating Party shall distribute copies of the non-party information with the legend "CONFIDENTIAL" affixed to all documents, ESI, or other material. These designated copies should bear the same Bates numbers as those received from the non-party.

    f.    Upon notice of designation pursuant to this Paragraph, the Parties also shall: (i) make no further disclosure of such designated information except as allowed under this Protective Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Protective Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person

not permitted access to such information under the terms of this Protective Order. No person shall be deemed to have violated this Protective Order for any disclosures made prior to notification of any subsequent designation.

10. Deposition testimony is Confidential Information under the terms of this Protective Order, only if counsel for a Party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all Parties and the court reporter within fourteen (14) days after receiving the final (not "rough") deposition transcript. All deposition transcripts shall be considered Confidential Information until fourteen (14) days following the receipt of the final deposition transcript. In the event testimony is designated as Confidential Information, the court reporter shall note the designation on the record, and shall mark the face of such portion of the transcript as "Confidential Information." The Parties may use Confidential Information during any deposition, provided:

  g. The witness is a Qualified Person, or has been apprised of the terms of this Protective Order and executes the acknowledgment attached hereto as Exhibit A.

  h. The room is first cleared of all persons who are not Qualified Persons.

11. In the case of interrogatory answers, responses to requests for production, and responses to requests for admissions, the designation of Confidential Information will be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated as Confidential Information. A producing Party shall place the following legend on each designated page: "Contains Confidential Information."

12. Confidential Information disclosed during a meet-and-confer or otherwise exchanged in informal discovery, shall be protected pursuant to this Protective Order, if counsel for the disclosing Party advises the receiving Party that the information is Confidential Information. If the Confidential Information disclosed during a meet-and-confer or otherwise

exchanged in informal discovery is in the form of hard-copy documents, static images, or native files, that information shall be designated as Confidential Information pursuant to paragraph 6 above, depending on the format of the materials introduced.

13. If a receiving Party makes a good-faith determination that any materials designated Confidential Information are not in fact "confidential" or "trade secret," the receiving Party may request that a designating Party rescind the designation. Such requests shall not be rejected absent a good-faith determination by the designating Party that the Confidential Information is entitled to protection.

14. After making a good-faith effort to resolve any disputes regarding whether any designated materials constitute Confidential Information, counsel of the Party or Parties receiving the Confidential Information may challenge such designation of all or any portion thereof by providing written notice of the challenge to the designating Party's counsel. The designating Party shall have thirty (30) days from the date of receipt of a written challenge to file a motion for specific protection with regard to any Confidential Information in dispute. If the Party or Parties producing the Confidential Information does not timely file a motion for specific protection, then the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Protective Order.

15. If a timely motion for specific protection is filed, any disputed Confidential Information will remain subject to this Protective Order until a contrary determination is made by the Court. At any hearing, the designating Party shall have the burden to establish that Party's right to protection as if this Protective Order did not exist. A Party's failure to challenge the Confidential Information designation of any documents, ESI, information, or testimony does not constitute an admission that the document, ESI, information or testimony is, in fact, sensitive, confidential, or proprietary. No Party waives its right to contend at trial or hearing that such document, ESI,

information, or testimony is not sensitive, confidential, or proprietary, provided the Party provides notice of intention to do so at least twenty (20) days before such trial or hearing.

16. Any documents filed with the Court or otherwise submitted as evidence in this action that have been designated Confidential Information, or contain extracts, summaries, or information derived from Confidential Information, shall be governed by the terms of this Protective Order. Prior to the filing of any Confidential Information, the Parties shall meet-and-confer to discuss de-designation of the Confidential Information, or whether redactions would provide a less-onerous method of protecting Confidential Information. If the designating Party will not de-designate Confidential Information or to authorize unsealed filing after redactions, then the documents shall be submitted to the Court under seal and shall remain sealed until the Court rules on any related Motion to Seal. The Parties shall make good faith efforts to minimize the need to file documents under seal.

17. Any Qualified Person who obtains information pursuant to this Protective Order consents to submitting to the jurisdiction of this Court for enforcement of this Protective Order.

18. Within forty-five (45) business days after the final resolution of this Lawsuit, Parties' counsel shall return or destroy Confidential Information they received during this Lawsuit. As to those materials that contain or reflect Confidential Information, but that constitute or reflect Parties' counsel's own work product, counsel are entitled to retain such work product in their files in accordance with the provisions of this Protective Order. Parties' counsel are entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record, even if such materials contain Confidential Information, so long as such materials are maintained in accordance with the provisions of this Protective Order. Parties' counsel shall certify in writing compliance with the provision of this paragraph forty-five (45) business days after the final resolution of this Lawsuit.

This Order shall remain in effect unless or until amended, altered, modified, or vacated by the Court, or by the written agreement of all Parties to this action filed with the Court, pursuant to the Federal Rules of Civil Procedure.

DONE and ORDERED this _9th_ day of _September_, 2020.

Marsha J. Pechman
United States Senior District Judge

**EXHIBIT A**

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT and JAMES KELLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | No. 2:20-cv-00454 MJP<br><br>ACKNOWLEDGEMENT OF PROTECTIVE ORDER |

I, _____, in order to be provided access to information designated as Confidential Information under the Protective Order entered in *Ngethpharat v. State Farm Mutual Automobile Insurance Co.*, No. 2:20-cv-00454 MJP (W.D. Wash.), represents and agrees as follows:

1. I have been provided with a copy of the Protective Order entered by the Court in the above matter. I have reviewed said copy and I am familiar with its terms.

2. With regard to any and all Confidential Information to which I am given access in connection with the above matter, I agree to be bound by the provisions of the Protective Order.

3. I consent to the exercise of jurisdiction over me by the Court with respect to the Protective Order.

4. I agree that copies of this Agreement will be sent to counsel of record for all parties in the above-captioned litigation.

DATED: _____       _____
                                                                        SIGNATURE

## CERTIFICATE OF SERVICE (CM/ECF)

I certify that on August 24, 2020, I electronically filed the foregoing **Protective Order** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Stephen M. Hansen**
  info@stephenmhansenlaw.com

- **Scott P. Nealey**
  snealey@nealeylaw.com

       *s/ Matthew Munson*
       Matthew Munson, WSBA #32019