The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT and JAMES KELLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | No. 2:20-cv-00454 MJP<br><br>ORDER UNDER FED. R. EVID. 502(d) |

1. Pursuant to Order of this Court under Fed. R. Evid. 502(d), no disclosure, production, or exchange of Information (as defined below) in connection with the above-captioned matter (the "Litigation") shall constitute a waiver of attorney-client privilege or of any work product protection in this or any other federal or state proceeding under any circumstances.

2. This Order applies to all documents and electronically stored information (as those terms are used in Fed. R. Civ. P. 34), the information contained therein, and all other information produced, disclosed, or exchanged by the Parties in connection with this Litigation, whether revealed in a document, electronically stored information, deposition, other testimony, discovery response or otherwise (collectively, "Information"). This Order should be interpreted to prevent waiver to the broadest extent possible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

3. This Order is entered pursuant to Federal Rule of Civil Procedure 26(c)(1) and is intended to protect the Parties to the Litigation, to the fullest extent permissible by law, against any waiver of the attorney-client privilege and/or the work product protection that might

otherwise arise from the disclosure of privileged or protected Information. This Order is intended to override any contrary law or presumptions, if and as applicable and permissible. The Parties' compliance with this Order's terms shall be understood, for all purposes within and outside this Litigation, to constitute reasonable and prompt efforts to preserve privileges and protections from discovery in respect to any disclosed privileged or protected Information.

4. This Order applies regardless of whether the Information describes or relates to actions taken in this Litigation, in prior or separate proceedings, or in other non-litigation matters.

5. A party receiving Information ("Receiving Party") is under a good faith obligation to promptly alert the Producing Party if Information that is produced, disclosed, exhibited, or communicated by a Producing Party appears to be privileged or work product-protected either on its face or in light of facts known to the Receiving Party.

6. To effectuate a clawback, upon learning of the production of privileged or protected Information, the Party making a production ("Producing Party") shall promptly give all counsel of record written notice of the production. The Producing Party need not provide any explanation or evidence regarding the reasonableness of the efforts taken to prevent production of such Information, and the Receiving Party agrees that it will not challenge the reasonableness of such efforts. The notice shall identify the Information that was produced (including the format of the production—e.g., paper, electronically stored information) and the date(s) the Information was produced. If the Producing Party claims that only a portion of a document, electronically stored information or tangible thing produced is privileged or protected Information, the Producing Party shall also promptly provide a new copy of the Information with the allegedly privileged or protected portions redacted. If the Receiving Party had previously filed documents with the Court containing newly-identified protected Information or pleadings discussing those documents' contents, then the Parties shall work in good faith to determine whether exhibits must be withdrawn and filed with new redactions.

7. Upon receiving notice of a production or upon determining that Information it received is known to be privileged or protected in whole or in part, the Receiving Party must

promptly return, sequester, and/or destroy the Information and all copies and destroy any notes that reproduce, copy or otherwise reflect or disclose the substance of the privileged or work product-protected Information. Any such Information that may exist on any computer or back-up media which cannot be reasonably deleted may be retained until such time as the media is subject to routine deletion or destruction provided that no person attempts to access the contents of the Information unless allowed under the terms of this Order. If the Receiving Party disclosed the privileged or work product-protected Information before being notified, it must take reasonable steps to retrieve and prevent further use or distribution of such Information. This duty expires if this Court rules that the Information is not privileged or protected by the work product doctrine.

8. If the Receiving Party contests the claim of privilege or work product protection in good-faith, it may within fourteen (14) days of the Producing Party's written notice, seek determination from the Court as to the privileged or protected nature of the Information. Pending such challenge, a Receiving Party may securely retain copies of the document, record, or data and any related notes. Pending a ruling on its challenge, the Receiving Party may not use the protected Information in any way other than prosecuting its challenge.

9. To the extent that any Party obtains any privileged Information through disclosure or communications, such Information may not be submitted to the Court or presented for admission into evidence or sought in discovery by that Party in this Litigation or in any other proceeding or action unless such filing is made under seal. If requested by the Receiving Party, the Producing Party shall provide the Information at issue to the Court for *in camera* review unless otherwise ordered by the Court.

10. If the Court sustains the claim that the Information disclosed, exchanged, produced, or discussed is privileged or work product-protected, the Receiving Party must, within ten (10) days of the Court's order, promptly return and/or destroy the Information and all copies and destroy any notes that reproduce, copy or otherwise disclose the substance of the privileged or work product-protected Information. The Receiving Party shall advise the Producing Party in writing of the return and/or destruction.

11. Nothing in this Order shall be construed to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance and responsiveness and/or require the production of any Information or communication that a Party contends is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

DONE and ORDERED this __16th____ day of _September_, 2020.

Marsha J. Pechman
United States Senior District Judge

Presented by:

*s/ Peter W. Herzog III*
Peter W. Herzog III (*pro hac vice*)
Wheeler Trigg O'Donnell LLP
211 N. Broadway, Suite 2825
St. Louis, Missouri 63102
Phone:      314.326.4128
Fax:        303.244.1879
Email:      pherzog@wtotrial.com

Eric L. Robertson (*pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, Colorado  80202-5647
Phone:      303.244.1842
Fax:        303.244.1879
Email:      robertson@wtotrial.com

*s/ Matthew Munson*
Joseph D. Hampton, WSBA #15297
Matthew Munson, WSBA #32019
Betts, Patterson & Mines, P.S.
One Convention Place
701 Pike Street, Suite 1400
Seattle, WA 98101-3927
Phone:      206.292.9988
Fax:        206.343.7053
Email:      jhampton@bpmlaw.com
            mmunson@bpmlaw.com

*Attorneys for Defendant*

Order Under FRE 502(d)                                4
Case No. 2:20-cv-454-MJP

## **CERTIFICATE OF SERVICE (CM/ECF)**

I certify that on August 24, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Stephen M. Hansen**
  info@stephenmhansenlaw.com

- **Scott P. Nealey**
  snealey@nealeylaw.com

*s/*  _____