The Honorable MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANYSA NGETHPHARAT and JAMES KELLEY;

    Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY;

    Defendant.

NO. 2:20-cv-00454 MJP

---

FAYSAL A JAMA, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

NO. 2:20-00652-MJP

**JOINT STIPULATION AS TO REMOTE DEPOSITIONS.**

Noting Date: December 2, 2020

## I. MOTION/RELIEF REQUESTED

The respective undersigned parties in *Ngethpharat* and *Jama*, have met and conferred given the ongoing Covid-19 restrictions and have agreed to the following stipulated remote deposition protocol which is based upon that entered in *Olberg v. Allstate Ins. Co*., C18-0573-JCC, Dkt#102 (W.D. Wa. July 15, 2020), which they respectfully ask be entered by this Court.

## II.  PROPOSED STIPULATION AND ORDER TO BE ENTERED BY THE COURT

1. Pursuant to Federal Rules of Civil Procedure 30(b)(3) and (b)(4), the parties may agree that depositions in this action may be taken remotely via videoconference and may be recorded in any reliable audio or audiovisual means. Any such audio or audiovisual means must be consistent with the requirements set forth in Rule 30(b)(5), including the requirement that, unless the parties further stipulate otherwise, the deposition "shall be conducted before an officer" as contemplated by Rule 28, and that the deponent be placed under oath by that officer. The deponent will be required to provide government-issued identification, and this identification must be legible on the video record.

2. A deposition will be deemed to have been conducted "before" an officer as defined by Rule 28(a)(2), so long as that officer attends the deposition at least via the same remote means (e.g., videoconference) used to connect all other remote participants, and so long as all participants (including the officer) can hear and be heard by all other participants.

3. The deponent, court reporter, videographer, and counsel for the parties will each participate in the videoconference deposition remotely and separately, absent other agreement of the parties. Counsel will meet and confer ahead of any depositions that are taken through remote means to confirm who will be in attendance during the deposition. Each person asking or answering questions or objecting at the deposition shall be visible to all other participants, their statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions. The parties further agree that an employee of the retained legal services vendor may attend each remote deposition to video record the deposition and troubleshoot any technological issues that may arise.

4. The parties agree that these video-recorded remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely. The parties reserve all other objections to the use of any deposition testimony at trial, and further reserve any objections related to technical difficulties

STIPULATION AND MOTION ON REMOTE DEPOS - 2

such as inability to hear a question or answer. The parties, however, shall work in good faith to address and resolve all technical difficulties at the deposition and shall not wait until after the deposition to raise objections.

5. No counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending.

6. During the duration of any deposition that is taken through remote means, the only window that the deponent may have open or visible on his or her computer or other screen(s) is the videoconference webpage or software necessary to attend the deposition and view any deposition exhibits. The deponent shall not have any other electronic applications, webpages, communications, or documents visible on his or her computer screen(s) while he or she is providing sworn testimony.

7. During breaks in the deposition, the parties may use any breakout room feature provided by the legal services vendor, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the legal services vendor prior to the deposition and controlled by the legal services vendor. This provision does not preclude the parties from using alternative means to meet during breaks in the deposition at their discretion.

8. Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3) but, given the COVID-19 pandemic, the court reporter need not be physically present with the witness whose deposition is being taken. The parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

9. The court reporter will stenographically record the testimony and the court reporter's transcript shall constitute the official record. The legal services vendor will simultaneously videotape the deposition and preserve the video recording. The court reporter

STIPULATION AND MOTION ON REMOTE DEPOS - 3

may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

10. The party that noticed the deposition shall be responsible for procuring a written transcript and, where so noticed, a video record of the remote deposition. The parties shall bear their own costs in obtaining a transcript and/or video record of the deposition.

11. The party that noticed the deposition shall provide the legal services vendor with a copy of this stipulation and order at least 24 hours in advance of the deposition.

12. At the beginning of each deposition, consistent with Rule 30(b)(5)(A), the legal services vendor employee responsible for video-recording the deposition shall "begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present."

13. At the beginning of each segment of the deposition, consistent with Rule 30(b)(5)(B), the legal services vendor employee responsible for video-recording the deposition shall begin that segment of the remote deposition by reciting: (i) the date, time, and place of the deposition; and (ii) the deponent's name.

