UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT, JAMES KELLEY, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL INSURANCE COMPANY, <br><br> Defendant. | CASE NO. C20-454 MJP <br><br> ORDER ON PLAINTIFFS' MOTION TO COMPEL |

This matter comes before the Court on Plaintiffs' Motion to Compel (Dkt. No. 53) and Motion to Seal (Dkt. No. 60). Having reviewed the Motions, the Responses (Dkt. Nos. 64, 67), the Replies (Dkt. Nos. 66, 70), and all relevant materials, the Court: (1) GRANTS in part and DENIES in part Plaintiffs' Motion to Compel, and (2) DENIES Plaintiffs' Motion to Seal.

## BACKGROUND

Plaintiffs seek three categories of discovery. First, they ask State Farm to generate a class list from computerized data held by State Farm and its vendor, Audatex. See Interrogatory No. 12. Second, Plaintiffs ask State Farm to create a random sample of 250 claims from the class list.

ORDER ON PLAINTIFFS' MOTION TO COMPEL - 1

See Interrogatory No. 13. Third, from this sample, Plaintiffs seek the property damage section of 250 claims files. See Request for Production No. 18.

Plaintiffs also ask for "complete" and "non-evasive" responses to several interrogatories about State Farm's claims handling practices and its compliance with state law. First, Interrogatory No. 1 asks for the identity of documents and information that "has been provided, obtained, or received [by State Farm] prior to the filing of this matter, which supports or explains the basis for the typical negotiation discount." Interrogatory No. 1. Second, Interrogatory No. 2 seeks the identify of documents and information that supports the "typical negotiation" discount complying with WAC 284-30-391(2)(a), (2)(b)(iv), (4) & (5). Interrogatory No. 2. Third, Interrogatory No. 4 asks State Farm to "explain and describe how your insured can verify the adjusted prices . . . and identify any and all documents or information which supports this contention." Interrogatory No. 4.

In support of their Motion to Compel, Plaintiffs filed two sets of items under seal: (1) State Farm's responses and supplemental responses to the Interrogatories and, (2) a "Strategic Partnership Request for Proposal" created by Solera/Audatex. (Exs. 3, 5, and 7 to the Nealy Decl. (Dkt. No. 61).) Through the Motion to Seal Plaintiffs filed, State Farm asks the Court to maintain the confidentiality of the Audatex document and certain portions of its interrogatory responses. It has otherwise filed redacted versions of the interrogatory responses.

## ANALYSIS

A.  **Motion to Compel Standard**

"Litigants 'may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.'" Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005) (quoting Fed. R. Civ. P. 26(b)(1)). "Relevant information for purposes of

1  discovery is information 'reasonably calculated to lead to the discovery of admissible

2  evidence.'" Id. "District courts have broad discretion in determining relevancy for discovery

3  purposes." Id. (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)). If requested

4  discovery is not answered, the requesting party may move for an order compelling such

5  discovery. FRCP 37(a)(1). "[T]he party moving to compel better responses must demonstrate

6  how or why the responses are incomplete or evasive." Hardy v. Davis, 2017 WL 445723, at *1

7  (E.D. Cal. Feb. 1, 2017). But "[t]he party who resists discovery has the burden to show that

8  discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its

9  objections." Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 650

10 (C.D. Cal. 1997).

11 **B.      Interrogatory No. 12 – Class List**

12          Through Interrogatory No. 12 Plaintiffs seek a class list with detailed data they claim is

13 relevant to the issues of numerosity, class-wide damages, and "the prevalence of issues which a

14 Defendant claims would constitute affirmative defenses." (Pl. Mot. at 6 (Dkt. No. 53 at 6).) State

15 Farm lodges two primary objections: (1) the Interrogatory is overbroad, unduly burdensome, and

16 disproportionate to the needs of the case; and (2) the Interrogatory contains discrete subparts that

17 must be treated as individual interrogatories, pushing Plaintiffs over the limit of 25.

18          **1.     Overbreadth, Burden, and Proportionality**

19          The Court finds the heart of Plaintiffs' request for a class list to be reasonable and neither

20 overbroad nor unduly burdensome. Interrogatory No. 12 reasonably asks for "a list of all First

21 Party Coverage claims on Washington Policies issued in the State of Washington where (1) the

22 claim paid as a Total Loss, and (2) the insured received a Total Loss valuation and/or offer from

23 You which was based upon an Autosource report which included a deduction for Typical

24

Negotiation and (3) the accident date was during the relevant period." (Pls. Interrogatories (Dkt. No. 58-2 at 11-14).) The request appears to serve as a valid means of identifying class members, and State Farm seems to both admit a class list is appropriate and it takes no issue with this portion of the Interrogatory. The Court finds this portion of the Interrogatory appropriate.

