1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 10 ANYSA NGETHPHARAT, JAMES KELLEY, | CASE NO. C20-454 MJP |
| 11 | |
| Plaintiffs, | |
| 12 | |
| v. | |
| 13 | |
| STATE FARM MUTUAL | |
| 14 INSURANCE COMPANY, et al., | |
| 15 Defendants. | |
| 16 FAYSAL A JAMA, | CASE NO. C20-652 MJP |
| 17 Plaintiff, | |
| v. | |
| 18 | ORDER DENYING MOTION TO COMPEL |
| STATE FARM FIRE AND | |
| 19 CASUALTY COMPANY, | |
| 20 Defendant. | |
| 21 | |

22

23

24

1    This matter comes before the Court on Plaintiffs' Motion to Compel filed jointly in both

2    of the above-captioned matters pursuant to Local Rule 37. (Ngethpharat, Dkt. No. 127; Jama,

3    Dkt. No. 99.) Having reviewed the Motion and supporting materials, the Court DENIES the

4    Motion.

5                                          **BACKGROUND**

6    The Court earlier ordered the production of a class list of 150 randomly-identified

7    potential class members in the above-captioned cases, along with the property damage portion of

8    each claim file. (Ngethpharat, Dkt. No. 76.) Plaintiffs now want a larger sample of the potential

9    class members and the property damage portions of the claim file for each person in the sample.

10   But the scope of the discovery requested by the present Motion is unclear. In April 2021,

11   Plaintiffs sent an email asking for "roughly 800" claim files and an updated class list. (Ex. G to

12   the Declaration of Eric Robertson (Ngethpharat, Dkt. No. 126-7).) After State Farm wrote an

13   email back, Plaintiffs declared the parties at an impasse without ever having held a telephonic or

14   in-person discussion. In May 2021, Plaintiffs then served new interrogatories and requests for

15   production, which sought an expanded sample of 1,820 potential class members and the property

16   damage portion of their claim files. (Robertson Decl. Ex. H (Ngethpharat, Dkt. No. 126-8).)

17   There is no evidence that Plaintiffs took any steps to meet and confer after serving these new

18   requests and there is no evidence as to State Farm's responses to these new requests.

19                                           **ANALYSIS**

20   Local Rule 37(a)(1) requires the parties to conduct an in-person or telephonic meet and

21   confer before moving to compel and to provide evidence of such efforts:

22        Any motion for an order compelling disclosure or discovery must include a certification,
          in the motion or in a declaration or affidavit, that the movant has in good faith conferred
23        or attempted to confer with the person or party failing to make disclosure or discovery in
          an effort to resolve the dispute without court action. The certification must list the date,

24

ORDER DENYING MOTION TO COMPEL - 2

1

2

manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

3

4

Local Rule 37(a)(1). As the Rule makes clear, "the court may deny the motion without

5

addressing the merits" if there is no evidence of the parties meet and confer compliance. Id.

6

Plaintiffs have failed to show compliance with the Local Rules' meet and confer

7

requirement. It appears that Plaintiffs simply sent one email demand for an 800-claim sample

8

and when State Farm did not capitulate, they declared the parties at an impasse without ever

9

having picked up the telephone. And it appears that Plaintiffs made no effort to meet and confer

10

on their new May request for 1,820 claim file sample. These efforts or lack thereof fall well short

11

of satisfying the Local Rules' meet and confer requirement. Plaintiffs compound these failures

12

by not identifying the specific relief sought. The Court is left to guess whether Plaintiffs demand

13

discovery consistent with their email seeking an 800-claim sample or their new written discovery

14

requests regarding 1,820 claim sample. The Court cannot compel further discovery where the

15

requested relief is ambiguous. For these reasons, the Court DENIES the Motion.

16

Should Plaintiffs seek to renew their Motion, they must conduct a face-to-face or

17

telephonic/video conference to discuss the precise discovery sought before filing any motion to

18

compel (which must be filed using the expedited joint motion format of Local Rule 37). At any

19

such meet and confer, the Parties should discuss and attempt to reach agreement on: (1) the size

20

of the sample; (2) whether the request can be limited to the Autosource Reports and evidence

21

showing the amount paid on each claim; and (3) any other means of reaching an agreement

22

without Court intervention. State Farm should also be prepared to identify and discuss: (1) the

23

amount of time it would take to identify and produce the Autosource Report(s) from each claim

24

file, excluding secondary attorney review; (2) the amount of time it would take to identify and

ORDER DENYING MOTION TO COMPEL - 3

1    produce evidence as to how much each insured was paid on the total loss claim, excluding

2    secondary attorney review; and (3) the amount of time it would take to locate and produce the

3    property damage portion of each claim file, excluding secondary attorney review.

4           Separately, the Court notes that the Parties apparently came to a side agreement regarding

5    State Farm's compliance with the Court's prior order on the first motion to compel. (See

6    Ngethpharat, Dkt. No. 127 at 9.) This is inappropriate. When the Court sets a deadline, the

7    Parties must comply with it or seek and obtain leave of Court before making any deviation,

8    agreed or not. This ensures the Court is made aware of any issues that might impact the trial date

9    and case deadlines and to find solutions to problems when they arise.

10          The clerk is ordered to provide copies of this order to all counsel.

11          Dated June 14, 2021.

12

13                                          Marsha J. Pechman
                                            United States Senior District Judge

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION TO COMPEL - 4