UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT, JAMES KELLEY, | CASE NO. C20-454 MJP |
| Plaintiffs, | ORDER GRANTING MOTION TO SEAL |
| v. | |
| STATE FARM MUTUAL INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Motion to Seal. (Dkt. No. 89.) Having reviewed the Motion, Defendants' Opposition (Dkt. No. 106), the Reply (Dkt. No. 112), and all supporting papers, the Court GRANTS the Motion and maintains Dkt. Nos. 90 and 91 under seal.

The Parties jointly ask the Court to seal two exhibits to the report of Dr. Paul Torelli that Plaintiffs filed in support of their Reply to their Motion for Class Certification. (Dkt. Nos. 90 and

91.) Attachment 1 to the Torelli report contains information about total loss claims in a sample of

potential class members, including the insured's name and VIN of their vehicle which the parties

agree should be kept confidential to protect the insureds' privacy. (Dkt. No. 90.) Defendants

have filed a redacted version of Attachment 1, which is publicly available and redacts the

insured's name and VIN of their vehicle. (Dkt. No. 106-1.) Attachment 4 to the Torelli report

contains Audatex's "price bands and applicable typical negotiation adjustment for each price

band over more than a six-year period." (Dkt. No. 91; Declaration of Michelle Netz ¶ 3 (Dkt. No.

107).) Defendants rely on a declaration from Michelle Netz, Audatex's Director of Total Loss

and Data and Compliance at Audatex North America, Inc., who avers that the non-public

information in this attachment was developed based on Audatex's "proprietary statistical

modelling" and whose disclosure would allow competitors to co-opt the information to

Audatex's competitive disadvantage. (Netze Decl. ¶ 3.)

As the Court has previously determined, it will apply the "compelling interest" standard

to assess the motions to seal filed in conjunction with the Motion for Class Certification. See Ctr.

for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016); (Order on Motion

to Seal, Dkt. No. 82). Under the "compelling interest" test, the Court must "conscientiously

balance[] the competing interests of the public and the party who seeks to keep certain judicial

records secret." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)

(citation and quotation omitted). The Court may only seal records if it "base[s] its decision on a

compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis

or conjecture." Id. (citation and quotation omitted). "The burden is on the party requesting a

protective order to demonstrate that (1) the material in question is a trade secret or other

confidential information within the scope of Rule 26(c), and (2) disclosure would cause an

1    identifiable, significant harm." <u>Foltz v. State Farm Mutual Auto. Ins. Co.</u>, 331 F.3d 1122, 1131

2    (9th Cir. 2003) (citation and quotation omitted). The Local Rules require State Farm to show: (1)

3    "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will

4    result if the relief sought is not granted"; and (3) "why a less restrictive alternative to the relief

5    sought is not sufficient." Local Rule 5(g)(3)(B). "Evidentiary support from declarations must be

6    provided where necessary." <u>Id.</u>

7         The Parties have provided sufficient grounds to find compelling interests to warrant

8    sealing Attachments 1 and 4 to the Torelli report. As to Attachment 1, the privacy interests of the

9    insureds outweighs the interest of the public to know the specific identity of any of the insureds.

10    Given that the redacted version of the document is publicly available, the public is otherwise able

11    to inspect the document and understand its relation to the pending Motion for Class Certification.

12    As to Attachment 4, the Court finds that Audatex's Netze has provided sufficient grounds to

13    merit sealing. Netze explains that the price band data in the document is sensitive, non-public

14    information derived from Audatex's proprietary statistical modeling and that its disclosure would

15    harm Audatex's competitive position in the market. While the public undoubtedly has an interest

16    in knowing this information, the specific details of it are not necessary to be revealed to

17    understand the Motion for Class Certification. The Court therefore finds sealing of this

18    attachment in full to be appropriate.

19         The Court GRANTS the Motion to Seal and ORDERS that Attachments 1 (unredacted

20    version) and 4 to the Torelli report shall be kept under seal. (Dkt. Nos. 90 and 91.)

21    \\

22    \\

23    \\

24

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated June 15, 2021.

3

4                                    Marsha J. Pechman
                                     United States Senior District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION TO SEAL - 4