UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT, individually, JAMES KELLEY, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendants. | CASE NO. C20-454 MJP<br><br>ORDER ON MOTION TO COMPEL |
| FAYSAL JAMA, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | |

ORDER ON MOTION TO COMPEL - 1

|    |                                                                                                                                                                                                                                                                                                                                                                       |
|----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 1  | This matter comes before the Court on Plaintiffs' Motion to Compel. (Dkt. No. 151.) |
| 2  | Having reviewed the Motion and supporting materials and held oral argument on August 6, 2021 |
| 3  | during which the Court GRANTED the Motion on the record, the Court issues the following |
| 4  | Order memorializing the Court's decision. |
| 5  | As explained to the Parties during the hearing on August 6, 2021, Plaintiffs have |
| 6  | demonstrated that the information sought for a sample of 1,820 claim files is relevant and |
| 7  | proportional to the needs of this case. The information is relevant to damages and to address the |
| 8  | accuracy of a potential damages calculation using representative evidence. Using a sample of |
| 9  | 1,820 is a reasonable means of producing a narrow confidence interval within a $100 band, |
| 10 | which should aid the jury if it is ultimately presented with this information. And Plaintiffs have |
| 11 | shown that Defendants are best placed to produce this information, rather than Audatex, given |
| 12 | that the data Defendants have are more complete and the burden is more properly borne by a |
| 13 | party, not a non-party. |
| 14 | To narrow any undue burden on Defendants, the Court ORDERS Defendants to produce |
| 15 | the entire claim file for the sample of 1,820 claims without any additional review. This |
| 16 | effectively shifts the roughly 300 hours of review to Plaintiffs, rather than Defendants. The Court |
| 17 | further ORDERS Defendants to produce the TLST field and property damage notes portion of |
| 18 | each claim file given that these can be produced using the electronic/automated processes |
| 19 | Defendants discussed. Plaintiffs will be required to extract from the claim files the Autosource |
| 20 | Reports, and, as necessary, the TLST field and the property damage claim file notes. Plaintiffs |
| 21 | may only use these three data sources from the claim files produced for the sample, and may not |
| 22 | share the complete claim files with their experts—only these three data sources. Defendants are |
| 23 | ORDERED to produce the claim files, TLST field, and property damage claim file notes within |
| 24 |  |

30 days of entry of this Order. Defendants may seek leave for additional time if they can demonstrate good cause.

Further, should the Parties believe that any additional provisions to the existing protective order in this case are necessary to address privacy and privilege issues in the claim files, they must meet and confer to discuss any such changes before bringing a motion to amend the protective order.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 6, 2021.

Marsha J. Pechman
United States Senior District Judge

ORDER ON MOTION TO COMPEL - 3