UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT, individually, JAMES KELLEY, individually and behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendants.<br><br>FAYSAL A. JAMA, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | CASE NO. C20-454 MJP<br><br>ORDER ON JOINT MOTION RE: CLASS NOTICE |

ORDER ON JOINT MOTION RE: CLASS NOTICE - 1

This matter comes before the Court on the Parties' Joint Motion seeking approval of class notices for this consolidated matter. (Dkt. No. 163.) The Court has reviewed the Joint Motion and GRANTS the Motion in part.

## BACKGROUND

The Court certified several classes under Rule 23(b)(3) in this consolidated action. Plaintiffs now seek approval of class notices to inform potential members of the classes about their opt-out rights. The Parties dispute five issues related to the notices: (1) the opt-out period; (2) the method of opting out; (3) the class definitions and descriptions of the classes; (4) class membership; and (5) a description of State Farm's position and the role of the Court. State Farm has proposed several edits to Plaintiffs' proposed notices, which are numbered and identified in Exhibits A and B to the Declaration of Eric Robertson. (Dkt. No. 164.) The Court refers to these numbered edits in its analysis, below.

## ANALYSIS

Having certified the classes under Rule 23(b)(3), the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Id.

1  The Court reviews the five principal areas of dispute and three individual "edits" that State Farm has identified.

First, the Parties dispute the opt-out period. Plaintiffs ask that the opt-out period be limited to 31 days, while Defendants ask that it run for 60 days. To ensure that members of the classes have sufficient time to obtain the notice, consider its contents, and decide whether to opt out, the Court will require a 60 day opt-out period. See Manual for Complex Litigation, Fourth, § 21.321, at 298. This will help ensure the more than 70,000 class members get the best notice practicable through reasonable efforts. See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811-12 (1985); Frank v. United Airlines, 216 F.3d 845, 851 (9th Cir. 2000). The Court notes that this 60-day period will not adversely impact the current case schedule, given that the dispositive motion deadline is set for February 8, 2022.

Second, the Parties dispute the method by which class members can opt out. While the Parties agree that class members should be permitted to opt out by mail, State Farm insists that class members also be allowed to do so by email. The Court agrees with State Farm. Allowing class members to opt out by email is both practical and expedient. While Plaintiffs suggest this step may create confusion with improperly signed forms or missing signatures, the Court finds that fear likely overstated and easily resolved if and when it arises. One consequence of the COVID-19 pandemic is that many individuals are now well versed in signing forms electronically, scanning documents, and transmitting them by email. This option should be available to the classes.

Third, the Parties dispute how best to set out the class definition and the exclusions in the notices. Plaintiffs in the original Kelley matter propose to deviate from the Court's Order granting class certification by omitting reference to the exclusion for "claims where the insured

submitted written evidence supporting a different valuation, and the amount of that different valuation submitted by the insured was paid by State Farm to settle the total loss." Plaintiffs argue that this exclusion is now redundant because the Court already limited the class to those who were paid a total loss settlement based an Autosource valuation that included the typical negotiation discount. While the Court largely agrees with Plaintiffs that this exclusion appears redundant, the Court understands that there could potentially be class members that fall into this exclusion who submitted another valuation that included a typical negotiation deduction and they were paid the amount set out in that valuation. While this seems exceedingly unlikely, the Court will require the notice to track the language of the class certification order per Rule 23(c)(2)(b)(ii). The Court believes this inclusion is unlikely to pose any confusion to the class. But the Court will not include State Farm's proposed sentence restating this exclusion (the final sentence of edit 11 in the Kelley notice), which is unnecessary and redundant. Lastly, in the Jama notice, the parties agree to omit reference to several exclusions that were incorrectly identified. The Court agrees.

Fourth, State Farm objects to the notices stating that the recipient is "likely" to be a class member, preferring instead that it say the recipient "may be" a class member. On this point the Court sides with Plaintiffs. Given how the class members are being identified, the preliminary evidence suggesting that the vast majority of those receiving notice across all certified classes will be class members, and the desire to inform as many potential class members as possible of their right to opt out, the Court finds the use of "likely" to be more accurate and protective of the rights of the potential class members.

Fifth, State Farm asks that the notice include a statement of its position, the status of the litigation, and the Court's neutrality. Plaintiffs would rather the notice simply identify the

1 | relevant pleadings, filings, and orders. The Court agrees that the notice should include some
2 | statement regarding the class "issues or defenses." See Fed. R. Civ. P. 23(c)(2)(B)(iii). And the
3 | Court agrees that the notice should include a statement as to Court's neutrality, the status of the
4 | litigation, and an identification of issues that have or have not been resolved. To that end, the
5 | Court has adopted most of State Farm's proposed language. But the Court omits the statement
6 | that "most insureds agreed and accepted the valuation amount." State Farm pressed this
7 | argument at class certification but failed to identify evidence of any such agreement. Inclusion of
8 | this statement may mislead or confuse potential class members. And even with this statement
9 | omitted, the notices still accurately describe State Farm's defenses. The notices shall reflect that
10 | change.

11 |     In addition to these five topics, the Court provides its rationale as to how it resolved edits
12 | 1, 2, and 3 in the Kelley and Jama notices. As to edit 1, the Court retains the language "appear
13 | to." The Court does so to more accurately describe why the notices are being sent to the recipient
14 | and their current status as class members. As to edit 2, the Court includes the language of both
15 | parties, which more fully and accurately describes the purpose of the notice and nature of the
16 | class action. And as to edit 3, the Courts retains Plaintiffs' proposed language, which, while
17 | potentially redundant, is useful information for class members to assess whether to opt out.

18 |     The Court therefore GRANTS the Motion subject to the changes identified in this Order.
19 | To assist the parties and for maximum clarity, the Court appends to this Order the revised notices
20 | which implements all of the changes required by this Order. As to the Jama notice, the Court has
21 | implemented the agreed-upon changes to edits 10, 14, and 15. The Parties shall use these notices,
22 | modifying only those aspects where the Parties included placeholder language.
23 | \\
24 |

1  The clerk is ordered to provide copies of this order to all counsel.

2  Dated September 30, 2021.

*[signature]*

Marsha J. Pechman
United States Senior District Judge