1

2                                            The Honorable Marsha J. Pechman

3

4

5

6

7                    UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8    ANYSA NGETHPHARAT and
9    JAMES KELLEY,
                                          No. 2:20-cv-00454-MJP
10                    Plaintiffs,

11         v.

12   STATE FARM MUTUAL AUTOMOBILE
     INSURANCE COMPANY,

13                    Defendant.

14
15   FAYSAL A. JAMA, individually and on     **DEFENDANTS' COMBINED MOTION
     behalf of all others similarly situated,   FOR SUMMARY JUDGMENT**

16                    Plaintiff,             NOTE ON MOTION CALENDAR: March
17                                           4, 2022
     vs.
18                                           **ORAL ARGUMENT REQUESTED**
     STATE FARM FIRE AND CASUALTY
19   COMPANY,

20                    Defendant.

21

22

23

24

25

26

1

## <u>INTRODUCTION</u>

2      Defendants State Farm Mutual Automobile Insurance Company ("State Farm Mutual")

3 and State Farm Fire and Casualty Insurance Company ("State Farm Fire") (collectively,

4 "Defendants") respectfully move for summary judgment on the following three grounds:

5      **<u>First</u>**, Defendants seek summary judgment in their favor on all claims of Plaintiffs

6 James Kelley and Faysal Jama, as well the certified classes that they represent, because

7 Plaintiffs have failed to proffer any evidence on a critical element of their claims: that they

8 have suffered an actual injury resulting from State Farm's alleged violation of Washington

9 Administrative Code § 284-30-391 ("WAC 391"). Washington law requires them to prove an

10 actual injury to sustain their breach of contract, consumer protection, and tort claims. It is

11 undisputed that neither Mr. Kelley nor Mr. Jama has proffered evidence of the actual cash

12 value of their vehicles at the time of loss. By definition, therefore, they cannot prove they

13 received less than the actual cash value to which their insurance policies entitled them. Without

14 such evidence, State Farm is entitled to summary judgment.

15      Even further, without proof of actual injury, Plaintiffs cannot maintain their action in

16 federal court at all. In *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), the Supreme Court

17 held that all class members must have Article III standing to recover damages and cannot

18 satisfy that requirement by proving a mere "injury in law"—a bare regulatory violation, without

19 any showing that they "have been concretely harmed by" the violation. 141 S. Ct. 2190, 2205

20 (2021). To sue in federal court, then, plaintiffs must do more than prove a violation of WAC

21 391—they also must show that the alleged violation caused a sufficiently "concrete" injury in

22 fact. *TransUnion*, 141 S. Ct. at 2204-05. Without that evidence, Plaintiffs are suing merely to

23 ensure State Farm's compliance with Washington's insurance regulations, which (i) is

24 impermissible, because those regulations create no private right of action, *Pain Diagnostics &*

25 *Rehab. Assocs., P.S. v. Brockman*, 988 P.2d 972, 975-76 (Wash. Ct. App. 1999),

26 (ii) contravenes the separation of powers doctrine, because enforcing Washington's insurance

regulations is the sole province of the Executive Branch, *TransUnion*, 141 S. Ct. at 2207, and

Defs.' Mot. for Summ. J. – 1
Case No. 2:20-cv-00454-MJP

**WHEELER TRIGG O'DONNELL LLP**
211 N. Broadway, Suite 2825
St. Louis, MO 63102
P: 314-326-4129

(iii) fails to satisfy the "concrete harm" requirement of Article III, because "merely seeking to ensure a defendant's 'compliance with regulatory law'" is insufficient, *Id.* at 2206.

To prove concrete harm, Plaintiffs must come forward with evidence that they were *actually underpaid* by State Farm's alleged violation of WAC 391. Determining whether State Farm's claims handling practices violated WAC 391 will not answer the fundamental question of whether Mr. Kelley and/or Mr. Jama were actually underpaid and thus suffered concrete harm. To answer that question, Plaintiffs must proffer evidence that State Farm paid them less than the "actual cash value" to which their insurance policies entitled them. WAC § 284-30-320(1) (defining "actual cash value" as "the fair market value of the loss vehicle immediately prior to the loss"); *Nat'l Fire Ins. Co. of Hartford v. Solomon*, 638 P.2d 1259, 1264 (Wash. 1982) ("actual cash value" is "synonymous with 'fair market value'"); *DePhelps v. Safeco Ins. Co. of Am.*, 65 P.3d 1234, 1240 (Wash. Ct. App. 2003) (fair market value "is that which an informed buyer would willingly pay and an informed seller would accept").

It is undisputed that neither Plaintiff has proffered evidence establishing the actual cash value of his vehicle at the time of loss. Nor have they proffered any evidence they received less than the actual cash value to which their insurance policies entitled them. Under *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), State Farm is entitled to summary judgment based on Plaintiffs' failure to proffer evidence on this critical element of their claims.

Accordingly, Defendants respectfully request that this Court grant summary judgment in their favor on all claims asserted by Plaintiffs and the certified classes.

