UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANYSA NGETHPHARAT, individually, and JAMES KELLEY, individually and on behalf of those similarly situated,

Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ,

Defendant.

CASE NO. C20-454 MJP

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT AND MOTION TO DECERTIFY

FAYSAL JAMA, individually and on behalf of those similarly situated,

Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

This matter comes before the Court on the Parties' Cross-Motions for Summary Judgment (Dkt. Nos. 185, 188) and Defendants' Motion to Decertify Classes (Dkt. No. 189). Having reviewed the Motions, the Oppositions (Dkt. Nos. 191, 195, 202), the Replies (Dkt. Nos. 196, 198, 207), Defendants' Surreply (Dkt. No. 201), the Notice of Supplemental Authority (Dkt. No. 214), and all supporting materials, and having held oral argument on April 21, 2022, the Court GRANTS Defendants' Motion for Summary Judgment in Defendants' favor on all claims, DENIES Plaintiffs' Motion for Summary Judgment as MOOT, GRANTS Defendants' Motion to Decertify, and VACATES the certification of the classes.

## BACKGROUND

Plaintiffs challenge Defendants State Farm Mutual Automobile Insurance Company's and State Farm Fire and Casualty Company's (together, State Farm) methodology for determining the actual cash value (ACV) of an insured's total loss vehicle. Plaintiffs Anysa Ngethpharat and James Kelley attack State Farm's practice of applying a "typical negotiation discount" to the comparable cars used to determine the ACV of an insured's total loss vehicle. Plaintiff Faysal Jama attacks State Farm's practice of applying a "typical negotiation discount" and condition deductions to the comparable cars used to determine the ACV of an insured's total loss vehicle. These deductions appear in reports prepared by a third-party Audatex, which are referred to as "Autosource Reports." Through these consolidated actions, Plaintiffs variously pursue the following claims: breach of contract, violations of the Washington Consumer Protection Act, breach of the implied covenant of good faith and fair dealing, and bad faith.

The Parties now seek summary judgment in their favor and State Farm asks the Court to decertify the classes. Resolution of the pending motions all turn on a recent Ninth Circuit

decision in Lara v. First Nat'l Ins. Co. of Am., 25 F.4th 1134 (9th Cir. 2022), as explained below.

## ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. Id. at 248. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. Anderson, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323-24.

### B. Lara Compels Summary Judgment for State Farm

The Ninth Circuit's decision in Lara makes clear that Plaintiffs have not provided sufficient evidence of injury to sustain their claims and that they lack standing. Before explaining this conclusion, the Court examines its prior orders, the contours of the Lara opinion, and why Lara compels summary judgment in State Farm's favor.

**1. The Court's Earlier Orders**

Before the Lara decision issued, the Court provided several relevant rulings on the sufficiency of Plaintiffs' claims that are worth considering for context.

First, in ruling on State Farm's motions to dismiss, the Court found the regulatory violations Plaintiffs alleged were sufficient to state a claim for breach of contract and a violation of the CPA. (See Order on MTD (Dkt. No. 49); see id. at 3 n.2 (noting that State Farm did not challenge Jama's claims of bad faith and breach of the implied covenant of good faith and fair dealing).) The Court first found that Washington's regulatory claim settlement methodology does not allow a typical negotiation or a negative condition adjustment as alleged in the complaints. (Id. at 10-15.) The Court then explained that to reach the ACV of the total loss vehicle, the insurer must follow the regulatory process and that failure to do so constitutes a breach of contract and a CPA violation. (Id.) The Court rejected State Farm's argument that ACV could be arrived at through some process that does not track the insurance regulations because that conclusion would render the regulations superfluous. (Id. at 10.) The Court did not expressly discuss injury and damages.