14. The parties agree to work collaboratively and in good faith with the legal services vendor to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. The parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

15. Counsel shall adequately prepare deponents and attorney attendees for depositions that are taken through remote means. Relatedly, every deponent shall endeavor to have

STIPULATION AND MOTION ON REMOTE DEPOS - 4

technology sufficient to appear for a videotaped deposition (e.g., a webcam and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the deposition. In the case of third-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have.

16. The parties agree that this stipulation and order applies to remote depositions of non-parties under Rule 45 and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The party noticing any third-party deposition shall provide this stipulation and order to counsel for any non-party under Rule 45 a reasonable time before the date of the deposition.

17. To the extent practicable, the parties agree that the noticing party shall provide physical copies of exhibits pursuant to Subsection a of this provision. However, nothing in this order prohibits the noticing party from providing exhibits electronically where necessary. The parties agree that counsel noticing the deposition shall be responsible for making physical or electronic copies of documents that may be used as exhibits at the deposition available to the deponent, the deponent's counsel, the other party's counsel, and the court reporter.

a. In providing physical copies of exhibits, noticing counsel shall so inform the deponent's counsel, the other party's counsel, and the court reporter prior to transmittal of the documents and shall provide tracking information for the package. Such documents shall be delivered the business day before the deposition. Counsel for the deponent, the other party's counsel, and the court reporter shall confirm receipt of the package by electronic mail to counsel noticing the deposition. Every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition. This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining the witness.

STIPULATION AND MOTION ON REMOTE DEPOS - 5

      b. In providing electronic copies of exhibits, noticing counsel shall so inform the deponent's counsel, the other party's counsel, and the court reporter prior to transmittal of the documents. Noticing counsel shall provide the appointed legal services vendor with electronic copies of the documents no less than six hours in advance of the deposition's scheduled start time. The legal services vendor shall be responsible for making the electronic copies of the exhibits available to each person present at the deposition. The legal services vendor shall not make any of the electronic copies of the exhibits available to counsel for the non-noticing party, the deponent, or counsel for the deponent until the exhibits are marked for use during the deposition. This same procedure shall apply to any electronic copies of documents any other counsel intends to use for examining the witness.

      18.    All deponents receiving documents before or during a deposition, pursuant to Section 17 above, shall return the documents to the counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any manner. Counsel noticing the deposition shall include a pre-paid return shipping label in any package of documents mailed to a deponent.

      19.    Any reasonable delays or breaks necessary for the parties to accommodate technological issues arising from depositions that are taken through remote means shall be excluded from calculation of deposition time under Rule 30(d)(1).

DATED this 4th day of December 2020.

_____
Marsha J Pechman
UNITED STATES DISTRICT JUDGE

STIPULATION AND MOTION ON REMOTE DEPOS - 6

RESPECTFULLY SUBMITTED this 2nd day of December 2020.

THE LAW OFFICE OF STEPHEN M. HANSEN, P.S.

*s/ Stephen M. Hansen*
Stephen M. Hansen, WSBA #15642

Scott P. Nealey (admitted pro hac vice)
Law Office of Scott P. Nealey
71 Stevenson Street, Suite 400,
San Francisco, CA 94105
Telephone: (415) 231-5311
Facsimile: (415) 231-5313
snealey@nealeylaw.com

Attorneys for *Ngethpharat* & *Kelly* Plaintiffs

LAW OFFICE OF DANIEL R. WHITMORE

*s/ Daniel R. Whitmore*
Daniel R. Whitmore, WSBA No. 24012
6840 Fort Dent Way
Suite 210
Tukwila, WA 98188
Telephone: (206) 329-8400
Email: dan@whitmorelawfirm.com

Attorney for Plaintiff Faysal A. Jama

*s/ Mark A. Trivett*
Duncan C. Turner, WSBA #20597
Mark A. Trivett, WSBA #46375
Badgley Mullins Turner, PLLC
19929 Ballinger Way NW, #200
Seattle, WA 98155
Telephone: 206-621-6566
Fax:          206-621-9686
Email:     dturner@badgleymullins.com
              mtrivett@badgleymullins.com

Attorney for Plaintiff Faysal A. Jama

STIPULATION AND MOTION ON REMOTE DEPOS - 7