But the Court agrees with State Farm that some of the data sought from the 26+ data fields that Plaintiffs request may not be necessary to identifying potential class members. Plaintiffs failed to provide any specific argument as to why each data field is necessary or relevant to identifying the proposed class. Notwithstanding that failure, the Court finds that many of the data fields appear necessary to identify the class. And Defendants have not shown why producing the data fields the Court identifies below would be unduly burdensome or disproportionate to the needs of the case. The Court finds that Defendants must provide a response to the Interrogatory, including the following data in computer-readable format, as phrased verbatim in the Interrogatory:

(a) the insured's first and last names;

(b) the insureds last known address as updated with any more recent data from the policyholder data;

(c) the insured's e-mail address(es);

(d) the insured's phone number(s);

(e) the insured's policy number;

(f) the claim number;

(g) the date of loss year, month, and date;

(j) the date of total loss settlement year, month, and date;

(j) the coverage under which the total loss was paid;

(See Pls. Interrogatories (Dkt. No. 58-2 at 11-14) (note that the Court has used the lettering from Plaintiffs' interrogatories, which included two subsections labeled "(j)"). State Farm must also

identify for each person whether the "Total Loss" valuation was based on an Autosource report which included a deduction for "Typical Negotiation." State Farm must produce this list within 14 days of entry of this Order.

**2.     Discrete Subparts**

The Court largely disagrees with State Farm's argument that Interrogatory No. 12 contains too many discrete subparts.

In the Ninth Circuit, courts generally apply the "single line of inquiry" test to see whether an interrogatory includes discrete subparts that should be counted as unique interrogatories. See Warren v. Bastyr Univ., No. C11-1800-RSL, Dkt. No. 101, 2013 WL 1412419 (W.D. Wash. Apr. 8, 2013). "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." Trevino v. ACB Am., Inc., 232 F.R.D. 612, 614 (N.D. Cal. 2006) (citation and quotation omitted). "A single question asking for several bits of information related to the same topic counts as one interrogatory." Warren, 2013 WL 1412419, at *1. But "if the interrogatory poses a question that can be answered fully and completely without answering the second question, then the subparts are discrete." Id. "Similarly, an inquiry requesting the same information regarding disparate claims, defenses, or events counts as multiple interrogatories." Id. But courts also use a pragmatic approach to "see if an interrogatory threatens the purpose of Rule 33 by combining into one interrogatory several lines of inquiry that should be kept separate." Id. (quotation and citation omitted).

Having reviewed the Interrogatory, the Court finds that there are only three discrete subparts to it. Specifically, the Court finds that the Interrogatory "ask[s] for several bits of

1  information" related to 3 different topics: (1) a class list; (2) class-wide damages; and (3)

2  potential individualized issues related to class certification and possible affirmative defenses. See

3  Warren, 2013 WL 1412419, at *1. The Court thus counts this Interrogatory as three. But this

4  does not push Plaintiffs over their limit and State Farm has not otherwise argued how it would.

5  At most it appears that Plaintiffs' 12th interrogatory counts as its 12th, 13th, and 14th, which is

6  below the limit of 25. The Court therefore rejects State Farm's argument.

7  **C.  Interrogatory No. 13 and Request for Production No. 18**

8  Plaintiffs' Interrogatory No. 13 asks State Farm to draw a random sample of 250

9  individuals from the class list and RFP No. 18 asks for production of the "property damage

10  portion" of the claim file for the sample. State Farm resists these discovery requests arguing that

11  Plaintiffs fail to explain the basis for the requested sample size and that the request for

12  production is unduly burdensome and disproportionate to the needs of the case.

13  The Court finds no inherent problem with the Interrogatory requesting State Farm to

14  create a random sample. But the Court agrees with State Farm that Plaintiffs have not justified

15  the size of the sample sought. This alone does not resolve the issue, because sampling appears to

16  be potentially useful in this case and Plaintiffs profess a willingness to use a smaller sample size.

17  So the Court assesses the sample size in light of the burden argument State Farm advances. State

18  Farm likely overstates the burden it claims in producing the property damage portion of the

19  claim files for the sample—10-15 hours per file. First, State Farm does not state how long it will

20  take to identify just the damages portion of the claims file. It appears to base its time projection

21  on a privacy and privilege review of the full claim file, not just the property damage section.

22  Second, State Farm fails to show why it needs to perform a "privacy" review at all. It cites to no

23  law requiring it to do so or any reason why the Protective Order could not provide privacy

24

1  protection to limit the burden of review. Third, State Farm provides no specific assessment of
2  how much time it would take to perform a privilege review of just the property damage portion
3  of the claims file. The Court therefore does not have before it a complete and accurate
4  assessment of the specific burden State Farm faces in complying with this RFP.

5  Given Parties' positions, the Court finds that a sample of 150 will address Plaintiffs'
6  request and State Farm's burden/disproportionality arguments. The Court therefore GRANTS the
7  Motion in part, and ORDERS Defendants to draw a random sample of 150 and provide the
8  property damage portion of the claims file for the sample. The Court Orders State Farm to
9  provide Plaintiffs the random sample within 14 days of entry of this Order and produce the
10 property damage portion of the claims file for the sample to Plaintiffs within 21 days of entry of
11 this Order. Should Plaintiffs have a legitimate need a larger sample, they must attempt to resolve
12 any dispute with State Farm before bringing the issue to the Court using the joint motion format
13 of Local Rule 37(a).