**Second**, Defendants seek summary judgment on the claims of members of the certified classes represented by Mr. Kelley and Mr. Jama that are outside the <u>contractual</u> limitations periods, as follows:

- State Farm Mutual moves for summary judgment on the breach of contract claims in Count I of the *Ngethpharat* First Amended Complaint alleged by class members who experienced an accident or loss before March 25, 2019; and

- State Farm Fire moves for summary judgment on the breach of contract and

**WHEELER TRIGG O'DONNELL LLP**
211 N. Broadway, Suite 2825
St. Louis, MO 63102
P: 314-326-4129

breach of implied covenant of good faith and fair dealing claims in Counts One and Four of the *Jama* Complaint alleged by class members who experienced an accident or loss before March 10, 2019.

Each insurance policy sold during the class period contains an identical provision governing "Legal Action Against Us." That provision ("Legal Action Clause") requires the policyholder to bring any legal action against Defendants related to Physical Damages Coverage, including total-loss claims, within one year of the accident or loss. Washington courts have enforced similar clauses for nearly a century, and a Washington statute specifically allows them. RCW 48.18.200(1)(c).

Plaintiff Anysa Ngethpharat filed her Complaint on March 25, 2020. Any Kelley class member who experienced an accident or loss before March 25, 2019, one year before she filed the Complaint, did not comply with the one-year limitations period contained in the Legal Action Clause. The Court should enter summary judgment in favor of State Farm Mutual on the breach of contract claims of Kelley class members who experienced an accident or loss before March 25, 2019.

Plaintiff Faysal A. Jama filed his Complaint on March 10, 2020. Any Jama class member who experienced an accident or loss before March 10, 2019, one year before he filed the Complaint, did not comply with the one-year limitations period contained in the Legal Action Clause. The Court should enter summary judgment in favor of State Farm Fire on the breach of contract and breach of implied covenant of good faith and fair dealing claims of Jama class members who experienced an accident or loss before March 10, 2019.

**Third**, Defendants seek summary judgment on the claims of members of the certified classes represented by Mr. Kelley and Mr. Jama that are outside the statutory limitations periods, as follows:

- State Farm Mutual moves for summary judgment on the Consumer Protection Act claims in Count II of the *Ngethpharat* First Amended Complaint with respect to class members who received payment from State Farm on their total

loss claims before March 25, 2016;

- State Farm Fire moves for summary judgment on the bad faith claims in Count Three of the *Jama* Complaint with respect to class members who received payment from State Farm on their total loss claims before March 10, 2017; and

- State Farm Fire moves for summary judgment on the Consumer Protection Act claims in Count Five of the *Jama* Complaint with respect to class members who received payment from State Farm on their total loss claims before March 10, 2016.

Class members' Consumer Protection Act claims are subject to a four-year limitations period under Washington law. The Court should enter summary judgment in favor of State Farm Mutual on the Consumer Protection Act claims in Count II of the *Ngethpharat* First Amended Complaint with respect to Kelley class members who received payment from State Farm Mutual on their total loss claims before March 25, 2016. The Court should enter summary judgment in favor of State Farm Fire on the Consumer Protection Act claims in Count Five of the *Jama* Complaint for Jama class members who received payment from State Farm on their total loss claims before March 10, 2016.

The Jama class members' bad faith claims are subject to a three-year limitations period under Washington law. The Court should enter summary judgment in favor of State Farm Fire on the bad faith claims in Count Three of the *Jama* Complaint with respect to Jama class members who received payment from State Farm on their total loss claims before March 10, 2017.

## UNDISPUTED MATERIAL FACTS

### A.    Plaintiffs Have Proffered No Evidence of "Actual Cash Value."

Plaintiffs had insurance policies with State Farm. Under Plaintiffs' insurance policies, State Farm is obligated to pay the "actual cash value" of Plaintiffs' totaled vehicles in the event of a total loss. (Decl. of Eric Robertson ("Robertson Decl."), Ex. A at 31.) State Farm calculated the "actual cash value" of Plaintiff Kelley's totaled vehicle using Autosource, a

**WHEELER TRIGG O'DONNELL LLP**
211 N. Broadway, Suite 2825
St. Louis, MO 63102
P: 314-326-4129

third-party software that values vehicles based on comparable vehicles found in the local market area. (Robertson Decl., Ex. B.) Autosource determined that the "actual cash value" of Plaintiff Kelley's vehicle was $54,056, based on a comparable vehicle advertised for sale in the local market area, adjusted for mileage, options, and typical negotiation. (Robertson Decl., Ex. B at KELLEY_0002-06.) State Farm promptly paid Plaintiff Kelley the "actual cash value" as determined by Autosource, as well as taxes and fees. (Robertson Decl., Ex. C at SF_N_ID_00899-900; Robertson Decl., Ex. D at SF_N_ID_00886-00887.) Plaintiff Kelley cashed the check and used the proceeds to buy a replacement vehicle. (Robertson Decl., Ex. E at KELLEY_0026-29; Robertson Decl., & Ex. F, Kelley Dep. 76:1-77:17.)

State Farm calculated the "actual cash value" of Plaintiff Jama's totaled vehicle using Autosource, a third-party software that values vehicles based on comparable vehicles found in the local market area. (Robertson Decl., Ex. G.) Autosource determined that the "actual cash value" of Plaintiff Jama's vehicle was $6,939, based on comparable vehicles advertised for sale in the local market area, adjusted for mileage, options, condition, and typical negotiation. (Robertson Decl., Ex. G at JAMA000003-8.) State Farm promptly paid Plaintiff Jama the "actual cash value" as determined by Autosource, as well as taxes and fees. (Robertson Decl., Ex. H at SF_J_ID_000258-262.) Plaintiff Jama cashed the check. (Ex. I, Jama Dep. 40:7-10.)