Second, the Court evaluated damages and injury in the context of its Order Granting Class Certification. (Order on Class Certification (Dkt. No. 136).) In that order, the Court rejected State Farm's argument that Plaintiffs must prove they received less than the ACV for their vehicle or that this was an individualized process defeating certification. (Id. at 15.) The Court explained that "Plaintiffs do not quibble with the ACV determination in the Autosource Reports except as to the amount deducted for the negotiation discount and related sales tax." (Id.) The Court accepted Plaintiffs' theory that the correct ACV was set out in the Autosource reports if one backed out the "typical negotiation discount" or the negative condition adjustment. (Id.)

Given that conclusion, damages could be shown on a classwide basis by simply showing the amount of the impermissible deductions. In so concluding, the Court distinguished the district court decision in Lara denying class certification (under the name Lundquist) by pointing out that unlike the claims in these consolidated cases, the claims in Lara "required a determination of whether the correct comparable vehicles and condition adjustments were used, which required plaintiffs to 'prove that the dollar amount of a "comparable vehicle" was inappropriate.'" (Id. (quoting Lundquist v. First Nat'l Ins. Co. of Am., No. C18-5301RJB, 2020 WL 6158984, at *2 (W.D. Wash. Oct. 21, 2020)).) The Court concluded that the question of damages was common because the Plaintiffs here "challenge only the legality of the deduction of the typical negotiation discount, not whether the comparable cars or condition adjustments were 'inappropriate.'" (Id.)

**2.    Lara**

The Ninth Circuit's order in Lara undermines Plaintiffs' claims and casts doubt on the Court's ruling on Class Certification. There are several important components in the Lara decision the Court must consider.

First, Lara begins with the premise that "[i]n Washington, the insurer only has to pay the 'actual cash value' of the car—the 'fair market value.'" Lara, 25 F.4th at 1136 (citing WAC 284-30-320(1)). So to show an injury sufficient to sustain a claim for breach of contract or a CPA violation, the plaintiff must demonstrate that they received less than the ACV. The insurer "only owe[s] each putative class member the actual cash value of his or her car, [and] if a putative class member was given that amount or more, then he or she cannot win on the merits." Id. at 1139.

Second, Lara rejects the theory that the plaintiff may show injury merely by proving that the insurer failed to follow Washington's regulatory process for determining ACV. Lara explains that "[a] violation of the regulation isn't a breach . . . [because b]reach of contract requires not

just a violation of the terms of the contract but also an injury." Lara, 25 F.4th at 1139. And the court in Lara reasoned that deductions that deviate from the "prescribed [regulatory] process" do not show an injury. See id. at 1140 (noting that "Plaintiffs essentially ask for a strict liability remedy which is not provided by their causes of action").

Third, Lara explains that simply "calling Defendants' adjustments 'illegal'" is insufficient to demonstrate an injury because even an adjustment that deviates from the regulatory process might still lead to the correct ACV. Lara, 25 F.4th at 1140. The Lara court concluded that because the "causes of action require proof of an injury, . . . the district court was correct to apply the old basketball phrase, no harm, no foul." Id. (quotation omitted).

**3. Lara's Application to Kelley and Jama**

While the Court had previously distinguished the district court decision in Lara, it finds the Ninth Circuit's decision now compels entry of summary judgment in State Farm's favor on Plaintiffs' individual claims. Having considered the arguments and evidence presented (viewed in the light most favorable to Plaintiffs), the Court concludes that Plaintiffs have not identified any evidence that they received less than ACV. As such, they have not identified any injury and therefore lack standing. See Lara, 25 F.4th at 1139-40.

First, as Plaintiffs admit in their briefing, they have never intended to show that they received less than the ACV. Plaintiffs proclaim that they "are not so much alleging that State Farm breached its contract by failing to pay the actual cash value of vehicles deemed a total loss but alleging that State Farm engaged in an improper valuation process by deducting unlawful amounts from what was otherwise (as determined by State Farm) the actual cash value." (Pls. Opp. to Defs' MSJ at 9.) This position is fatal under Lara because Plaintiffs bear the burden of

providing evidence that what State Farm offered is less than the actual ACV for each loss vehicle. 25 F.4th at 1139.