**D.      Plaintiffs' Interrogatories Nos. 1, 2, and 4**

15 Plaintiffs seek an order compelling further answers to Interrogatories Nos. 1, 2, and 4 on
16 the theory that State Farm's responses are evasive and incomplete "boilerplate filler." (See Dkt.
17 No. 66 at 6.) But Plaintiffs fail to provide any specific, cogent reasoning or analysis as to why
18 the answers are inadequate. Plaintiffs just claim the defects are obvious from "a quick read."
19 (Dkt. No. 53 at 10); see Hardy, 2017 WL 445723, at *1. But the Court has reviewed State Farm's
20 responses and finds no obvious defects. The Court therefore DENIES the Motion as to these
21 Interrogatories.

**E.      Costs**

The Court rejects Plaintiffs' request for costs associated with bringing this partially-successful motion. The Court finds that State Farm's positions were not unreasonable or unfounded. See Fed. R. Civ. P. 37(a). An award of costs is not merited.

**F.      Motion to Seal**

The Parties dispute whether the Court should grant the Motion to Seal and prevent the public from reviewing State Farm's full responses to the Interrogatories and the Audatex document. State Farm has not adequately justified the request and DENIES the Motion.

As a preliminary matter the Court must determine whether to apply the "good cause" or "compelling interest" standard in assessing the Motion. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." Id. The Court finds that the "compelling interest" test applies. Plaintiffs' Motion to Compel concerns State Farm's interrogatory responses about whether and how State Farm complies with state law when it applies a negotiation discount. This is a primary issue in the case and the motion to compel is "more than tangentially related to the merits" of it. Id.

Under the "compelling interest" test, the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citation and quotation omitted). The Local Rules require State Farm to show: (1) "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that

will result if the relief sought is not granted"; and (3) "why a less restrictive alternative to the relief sought is not sufficient." Local Rule 5(g)(3)(B). "Evidentiary support from declarations must be provided where necessary." Id.

State Farm fails to provide reasons to support sealing its interrogatory responses. Doug Graff, a State Farm employee, avers that the interrogatory responses "contain confidential commercial claims handling information that is proprietary to State Farm" and that disclosure would "harm State Farm's competitive advantage in the insurance marketplace." (Decl. of Doug Graff ¶¶ 2-3 (Dkt. No. 69).) But Graff doesn't explain how the disclosure of the redacted information would harm State Farm, such as how a competitor might use the information to its advantage. Nor does he provide detail on why this information is unique and what specific injury State Farm would face. This does not satisfy State Farm's burden.

State Farm similarly fails to provide compelling reasons to seal the Audatex document. Graff claims that the document was created by Audatex and "contains proprietary information regarding Audatex's total-loss products, Audatex's valuation methodology, and specific data regarding Audatex's coverage and ability to provide 'instant' valuations." (Graff Decl. ¶ 4.) Graff claims Audatex provided the document "under a confidentiality/non-disclosure agreement that State Farm maintain all information exchanged through the Request for Proposals process as confidential." (Id.) Graff does not append a copy of the NDA, does not provide any of the terms of the agreement, and does not state whether compelled disclosure would violate the NDA and/or expose State Farm to liability to Audatex. Graff's declaration does not provide a sufficient basis to support sealing this document. Nor does State Farm provide any materials from Audatex that might justify the request to seal the materials.

1    State Farm has failed to provide compelling reasons why the public should be denied

2    access to the portions of the interrogatory responses it wants sealed. The Court therefore

3    DENIES the Motion to Seal and ORDERS that Docket Entry 61 be UNSEALED.

4    **G.      Footnotes and Joint Motion Format**

5    The Court finds that the Parties have overused footnotes throughout their briefing to

6    make substantive arguments and to trade barbs on irrelevant or impertinent matters. If there are

7    matters that deserve the Court's attention, they must be set out in the body of the briefing. Use of

8    footnotes renders the briefing needlessly dense and unhelpful. It also appears to be used to skirt

9    the page limitations. The Court therefore ORDERS as follows: the Parties may not use footnotes

10   for any purpose in any of the briefing in this case and any footnotes in materials filed after entry

11   of this Order will not be reviewed or considered.

12   The Court further ORDERS the Parties to use the joint motion format set out in Local

13   Rule 37 to present any discovery-related disputes in this case without exception. See Local Rule

14   37(a).

15                                          **CONCLUSION**

16   The Court finds that Plaintiffs are entitled to: (1) a class list with the limited data fields

17   the Court has identified, (2) a random sample of 150 claims from the class list; and (3) the

18   property damage portion of the claims file for the random sample. State Farm shall provide

19   Plaintiffs the class list and sample within 14 days of entry of this Order and the property damage

20   portion of the claims file within 21 days of entry of this Order. The Court therefore GRANTS the

21   Motion to Compel as to these discovery requests. But the Court otherwise DENIES the Motion

22   to Compel as to all other matters.

23

24

The Court DENIES the Motion to Seal and ORDERS Docket Entry 61 to be UNSEALED.

Lastly, the Court calls an end to the Parties' use of footnotes and ORDERS the Parties to use the joint motion format of Local Rule 37 for any further discovery disputes in this matter.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 8, 2021.

Marsha J. Pechman
United States District Judge