Later, Plaintiffs sued State Farm, alleging that State Farm's total loss claims handling and settlement practices violated WAC 391. (*Ngethpharat*, Dkt. No. 5, ¶ 1.14; *Jama*, Dkt. No. 1-3, ¶¶ 5.30-5.32.) Plaintiffs bring no claim for an alleged violation of Washington's insurance regulations. Instead, Plaintiff Kelley brings claims for breach of contract, violation of the Washington Consumer Protection Act, and for declaratory relief. (*Ngethpharat*, Dkt. No. 5, ¶¶ 6.3, 7.2, 8.1-8.3; *see also Ngethpharat*, Dkt. No. 49 at 16 (dismissing claim for injunctive relief).) Plaintiff Jama brings identical claims, as well as standalone claims for common law bad faith and breach of the implied covenant of good faith and fair dealing. (*Jama*, Dkt. No. 1-3, ¶¶ 6.7, 6.14-17, 6.18, 6.22-24, 6.26-29; *see also Jama*, Dkt. No. 29 at 16 (dismissing claims for violation of WAC 391 and for injunctive relief).) Plaintiffs have proffered no evidence

WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
P: 314-326-4129

1   regarding the "actual cash value" of their totaled vehicles at the time of loss. Without evidence

2   of the "actual cash value" of their vehicles, Plaintiffs are unable to proffer any evidence that

3   they were paid less than "actual cash value."

**B.      A Significant Portion of the Kelley and Jama Classes Are Time-Barred**.

5   Plaintiff Anysa Ngethpharat filed her Complaint on March 25, 2020. (*Ngethpharat*, Dkt.

6   No. 1.) In Count I, Ms. Ngethpharat alleges that State Farm breached her insurance policy by

7   failing to properly adjust and pay her total loss claim. (*Id.*, Count I.) On April 16, 2020,

8   Plaintiffs Anysa Ngethpharat and James Kelley filed a First Amended Complaint.

9   (*Ngethpharat*, Dkt. No. 5.) In Count I, they allege that State Farm Mutual breached their

10  insurance policies by failing to properly adjust and pay their total loss claims. (*Id.*, Count I.) In

11  Count II, they allege that State Farm Mutual violated the Washington Consumer Protection Act

12  because State Farm Mutual based its payments of actual cash value on a negotiation deduction

13  that is not "verifiable," not based on "verifiable" sales or sales within 150 miles and 90 days of

14  the loss, and not based upon "comparable motor vehicles" as required by Section 391. (*Id.*,

15  Count II.)

16  On November 30, 2020, State Farm Mutual filed its Answer and Affirmative Defenses.

17  (*Ngethpharat*, Dkt. No. 56.) Affirmative Defense No. 16 states:

18
19          Plaintiffs' claims, and the claims of members of the putative
            class, may be barred, in whole or in part, by applicable statutes of
            limitations or repose and/or the time limitation on suit in the
20          insurance policy.

21  (*Id.* at 13.)

22  On July 1, 2021, the Court certified a class with Plaintiff Kelley as the Class

23  Representative. (*Ngethpharat*, Dkt. No. 136 at 27.) The Court excluded from the Class all

24  claims for accidents with dates of loss occurring before March 25, 2014. (*Id.*)

25  Plaintiffs allege that members of the class entered into contracts with State Farm Mutual

26  that were "identical" in all material respects. (*Ngethpharat*, Dkt. No. 5 ¶ 6.2.) This Court found

that the class members "have the same policies from State Farm." (*Ngethpharat*, Dkt. No. 136

Defs.' Mot. for Summ. J. – 6
Case No. 2:20-cv-00454-MJP

**WHEELER TRIGG O'DONNELL LLP**
211 N. Broadway, Suite 2825
St. Louis, MO 63102
P: 314-326-4129

at 25.) In fact, all State Farm Mutual automobile insurance policies sold in Washington during the class period include an identical Legal Action Clause. (Declaration of Kevin Nicklas ("Nicklas Decl."), ¶ 5.) The Legal Action Clause states:

> Legal action may not be brought against us until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against *us* regarding: … Physical Damage Coverages if the legal action relating to these coverages is brought against *us* within one year immediately following the date of the accident or *loss*.

(*Id.* ¶ 5 & Ex. A at 42-43.) Insurance claims for physical damage to a vehicle such as the total loss of a vehicle are claims for Physical Damage Coverage. (*Id.* ¶ 6.)

Plaintiff Faysal A. Jama filed his Complaint on March 10, 2020. (*Jama*, Dkt. No. 1-3.) In Count One, Plaintiff Jama alleges that State Farm Fire breached his insurance policy and the implied covenant of good faith and fair dealing by failing to properly adjust and pay his total loss claim. (*Id.*, Count One.) In Count Three, he alleges a common law bad faith claim regarding State Farm Fire's adjustment of his claim. (*Id.*, Count Three.) In Count Four, he alleges a duplicative claim that State Farm Fire breached the implied covenant of good faith and fair dealing implied into his insurance policy by failing to properly adjust and pay his total loss claim. (*Id.*, Count Four; *see also id.* ¶ 6.7.) In Count Five, he alleges that State Farm Fire violated the Washington Consumer Protection Act. (*Id.*, Count Five.)