Second, Plaintiffs provide no evidence of what the correct ACV should be for Plaintiffs' and the classes' loss vehicles. Instead, Plaintiffs maintain that the Autosource reports themselves contain the correct ACV if one backs out the deductions. But this asks the Court and fact finder to assume that one portion of an Autosource report got the ACV right, without any evidence as to why this is true. Plaintiffs have not undertaken any separate valuation process or retained an expert to opine on the value of the loss vehicles or why backing out these deductions from the Autosource reports arrives at a correct ACV. Plaintiffs instead argue that "[t]here is no credible rationale for forbidding the Plaintiffs, nor the trial court and factfinder, from relying on the WAC § 284-30-391-compliant portions of the Autosource valuation as evidence of 'actual cash value.'" (Pls. Opp. to Mot. to Decertify at 11.) But the Ninth Circuit in Lara rejected Plaintiffs' position when it found no merit in the theory "that the only possible definition of 'actual cash value' in the regulations is the value given by the prescribed process." Lara, 25 F.4th at 1140. Plaintiffs also suggest that State Farm should be bound to accept that the Autosource report without the deductions correctly shows the ACV. (See Pl. Opp. to Def MSJ at 10 (arguing that State Farm "affirmatively represented" the Autosource reports as setting forth the ACV).) But this is factually inaccurate. State Farm never represented that the correct ACV is the Autosource's valuation minus the deductions. It only represented that the Autosource correctly reported the ACV with the deductions.

The Court also notes that Plaintiff's failure of proof is equally applicable to Plaintiff Ngethpharat's individual claim. Ngethpharat offers no evidence why the Autosource report without a negotiation discount correctly reports the ACV or why the two-dealer quote fails to

show the correct ACV. Nor is Ngethpharat's decision to "dispute" one portion of the first Autosource report's valuation competent evidence that the remaining portion correctly reports the ACV.

Third, Plaintiffs cannot meet their burden to show injury by labeling the deductions "illegal," as Lara makes abundantly clear. Lara, 25 F.4th at 1140 (rejecting the notion that "calling Defendants' adjustments 'illegal'" is proof of injury). The Court had earlier been convinced that Lara was factually distinguishable because the condition adjustment at issue in Lara could have been permitted, while both deductions in Kelley could never be allowed under the insurance regulations. But given the broad pronouncement in Lara that a regulatory violation is not evidence of injury, this distinction loses any persuasive value. Ultimately the deductions in this case and in Lara are both "illegal" and impermissible. As such, the Court is not convinced that it may distinguish Lara based on the nature of the different deductions.

Plaintiffs fail to provide any other cogent basis on which to distinguish Lara. First, Plaintiffs primarily focus on the fact that the Lara class included claims where the individual could have ultimately been paid something more than what was set out on the valuation report. (See Opp. to Mot. to Decertify at 10-11.) But the Ninth Circuit rejected this possible point of distinction. In explaining its decision, the Court considered the example of a "plaintiff whose car was valued using the CCC report with the disputed condition adjustment, and for whom Liberty [the insurer] used CCC's estimate without making any further adjustments." Lara, 25 F.4th at 1139. This is precisely the posture of the case before this Court. And the Lara court stated that "[e]ven for that plaintiff, the district court would have to look into the actual value of the car, to see if there was an injury." This conclusion applies squarely to Plaintiffs' claims here, given that each class member was paid an amount with a valuation that included a disputed adjustment. Per

Lara, Plaintiffs must still prove that the ACV was less than what was offered and paid. Id. Plaintiffs' failure to do so here is fatal.