On November 30, 2020, State Farm Fire filed its Answer and Affirmative Defenses. (*Jama*, Dkt. No. 33.) Affirmative Defense No. 16 states:

> Plaintiffs' claims, and the claims of members of the putative class, may be barred, in whole or in part, by applicable statutes of limitations or repose and/or the time limitation on suit in the insurance policy.

(*Id.* at 16.)

On July 1, 2021, the Court certified two classes with Plaintiff Jama as the Class Representative. (*Jama*, Dkt. No. 109 at 30.) Plaintiff alleges that members of the classes entered into contracts with State Farm Fire that were "identical" in all material respects. (*Jama*,

Dkt. No. 1-3 ¶ 6.2.) This Court found that the class members "have the same policies from State Farm." (*Jama*, Dkt. No. 109 at 28.) In fact, all State Farm Fire automobile insurance policies sold in Washington since March 10, 2014, include an identical Legal Action Clause. (Nicklas Decl., ¶ 5.) The Legal Action Clause states:

> Legal action may not be brought against us until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against ***us*** regarding: … Physical Damage Coverages if the legal action relating to these coverages is brought against ***us*** within one year immediately following the date of the accident or ***loss***.

(*Id.* ¶ 5 & Ex. A at 42-43.) Insurance claims for physical damage to a vehicle such as the total loss of a vehicle are claims for Physical Damage Coverage. (*Id.* ¶ 6.)

## LEGAL STANDARD

Summary judgment is appropriate if the evidence viewed in the light most favorable to the nonmoving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp.*, 477 U.S. at 322; *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1177 (9th Cir. 2016). A fact is "material" if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248-49).

The moving party bears the initial burden of showing there is no genuine dispute of material fact and that it is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party does not bear the ultimate burden of persuasion at trial, it can show the absence of such a dispute in two ways: (i) by producing evidence negating an essential element of the nonmoving party's case, or (ii) by showing that the nonmoving party lacks evidence of an essential element of its claim or defense. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000). If the moving party meets its burden of production, the burden then shifts to the nonmoving party to identify specific facts from which a factfinder could

**WHEELER TRIGG O'DONNELL LLP**
211 N. Broadway, Suite 2825
St. Louis, MO 63102
P: 314-326-4129

reasonably find in the nonmoving party's favor. *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 250.

<u>**ARGUMENT**</u>

**I.     THE COURT SHOULD GRANT SUMMARY JUDGMENT IN DEFENDANTS' FAVOR AND AGAINST PLAINTIFFS KELLEY AND JAMA AND ALL MEMBERS OF THE CERTIFIED CLASSES.**

**A.     Plaintiffs' Claims All Require Proof That They Were Paid Less Than "Actual Cash Value."**

Plaintiffs' claims are all premised on alleged violations of WAC 391. (*See Ngethpharat*, Dkt. No. 5, ¶ 1.14; *Jama*, Dkt. No. 1-3, ¶¶ 5.30-5.32.) Under WAC 391, if an agreed value is not reached, an insurer must replace the total loss vehicle or pay its "actual cash value." WAC § 284-30-391(2). "Actual cash value" is defined as "the fair market value of the loss vehicle immediately prior to the loss." WAC § 284-30-320(1); *see also Nat'l Fire Ins. Co. of Hartford*, 638 P.2d at 1263 ("actual cash value" is "synonymous with 'fair market value'"); *DePhelps*, 65 P.3d at 1240 (fair market value "is that which an informed buyer would willingly pay and an informed seller would accept"); *accord, e.g.*, *Merchant v. Peterson*, 690 P.2d 1192, 1194 (Wash. Ct. App. 1984) ("[F]air market value has been generally defined as the value for which the property could have been sold in the course of a voluntary sale between a willing buyer and a willing seller, taking into account the use to which the property is adapted or could reasonably be adopted.").

Plaintiffs did not plead a violation of Washington's insurance regulations because they create no private right of action. *Pain Diagnostics & Rehab. Assocs., P.S.*, 988 P.2d at 975-76. Only Washington insurance regulators may police pure regulatory violations. Wash. Rev. Code § 48.30.010(5)-(6). That left Plaintiffs to pursue contract, consumer protection, and tort claims. Plaintiff Kelley sued for breach of contract, violation of the Washington Consumer Protection Act, and for declaratory relief. (*Ngethpharat*, Dkt. No. 5, ¶¶ 6.3, 7.2, 8.1-8.3; *see also Ngethpharat*, Dkt. No. 49 at 16 (dismissing claim for injunctive relief).) Plaintiff Jama brought identical claims, as well as standalone claims for common law bad faith and breach of the

1    implied covenant of good faith and fair dealing. (*Jama*, Dkt. No. 1-3, ¶¶ 6.7, 6.14-17, 6.18,

2    6.22-24, 6.26-29; *see also Jama*, Dkt. No. 29 at 16 (dismissing claims for violation of WAC

3    391 and for injunctive relief).)