Second, Plaintiffs make much about the fact that the Ninth Circuit applied an abuse of discretion standard in deciding Lara and that its decision therefore has limited import. But the Court's broad pronouncements on the key legal issue of the necessary injury cannot be ignored merely because it applied an abuse of discretion standard. The opinion makes clear what the injury must be in order to state a claim, not just to obtain class certification.

Lastly, the Court notes that Plaintiffs' failure to show injury and damages is equally fatal to the Jama classes' claims of bad faith and breach of the implied covenant of good faith and fair dealing. Just as with a CPA and breach of contract claim, these two claims require proof of injury and damages. See Smith v. Safeco Ins. Co., 150 Wn. 2d 478, 485 (2003) ("Claims by insureds against their insurers for bad faith are analyzed applying the same principles as any other tort: duty, breach of that duty, and damages proximately caused by any breach of duty."); Rekhter v. State, Dep't of Soc. & Health Servs., 180 Wn. 2d 102, 114, 116 (2014) (noting that "the implied duty of good faith and fair dealing applies when one party has discretion to select the formula or method used to calculate a particular value in the contract," but that the claim cannot be based on breach of a duty imposed by statute). The premise of both claims is that the insureds received less than the ACV—what was owed by contract—which under Lara means the insureds must still show actual damages, not just a regulatory violation. Summary judgment is therefore appropriate as to these claims for the reasons set out above.

**4. Summary Judgment for State Farm**

Given the named Plaintiffs' failure to provide any evidence of individual injury or damages sufficient to meet the standard announced by Lara, the Court finds summary judgment

is appropriately entered in State Farm's favor as to all of Plaintiffs' individual claims. Plaintiffs have also failed to satisfy Article III standing. See Trans Union TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2206 (2021) (noting that an action merely to ensure compliance with a regulatory law is not evidence of a concrete harm required for standing). And because standing is a threshold issue and each named plaintiff must have standing to represent a class, the Court VACATES its prior certification order. This follows from the Ninth Circuit's direction that "[b]ecause individual standing requirements constitute a threshold inquiry, the proper procedure when the class plaintiff lacks individual standing is to dismiss the complaint, not to deny the class for inadequate representation." Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1023 (9th Cir. 2003); see Moreno v. Autozone, Inc., No. CV 05-4432 CRB, 2009 WL 3320489, at *3 (N.D. Cal. Oct. 9, 2009), aff'd, 410 F. App'x 24 (9th Cir. 2010) (granting summary judgment for lack of standing and vacating an earlier decision to certify a class). On this basis, the Court GRANTS State Farm's Motion to Decertify. Nor does the Court find it appropriate for substitution of the named class plaintiffs given that Plaintiffs have not provided any evidence that any class members received less than ACV. Substitution would therefore be futile.

**C. Motion to Certify Questions**

The Court is aware that Plaintiffs have filed a motion to certify questions to the Washington Supreme Court that is not yet ripe for decision. (Dkt. No. 218.) But the Court is disinclined to grant the relief requested in that Motion. The Court in Lara addressed the questions Plaintiffs ask to be certified to the Washington Supreme Court. By asking for certification, Plaintiffs are effectively asking the Court to ignore Lara and potentially obtain a decision from the Washington Supreme Court that is at odds with Lara. The Court is unpersuaded that certification is proper given these considerations. The proper venue for Plaintiffs dispute is in the

Ninth Circuit. And the Court notes that should Plaintiffs appeal this Order, they may still ask the Ninth Circuit to certify their questions. See RCW 2.60.020.

**CONCLUSION**

The Court GRANTS State Farm's Motion for Summary Judgment and DENIES Plaintiffs' Motion for Summary Judgment as MOOT. The Court finds that Plaintiffs have failed to present any evidence that they received less than ACV and therefore have failed to provide evidence of injury or standing. The Court therefore enters summary judgment in State Farm's favor as to the individual claims and VACATES the certification orders. To this end it GRANTS the Motion to Decertify.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 4, 2022.

Marsha J. Pechman
United States Senior District Judge