4        Under Washington law, an essential element of all Plaintiffs' claims is actual injury.

5    *Baldwin v. Silver*, 269 P.3d 284, 289 (Wash. Ct. App. 2011) (contract); *Hangman Ridge*

6    *Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 539 (Wash. 1986) (consumer

7    protection); *Hesketh v. Total Renal Care, Inc.*, No. C20-1733JLR, 2021 WL 5761610, at *7

8    (W.D. Wash. Dec. 3, 2021) (good faith and fair dealing); *Safeco Ins. Co. of Am. v. Butler*, 823

9    P.2d 499, 503 (Wash. 1992) (bad faith); *Magassa v. Wolf*, 487 F. Supp. 3d 994, 1010 (W.D.

10   Wash. 2020) (declaratory judgment).

11       Plaintiffs must also prove actual injury as a component of Article III standing. In

12   *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), the Supreme Court held that all class

13   members must have Article III standing to recover damages and cannot satisfy that requirement

14   by proving a mere "injury in law"—a bare regulatory violation, without any showing that they

15   "have been concretely harmed by" the violation. *Id.* at 2205. To sue in federal court, then,

16   plaintiffs must do more than prove a regulatory violation—they also must show that the alleged

17   regulatory violation caused a sufficiently "concrete" injury in fact. *Id.* at 2204-05. Class actions

18   are no exception, as "Article III does not give federal courts the power to order relief to any

19   uninjured plaintiff, class action or not." *Id.* at 2208 (citing *Tyson Foods, Inc. v. Bouaphakeo*,

20   577 U.S. 442, 466 (2016) (Roberts, C.J., concurring)). The Supreme Court relied on those

21   principles to reverse an order certifying a class of thousands of people who had been falsely

22   listed by a credit reporting bureau as potential terrorists, in violation of a federal statute, but

23   whose credit reports had never been shared with third parties. *Id.* at 2201-02, 2214. Because

24   those class members could not prove any concrete injury resulting from the legal violation they

25   identified, they had suffered only an "injury in law," not an "injury in fact," and therefore

26   lacked Article III standing. *Id.* at 2205, 2212-13.

         Here, Plaintiffs have asserted a mere "injury in law"—namely, that Defendants

WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
P: 314-326-4129

allegedly violated Washington insurance regulations by applying negotiation and condition adjustments in valuing policyholders' totaled vehicles. But to prevail on their claims as a matter of Washington law and to continue their action in federal court under Article III, Plaintiffs must proffer evidence that the alleged regulatory violations of WAC 391 caused them concrete harm—i.e., evidence that Plaintiffs and the class were *actually underpaid*, meaning they received less than the "actual cash value" to which they were contractually entitled. Without such evidence, Plaintiffs' claims necessarily fail as a matter of Washington law, and their claims cannot continue in federal court because of a lack of Article III standing.

**B.   Summary Judgment in Defendants' Favor Is Proper Because Plaintiffs Have Offered No Evidence that They Were Paid Less than "Actual Cash Value."**

It is undisputed that Plaintiffs have proffered no evidence of the actual cash value of their vehicles at the time of loss. As a result, they likewise have no evidence that Defendants' alleged violations of WAC 391 resulted in their receiving less than the actual cash value to which their insurance policies entitled them. This entitles Defendants to summary judgment. *See McGrath v. Liberty Mut. Fire Ins. Co.*, 836 F. App'x 551, 552 (9th Cir. 2020); *Esparza v. Allstate Fire & Cas. Ins. Co.*, No. C21-5130-MLP, 2021 WL 4893429, at *5 (W.D. Wash. Oct. 19, 2021).

Plaintiffs' predictable response to this undisputed fact is that they don't have to prove concrete harm. In their view, proving a violation of Washington's regulatory scheme is sufficient. (*See, e.g.*, *Ngethpharat*, Dkt. No. 97 at 9-10; *Ngethpharat*, Dkt. No. 120 at 10.) But that argument is directly contrary to Washington law, which requires proof of actual harm as an essential element of all of their claims. *See Baldwin*, 269 P.3d at 289 (contract); *Hangman Ridge Training Stables, Inc.*, 719 P.2d at 539 (consumer protection); *Hesketh*, 2021 WL 5761610, at *7 (good faith and fair dealing); *Safeco Ins. Co.*, 823 P.2d at 503 (bad faith); *Magassa*, 487 F. Supp. 3d at 1010 (declaratory judgment). More fundamentally, that argument also directly contradicts *TransUnion*, which requires proof of "concrete harm" even in the context of a regulatory or statutory violation. In that case, the Supreme Court made clear that

WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
P: 314-326-4129

proving a mere regulatory violation was insufficient to establish Article III injury. 141 S. Ct. at 2205. Instead, a federal plaintiff must come forward with evidentiary proof that the regulatory violation caused them concrete harm. *Id.* at 2205, 2212-13.

This argument is even more persuasive when one considers Washington's broader regulatory scheme. Washington law recognizes that if a policyholder and an insurer cannot agree on how to settle a total-loss claim, either "may invoke the appraisal provision of the policy to resolve disputes concerning the actual cash value." WAC 391(3). As the Ninth Circuit has explained, even where a policyholder claims that the insurer has used "an improper valuation method," "it is impossible to know whether [the policyholder's] claim *in fact was undervalued*" for breach of contract and other state law claims "[u]ntil an appraisal is completed." *Enger v. Allstate Ins. Co.*, 407 F. App'x 191, 193 (9th Cir. 2010) (per curiam) (emphasis added). Appraisal "provide[s] a plain, inexpensive and speedy" way to resolve a policyholder's loss, if any. *Keesling v. W. Fire Ins. Co.*, 520 P.2d 622, 625 (Wash. Ct. App. 1974).

Plaintiffs here cannot rest on evidence that Defendants violated WAC 391, with injury presumed. They must proffer evidence of *actual underpayment*—i.e., the difference between the "actual cash value" of their totaled vehicles at the time of loss and what they were paid. Without such evidence, Plaintiffs lack Article III standing, and their claims necessarily fail as a matter of law. *See McGrath*, 836 F. App'x at 552; *Esparza*, 2021 WL 4893429, at *3, 5; *see also Uddoh v. Selective Ins. Co. of Am.*, No. 13-2719 (SRC), 2018 WL 2127733, at *1, 3 (D.N.J. May 8, 2018) (granting summary judgment, in part, because the plaintiff's recovery was limited to the actual cash value of covered damages and the plaintiff had no evidence of the actual cash value); *Sioux City Foundry Co. v. Affiliated FM Ins. Co.*, No. C20-4030-LTS, 2022 WL 45065, at *9 (N.D. Iowa Jan. 5, 2022) (granting summary judgment based on the plaintiff's failure to proffer any evidence of the actual cash value).

The Court should grant summary judgment in favor of Defendants on all claims brought by Plaintiffs Kelley and Jama, individually, and on behalf of the certified classes.

Defs.' Mot. for Summ. J. – 12
Case No. 2:20-cv-00454-MJP

**WHEELER TRIGG O'DONNELL LLP**
211 N. Broadway, Suite 2825
St. Louis, MO 63102
P: 314-326-4129

1
2

## II.   THE COURT SHOULD GRANT SUMMARY JUDGMENT IN DEFENDANTS' FAVOR AND AGAINST A PORTION OF THE KELLEY AND JAMA CLASSES ON CONTRACTUAL LIMITATIONS GROUNDS.

3
4

### A.   The Legal Action Clause Precludes Certain Kelley and Jama Class Members' Breach of Contract Claims.

5

6

7

8

9

10

11

12

13

14

15

The Legal Action Clause, which is contained in every Washington insurance policy within the class definition, states that legal action regarding Physical Damage Coverages cannot be brought against Defendants more than one year following the date of the accident or loss. (Nicklas Decl. ¶ 5 & Ex. A at 42-43; *Ngethpharat*, Dkt. No. 136 at 27.) The earliest possible date by which a legal action was brought for Kelley class members is March 25, 2020, the date on which Plaintiff Ngethpharat filed her complaint. (*Ngethpharat*, Dkt. No. 1.) This Court used that date to exclude from the Kelley class those who made claims for accidents with dates of loss occurring before March 25, 2014, because such claims would be outside the statute of limitations for contract claims. (*Ngethpharat*, Dkt. No. 136 at 27.) The earliest possible date by which a legal action was brought for Jama class members is March 10, 2020, the date on which Plaintiff Jama filed his Complaint. (*Jama*, Dkt. No. 1-3.)

16

17

18

19

20

The Legal Action Clause bars Kelley class members who experienced an accident or loss before March 25, 2019, from bringing any claims for breach of contract. And for the same reasons the Legal Action Clause bars the claims of certain Kelley class members, it bars the Jama class members who experienced an accident or loss before March 10, 2019, from bringing the contract claims in Counts One and Four of the *Jama* Complaint.

21

22

23

24

25

26

Under Washington law, "insurance companies have the opportunity to limit their exposure by including express suit limitations provisions that comply with RCW 48.18.200(1)(c)." *Schwindt v. Commonwealth Ins. Co.*, 997 P.2d 353, 359 (Wash. 2000). Washington courts have upheld the validity of suit limitation clauses for nearly a century. *Hefner v. Great Am. Ins. Co.*, 218 P. 206, 206 (Wash. 1923) ("We have uniformly held that a clause in such a contract fixing a limitation of the time in which suit is sustainable is a valid one"); *accord, e.g.*, *Johnson v. Phoenix Assur. Co. of N. Y.*, 425 P.2d 1, 2-3 (Wash. 1967);

WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
P: 314-326-4129

*Wothers v. Farmers Ins. Co. of Wash.*, 5 P.3d 719, 721 (Wash. Ct. App. 2000); *Ashburn v. Safeco Ins. Co. of Am.*, 713 P.2d 742, 743 (Wash. Ct. App. 1986); *Equity Funding LLC v. Ill. Union Ins. Co.*, 2013 WL 1012396, at *4 (W.D. Wash. Mar. 14, 2013); *Keith v. CUNA Mut. Ins. Agency, Inc.*, 2009 WL 1793675, at *4 (W.D. Wash. June 23, 2009). RCW 48.18.200(1)(c), which governs the validity of suit limitation clauses in insurance policies, authorizes limitation clauses if they are not for "a period of less than one year from the date of the loss." *Id.* State Farm's Legal Action Clause meets the requirements of RCW 48.18.200(1)(c). *Johnson*, 425 P.2d at 2-3 ("One day less than a year would be contrary to the statute, but having an entire year to commence an action under the policy is in conformance with RCW 48.18.200, therefore, the limitation provision in question is valid.").

The Washington Court of Appeals' decision in *Simms v. Allstate Ins. Co.*, 621 P.2d 155, 158 (Wash. Ct. App. 1980), is instructive. There, the insurance policy stated that suit must be "commenced within the twelve months next after inception of the loss." *Id.* at 873. The court rejected the insured's argument that the limitation period was invalid or against public policy. *Id.* at 874. The court also rejected the argument that the insurance company must show it was prejudiced by the failure to file suit within the applicable period. *Id.* at 877. The court affirmed dismissal of the breach of contract claim because "the limitation period began to run on the date the loss occurred," which was more than one year before the suit was filed. *Id.* at 875.

Similarly, in *Ashburn*, the insurance policy required suit to be "commenced within twelve months next after the inception of the loss." *Ashburn*, 713 P.2d at 743. The insured contended that the clause was void because it conflicted with the six-year statute of limitations for contracts, but the court rejected the argument, finding the clause was not contrary to a statute or public policy. *Id.* at 744-45. The court affirmed the trial court's grant of summary judgment in favor of the insurer because the insureds "did not bring suit within the 1-year time period specified in the insurance contract." *Id.* at 746.

The same is true here. The one-year limitation in the Legal Action Clause bars the contract claims of Kelley class members who experienced an accident or loss before March 25,

Defs.' Mot. for Summ. J. – 14
Case No. 2:20-cv-00454-MJP

**WHEELER TRIGG O'DONNELL LLP**
211 N. Broadway, Suite 2825
St. Louis, MO 63102
P: 314-326-4129

2019, and it bars the Jama class members who experienced an accident or loss before March 10, 2019, from bringing the contract claims in Counts One and Four of the *Jama* Complaint. *See, e.g.*, *Johnson*, 425 P.2d at 2-3; *Hefner*, 218 P. at 206; *Wothers*, 5 P.3d at 721; *Ashburn*, 713 P.2d at 743; *Simms*, 621 P.2d at 158; *Equity Funding*, 2013 WL 1012396, at *4; *Keith*, 2009 WL 1793675, at *4. The Court should enter summary judgment in State Farm Mutual's favor on the contract claims of Kelley class members who experienced an accident or loss before March 25, 2019, and it should enter summary judgment in State Farm Fire's favor on the contract claims in Counts One and Four of the Complaint of Jama class members who experienced an accident or loss before March 10, 2019.

> **B.     The Class Representatives' Facts Cannot Be Used to Avoid Summary Judgment Against Time-Barred Class Members.**

As explained, Kelley class members who experienced an accident or loss before March 25, 2019, and Jama class members who experienced an accident or loss before March 10, 2019, cannot prevail individually on their breach of contract claims because the Legal Action Clause bars the claims as a matter of law. Although Mr. Kelley's and Mr. Jama's contract claims were timely filed within a year of the accident and loss, that fact doesn't save the claims of class members whose contract claims are outside the limitations period. The Rules Enabling Act precludes a policyholder from recovering as a class member what she could not recover as an individual. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011) (Rules Enabling Act "forbids interpreting Rule 23 to 'abridge, enlarge or modify any substantive right'") (quoting 28 U.S.C. § 2072(b)); *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 408, (2010) ("A class action, no less than traditional joinder (of which it is a species), merely enables a federal court to adjudicate claims of multiple parties at once, instead of in separate suits. And like traditional joinder, it leaves the parties' legal rights and duties intact and the rules of decision unchanged"); *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 345 (4th Cir. 1998) ("It is axiomatic that the procedural device of Rule 23 cannot be allowed to expand the substance of the claims of class members.").

**WHEELER TRIGG O'DONNELL LLP**
211 N. Broadway, Suite 2825
St. Louis, MO 63102
P: 314-326-4129

III.   **THE COURT SHOULD GRANT SUMMARY JUDGMENT IN DEFENDANTS' FAVOR AND AGAINST PORTIONS OF THE KELLEY AND JAMA CLASSES ON STATUTE OF LIMITATIONS GROUNDS.**

A.   **The Court Should Grant Summary Judgment in State Farm Mutual's Favor on the Consumer Protection Act Claims of Kelley Class Members Who Received Payment Before March 25, 2016.**

The statute of limitations for a Consumer Protection Act claim is four years. *Berkshire Hathaway Homestate Ins. Co. v. SQI, Inc.*, 132 F. Supp. 3d 1275, 1298 (W.D. Wash. 2015); RCW 19.86.120. The period begins "to run, at the latest, when the putative insured settles with the underlying claimant." *Berkshire Hathaway Homestate*, 132 F. Supp. 3d at 1298. The statute of limitations therefore bars the Consumer Protection Act claims in Count II alleged by Kelley class members who received payment from State Farm Mutual on their total loss claims before March 25, 2016. The Court should enter summary judgment in State Farm Mutual's favor on these class members' claims.

B.   **The Court Should Grant Summary Judgment in State Farm Fire's Favor on the Bad Faith Claims of Jama Class Members Who Received Payment Before March 10, 2017.**

"Under Washington law, a cause of action for insurance bad faith has a three-year statute of limitations." *Berkshire Hathaway Homestate Ins. Co. v. SQI, Inc.*, 132 F. Supp. 3d 1275, 1298 (W.D. Wash. 2015) (citations omitted); *Dees v. Allstate Ins. Co.*, 933 F. Supp. 2d 1299, 1306 (W.D. Wash. 2013). The period begins "to run, at the latest, when the putative insured settles with the underlying claimant." *Berkshire Hathaway Homestate*, 132 F. Supp. 3d at 1298. The earliest possible date by which a legal action was brought in this case is March 10, 2020, the date on which Plaintiff Jama filed his Complaint. (*Jama*, Dkt. No. 1-3.) The statute of limitations therefore bars the bad faith claims in Count Three alleged by Jama class members who received payment from State Farm Fire on their total loss claims before March 10, 2017. The Court should enter summary judgment in State Farm Fire's favor on these class members' claims.

**WHEELER TRIGG O'DONNELL LLP**
211 N. Broadway, Suite 2825
St. Louis, MO 63102
P: 314-326-4129

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**C.**     **The Court Should Grant Summary Judgment in State Farm Fire's Favor on the Consumer Protection Act Claims of Class Members Who Received Payment Before March 10, 2016.**

The statute of limitations for a Consumer Protection Act claim is four years. *Berkshire Hathaway Homestate*, 132 F. Supp. 3d at 1298; RCW 19.86.120. The period begins "to run, at the latest, when the putative insured settles with the underlying claimant." *Berkshire Hathaway Homestate*, 132 F. Supp. 3d at 1298. The statute of limitations therefore bars the Consumer Protection Act claims in Count Five alleged by Jama class members who received payment from State Farm Fire on their total loss claims before March 10, 2016. The Court should enter summary judgment in State Farm Fire's favor on these class members' claims.

## <u>CONCLUSION</u>

For these reasons, Defendants respectfully ask the Court to enter summary judgment in Defendants' favor, as follows:

1.     Enter summary judgment in favor of Defendants and against Plaintiffs James Kelley and Faysal Jama, as well the certified classes they represent, on all claims because Plaintiffs have failed to proffer any evidence that they have suffered an injury in fact resulting from State Farm's alleged violation of WAC 391.

2.     Enter summary judgment in favor of Defendant State Farm Mutual on the breach of contract claims in Count I of the *Ngethpharat* First Amended Complaint alleged by all Kelley class members who experienced an accident or loss before March 25, 2019, because the claims are barred by the Legal Action Clause.

3.     Enter summary judgment in favor of Defendant State Farm Fire on the breach of contract and breach of implied covenant of good faith and fair dealing claims in Counts One and Four of the *Jama* Complaint alleged by all Jama class members who experienced an accident or loss before March 10, 2019, because the claims are barred by the Legal Action Clause.

4.     Enter summary judgment in favor of Defendant State Farm Mutual on the Consumer Protection Act claims in Count II of the *Ngethpharat* First Amended Complaint

alleged by all Kelley class members who received payment from State Farm Mutual on their total loss claims before March 25, 2016, because the claims are barred by the applicable statute of limitations.

5. Enter summary judgment in favor of Defendant State Farm Fire on the bad faith claims in Count Three of the *Jama* Complaint alleged by all Jama class members who received payment from State Farm Fire on their total loss claims before March 10, 2017, because the claims are barred by the applicable statute of limitations.

6. Enter summary judgment in favor of Defendant State Farm Fire on the Consumer Protection Act claims in Count Five of the *Jama* Complaint alleged by all Jama class members who received payment from State Farm Fire on their total loss claims before March 10, 2016, because the claims are barred by the applicable statute of limitations.

Defs.' Mot. for Summ. J. – 18
Case No. 2:20-cv-00454-MJP

**WHEELER TRIGG O'DONNELL LLP**
211 N. Broadway, Suite 2825
St. Louis, MO 63102
P: 314-326-4129

1

2   Dated: February 10, 2022                    Respectfully submitted,

3                                               *s/ Peter W. Herzog III*

4                                               Peter W. Herzog III (*pro hac vice*)
                                                Wheeler Trigg O'Donnell LLP
5                                               211 N. Broadway, Suite 2825
                                                St. Louis, Missouri 63102
6                                               Phone:    314.326.4128
                                                Fax:      303.244.1879
7                                               Email:    pherzog@wtotrial.com

8                                               Eric L. Robertson (*pro hac vice*)
                                                Wheeler Trigg O'Donnell LLP
9                                               370 17th Street, Suite 4500
                                                Denver, Colorado  80202-5647
10                                              Phone:    303.244.1842
                                                Fax:      303.244.1879
11                                              Email:    robertson@wtotrial.com

12

13                                              *s/ Matthew Munson*

14                                              Joseph D. Hampton, WSBA #15297
                                                Matthew Munson, WSBA #32019
15                                              Betts, Patterson & Mines, P.S.
                                                One Convention Place
16                                              701 Pike Street, Suite 1400
                                                Seattle, WA 98101-3927
17                                              Phone:    206.292.9988
                                                Fax:      206.343.7053
18                                              Email:    jhampton@bpmlaw.com
                                                          mmunson@bpmlaw.com
19

20                                              *Attorneys for Defendants*

21

22

23

24

25

26

Defs.' Mot. for Summ. J. – 19
Case No. 2:20-cv-00454-MJP

**WHEELER TRIGG O'DONNELL LLP**
211 N. Broadway, Suite 2825
St. Louis, MO 63102
P: 314-326-4129

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**<u>CERTIFICATE OF SERVICE (CM/ECF)</u>**

I certify that on February 10, 2022, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Matthew Munson*