**The Honorable Marsha J. Pechman**

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| ANYSA NGETHPHARAT and JAMES KELLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:20-cv-00454-MJP<br><br>**DEFENDANTS' MOTION TO STAY**<br><br>NOTE ON MOTION CALENDAR: February 4, 2025 [***21-Day Motion***] |
| FAYSAL A. JAMA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | |



KIRKPATRICK SYMANSKI PARKER
ATTORNEYS AT LAW
6161 NE 175TH STREET, SUITE 203
KENMORE, WA 98028
(206) 629-5489 FAX (206) 629-2120

## INTRODUCTION

Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company ("State Farm") respectfully request that the Court stay proceedings pending State Farm's forthcoming petition for a writ of certiorari to be filed in the U.S. Supreme Court. Counsel for State Farm conferred with counsel for Plaintiffs regarding this motion and the relief requested, and Plaintiffs oppose a stay.

The petition will seek review of the Ninth Circuit's split decision reversing this Court's order decertifying the typical negotiation classes and granting summary judgment in State Farm's favor. State Farm expects to file its certiorari petition by February 25, 2025, meaning State Farm's petition likely will be resolved by the end of the U.S. Supreme Court's Term—less than six months from now. Plaintiffs will suffer no prejudice from a temporary stay while the Supreme Court considers State Farm's petition, especially given that Plaintiffs' appeal to the Ninth Circuit took more than two years to resolve. By contrast, the hardship to State Farm will be significant if it is forced to litigate and try this case as a class action when this Court rightly decertified and dismissed it years ago. Such hardship also is needless, given the brevity of the proposed stay.

A stay is also appropriate given the importance of the question presented in this case—namely, whether Plaintiffs can maintain a certified class premised on a mere injury in law—and the strength of the grounds for certiorari here, given that the Ninth Circuit's published opinion creates a split of authority with decisions of the Fifth Circuit and also conflicts more broadly with case law from the Supreme Court and other courts of appeals. There is no reason for this Court to spend time deciding pending motions, or for the parties to spend significant time and expense preparing this case for trial, when the Supreme Court could potentially moot those efforts or provide critical guidance regarding the continued certifiability of this and similar cases.

Alternatively, State Farm respectfully requests a stay pending the Ninth Circuit's decision in *Ambrosio v. Progressive Preferred Insurance Co.*, No. 24-1633 (9th Cir.), which will address



KIRKPATRICK SYMANSKI PARKER
ATTORNEYS AT LAW
6161 NE 175TH STREET, SUITE 203
KENMORE, WA 98028
(206) 629-5489 FAX (206) 629-2120

the certifiability of auto total loss class actions alleging systematic underpayments of "actual cash value," just like this one. A key issue in *Ambrosio* is the interplay between *Lara v. First National Insurance Co. of America*, 25 F.4th 1134 (9th Cir. 2022), and the majority's opinion in *Jama v. State Farm Mutual Automobile Ins. Co.*, 113 F.4th 924, 931-32 (9th Cir. 2024), and the resulting ruling will provide this Court with critical guidance regarding how to apply those seemingly inconsistent precedents. *Ambrosio* is fully briefed, with oral argument currently under consideration for April 2025. So again, any stay would be temporary, would not prejudice Plaintiffs, and would avoid significant hardship to State Farm.

The Court should stay this case pending resolution of State Farm's forthcoming petition for certiorari to the U.S. Supreme Court or, alternatively, pending resolution of the Ninth Circuit's decision in *Ambrosio*.

## BACKGROUND

When a car insured under one of its policies is totaled, State Farm owes the policyholder the car's "actual cash value" before it was totaled. Actual cash value means "fair market value." Like most insurers, State Farm uses software that draws from dealers' advertised prices on comparable used cars and adjusts the data to estimate the totaled car's fair market value. For instance, because most cars for sale on dealer lots are in better condition—and so are worth more—than the average car on the road, where appropriate the software adjusts for that difference in condition. And where appropriate, the software accounts for the negotiation that occurs on most dealer lots, adjusting the advertised price to reflect the amount a willing buyer would actually pay a willing seller.

Plaintiffs are State Farm policyholders whose cars were totaled. They sued State Farm, claiming that Washington's insurance regulations don't permit insurers to adjust for negotiation and that they require a sufficient "empirical foundation" for condition adjustments. Plaintiffs claim that, solely because the adjustments State Farm made were "illegal," they necessarily suffered an



KIRKPATRICK SYMANSKI PARKER
ATTORNEYS AT LAW
6161 NE 175TH STREET, SUITE 203
KENMORE, WA 98028
(206) 629-5489 FAX (206) 629-2120

injury and thus can recover damages equal to the challenged adjustments, regardless of whether they already received the actual cash value of their totaled cars.

Based on that theory, this Court initially certified a class of policyholders whose claims were resolved using negotiation or condition adjustments. But after the Ninth Circuit's decision in *Lara*, on May 4, 2022, this Court decertified both classes and entered summary judgment in State Farm's favor. The Court noted that Plaintiffs themselves disavowed any intent "to show that they received less than the [actual cash value]" of their vehicles when they "proclaim[ed] that they 'are not so much alleging that State Farm breached its contract by failing to pay the actual cash value … but alleging that State Farm engaged in an improper valuation process.'" *Ngethpharat v. State Farm Mut. Auto. Ins. Co.*, No. C20-454 MJP, 2022 WL 1404526, at *3 (W.D. Wash. May 4, 2022). "This position is fatal under *Lara*," this Court explained, "because Plaintiffs bear the burden of providing evidence that what State Farm offered is less than the actual [cash value] for each loss vehicle." *Id.* Accordingly, the Court held that Plaintiffs failed "to meet the standard announced by *Lara*" and granted summary judgment on all of Plaintiffs' individual claims. *Id.* at *5. The district court also vacated its class certification order and decertified the two classes because Plaintiffs failed to "satisfy Article III" standing under *TransUnion, LLC v. Ramirez*, 594 U.S. 413, 415 (2021). *Id.*

In a published opinion announced on August 19, 2024—more than two years after this Court's judgment—the Ninth Circuit reversed in part. The panel unanimously affirmed this Court's order decertifying the condition adjustment class. But the panel splintered over whether the class relating to adjustments for negotiation was properly certified, with the majority holding that it was.

In the majority's view, the two classes were different because the negotiation adjustment was "putatively unlawful." The majority held that, because negotiation adjustments are "impermissible" under state law, *Lara*'s reasoning did not apply, and any policyholder whose car



KIRKPATRICK SYMANSKI PARKER
ATTORNEYS AT LAW
6161 NE 175TH STREET, SUITE 203
KENMORE, WA 98028
(206) 629-5489 FAX (206) 629-2120

was valued using such a negotiation adjustment was necessarily injured by the exact amount of that adjustment. *Jama*, 113 F.4th at 931-33. The majority also characterized Plaintiffs' claim—contrary to Plaintiffs' assertions to this Court and on appeal—as asserting "that they were paid less than they were owed," a theory the majority characterized as a "classic pocketbook injury" not implicated by *TransUnion*. *Id.* at 937.

Judge Rawlinson dissented, noting that the majority's opinion directly conflicts with *Lara* and "creates an unnecessary circuit split." *Id.* at 938. She explained that, even if Plaintiffs were correct that Washington law forbids adjustments for negotiation, Plaintiffs would "still have to show harm," and that showing would necessarily "involve looking into the *actual* pre-accident value of the car and then comparing that with what each person was offered"—questions that would require "individualized inquiries" incompatible with class certification. *Id.* at 940. Judge Rawlinson also noted that the majority's decision conflicts with two Fifth Circuit decisions holding that, even where policyholders challenge an "illegal" method of estimating the value of totaled cars, they still must prove that the method resulted in their receiving less than the cars' true value. *Id.* at 940-41 (citing *Sampson v. United Servs. Auto. Ass'n*, 83 F.4th 414, 421-22 (5th Cir. 2023), and *Bourque v. State Farm Mut. Auto. Ins. Co.*, 89 F.4th 525, 528-29 (5th Cir. 2023)).

State Farm's petition for certiorari is currently due by January 27, 2025. State Farm has requested a 30-day extension. Assuming (as is likely) that extension is granted, State Farm expects to file its certiorari petition by February 25, 2025, which means that it will likely be considered by the Supreme Court before the end of its Term, about six months from now.



KIRKPATRICK SYMANSKI PARKER
ATTORNEYS AT LAW
6161 NE 175TH STREET, SUITE 203
KENMORE, WA 98028
(206) 629-5489 FAX (206) 629-2120

## ARGUMENT

### I. THE COURT SHOULD STAY THIS CASE PENDING STATE FARM'S FORTHCOMING PETITION FOR CERTIORARI.

#### A. The *Landis* Factors All Weigh in Favor of a Stay.

Under *Landis v. North America Co.*, 299 U.S. 248 (1936), a district court has discretion to stay proceedings as part of its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254. State Farm's stay request rests on the Court's inherent authority to control its docket and therefore should be evaluated under the factors set out in *Landis*. *See Murguia v. Langdon*, No. 1:19-cv-00942-ADA-BAM, 2023 WL 6308325, at *3 (E.D. Cal. Sept. 28, 2023) (holding that the *Landis* factors apply to a stay request to the district court based on a forthcoming petition for certiorari); *see also Puget Soundkeeper All. v. Port of Tacoma*, No. 3:17-CV-5016 BHS, 2024 WL 4799761, at *1-2 (W.D. Wash. Nov. 15, 2024) (granting a stay under *Landis* pending a petition for certiorari); *Fazaga v. Fed. Bureau of Investigation*, No. SACV 11-00301-CJC (VBKx), 2020 WL 13830211, at *1 (C.D. Cal. Sept. 29, 2020) (same).

In determining whether to grant a stay, courts must weigh the parties' competing interests, namely, (1) any possible prejudice that may result from a stay; (2) any hardship or inequity to the requesting party if it is required to go forward; and (3) the orderly course of justice measured in terms of simplifying issues, proof, and questions of law that could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). Each factor weighs in favor of temporarily staying this case pending State Farm's forthcoming certiorari petition.

1. <u>Plaintiffs will suffer no prejudice from a temporary stay.</u>

Where, as here, there has been a long delay between the district court's judgment and the court of appeals' decision, an additional brief delay pending resolution of a petition for a writ of certiorari will not create prejudice, as the delay will not result in any greater difference in



KIRKPATRICK SYMANSKI PARKER
ATTORNEYS AT LAW
6161 NE 175TH STREET, SUITE 203
KENMORE, WA 98028
(206) 629-5489 FAX (206) 629-2120

witnesses' memories or the potential loss of evidence. *See Murguia*, 2023 WL 6308325, at *3; *see also Fazaga*, 2020 WL 13830211, at *2 (a nine-month delay following a years-long appeal process "will not make much of a difference in witness' memories or the loss of evidence").

Here, Plaintiffs' appeal to the Ninth Circuit took more than two years to resolve. They will suffer no prejudice from a modest additional delay while State Farm seeks certiorari. State Farm expects to file its petition by February 25, 2025. Given that timing, the Supreme Court likely will decide before the end of the Term in June whether to grant certiorari. Accordingly, any stay pending resolution of State Farm's petition for certiorari likely will last at most six months, a delay that will not prejudice Plaintiffs. *See Puget Soundkeeper*, 2024 WL 4799761, at *1-2 (holding that a temporary stay while a certiorari petition remains pending would not prejudice plaintiff, which "was able to wait three years between this Court's final judgment and the Ninth Circuit's decision on appeal"); *Murguia*, 2023 WL 6308325, at *3; *Fazaga*, 2020 WL 13830211, at *2.

According to Plaintiffs, there is nothing further to do in this case except file supplemental briefing, await this Court's rulings on certain pending motions, and go to trial (Joint Status Rep., ECF No. 240), so Plaintiffs cannot avoid a stay based on speculative assertions of prejudice from any discovery delays. And in any event, courts routinely reject such speculative assertions of prejudice in analogous circumstances. *See Puget Soundkeeper*, 2024 WL 4799761, at *1-2; *Murguia*, 2023 WL 6308325, at *3; *see also Fazaga*, 2020 WL 13830211, at *2.

2. <u>Failure to enter a stay will cause hardship and inequity to State Farm.</u>

Being forced to conduct "substantial, unrecoverable, and wasteful" pretrial work on matters that could be mooted by a pending appellate ruling can give rise to substantial hardship. *Flores v. Bennett*, 675 F. Supp. 3d 1052, 1062 (E.D. Cal. 2023). Given the Ninth Circuit's ruling—and especially its view that this case presents a dispute over valuation, not methodology, *Jama*, 113 F.4th at 937 (holding that "Plaintiffs' claim is that they were paid less than they were owed," which is a "classic pocketbook injury")—State Farm intends to renew its motion to compel appraisal and



KIRKPATRICK SYMANSKI PARKER
ATTORNEYS AT LAW
6161 NE 175TH STREET, SUITE 203
KENMORE, WA 98028
(206) 629-5489 FAX (206) 629-2120

develop additional expert valuation evidence, which will require additional discovery. (ECF No. 240.)

But even apart from that additional pretrial work, absent a temporary stay State Farm will be forced to litigate class claims through trial that this Court decertified and dismissed years ago. A Supreme Court decision in State Farm's favor would render all of this pretrial work unnecessary, including work that this Court must undertake to resolve pending motions and additional pretrial motions to be filed. This hardship would be entirely needless, especially given the brevity of the requested stay. *See Puget Soundkeeper*, 2024 WL 4799761, at *2 (holding that the hardship of continuing to litigate "is needless given the brevity of the requested stay").

3. <u>A stay will further the orderly administration of justice by simplifying the issues.</u>

The third *Landis* factor considers the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc.*, 300 F.2d at 268. Waiting a short period of time for the Supreme Court to resolve State Farm's petition for certiorari will clarify the issues and questions of law in this litigation. *See Puget Soundkeeper*, 2024 WL 4799761, at *2; *Murgia*, 2023 WL 6308325, at *3. Granting the stay will also promote judicial economy. *See Flores*, 675 F. Supp. 3d at 1064. Again, the Supreme Court could entirely resolve this case, or at least provide critical guidance regarding the certifiability of Plaintiffs' claims and their ability to prosecute claims based on allegations of illegality, not evidence of underpayment.

There is no good reason for this Court to expend resources addressing outstanding motions and forthcoming pretrial motions before the Supreme Court provides clarity on State Farm's forthcoming certiorari petition. Nor is there any basis to short-circuit the Supreme Court's review of the petition, which will ask the Court to consider an important and frequently recurring issue that has generated an acknowledged conflict among the courts of appeals.



KIRKPATRICK SYMANSKI PARKER
ATTORNEYS AT LAW
6161 NE 175TH STREET, SUITE 203
KENMORE, WA 98028
(206) 629-5489 FAX (206) 629-2120

For these reasons, the Court should stay this action "until the parties hear about a ruling on Defendants' petition," which "has the potential to clarify and streamline the issues in this case with minimal hardship." *Puget Soundkeeper*, 2024 WL 4799761, at *2.

### B. Although Inapplicable, a Temporary Stay of this Litigation Would Also Be Appropriate Under *Packwood*.

As noted, the *Landis* factors apply to State Farm's stay request because State Farm seeks a stay based on the district court's inherent authority to control its own docket. *See Murguia*, 2023 WL 6308325, at *3; *see also Puget Soundkeeper*, 2024 WL 4799761, at *1-2 (granting a stay under *Landis* pending a petition for certiorari). That said, some courts address stay requests pending petitions for certiorari under the *Packwood* factors, even though those factors normally apply only when a stay is sought from the Supreme Court itself. *Compare Waithaka v. Amazon.com, Inc.*, No. C19-01320-RSM, 2020 WL 7028945, at *2 (W.D. Wash. Nov. 30, 2020) (granting a stay pending a petition for certiorari under *Packwood*), *with Puget Soundkeeper*, 2024 WL 4799761, at *2.

Under *Packwood*, an applicant seeking a stay must demonstrate: "(1) a reasonable probability that four Justices would vote to grant certiorari; (2) a significant possibility that the [Supreme] Court would reverse the judgment below; and (3) a likelihood of irreparable harm, assuming the correctness of the applicant's position, if the judgment is not stayed." *Packwood v. Senate Select Comm. on Ethics*, 510 U.S. 1319 (1994) (Rehnquist, J., in chambers). Even if *Packwood* applies, a stay is appropriate under those factors, too.

***First***, although the Supreme Court rarely grants certiorari, and certiorari is a matter of judicial discretion, there is at least a reasonable—if not significant—possibility of Supreme Court review. Supreme Court Rule 10 outlines the factors the Supreme Court considers for certiorari, including circumstances where "a United States court of appeals has entered a decision in conflict with the decision of another United States court of appeals on the same important matter" and



KIRKPATRICK SYMANSKI PARKER
ATTORNEYS AT LAW
6161 NE 175TH STREET, SUITE 203
KENMORE, WA 98028
(206) 629-5489 FAX (206) 629-2120

when "a United States court of appeals … has decided an important federal question in a way that conflicts with relevant decisions of this Court." U.S. Sup. Ct. R. 10(a), (c).

These circumstances exist here. As noted above, there is a stark conflict between the Ninth Circuit's majority opinion here, on the one hand, and two Fifth Circuit rulings, on the other, with respect to an important, recurring issue that affects hundreds of pending class actions nationwide. In the Fifth Circuit, even where "class members could show that an insurer's use of [a valuation method] was unlawful," they still must "prove an actual underpayment" for each class member, *Sampson*, 83 F.4th at 422-23—proof that cannot "be made on a class-wide basis," *Bourque*, 89 F.4th at 528-29. But under the majority's approach here, Plaintiffs may obtain class certification merely by labeling a valuation method "unlawful" even without evidence capable of showing that each class member got less than the car's fair market value.

The majority's approach also conflicts with the Supreme Court's decision in *TransUnion*, which made clear not only that "[e]very class member must have Article III standing in order to recover individual damages," 594 U.S. at 431, but also that class members can't satisfy that requirement by relying on a pure "injury in law" divorced from proof of an "injury in fact," *id.* at 427. The majority's decision approves precisely that sort of workaround, allowing class members to treat pure regulatory violations as if they were injuries in fact.

The majority's ruling further conflicts with the decisions of other courts of appeals, which have held that, even where plaintiffs challenge an insurer's supposedly unlawful claim valuation methods, they still must prove that each class member was not "fully compensated" as a result—a requirement that demands considering all "particularized facts" for each class member. *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 889-90 (7th Cir. 2011); *see also Lewis v. Gov't Emps. Ins. Co.*, 98 F.4th 452, 461 (3d Cir. 2024) (dismissing a total loss claim for lack of standing because a "bare violation of [state] insurance rules" was insufficient to prove an injury in fact).



KIRKPATRICK SYMANSKI PARKER
ATTORNEYS AT LAW
6161 NE 175TH STREET, SUITE 203
KENMORE, WA 98028
(206) 629-5489 FAX (206) 629-2120

The best illustration that there is a reasonable possibility of Supreme Court review here is the sheer number of discretionary appeals the circuit courts have already granted under Rule 23(f) to address this issue. Rule 23(f) is the procedural mechanism under which a party can seek permission to appeal an order granting or denying certification, and in those appeals "[t]he court of appeals is given unfettered discretion whether to permit the appeal, ***akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari***." Fed. R. Civ. P. 23 advisory committee's note to 1998 amendment (emphasis added).

Besides the Fifth Circuit in *Sampson* and *Bourque* and the Third Circuit in *Lewis*—all of which addressed similar issues on Rule 23(f) review—several other courts of appeals have granted Rule 23(f) review to address the issues raised by State Farm's petition: the Third Circuit in *Drummond v. Progressive Specialty Ins. Co.*, No. 23-8035 (3d Cir.); the Fourth Circuit in *Freeman v. Progressive Direct Ins. Co.*, No. 24-1684 (4th Cir.); the Sixth Circuit in *Clippinger v. State Farm Mutual Automobile Ins. Co.*, No. 24-5421 (6th Cir.); the Seventh Circuit in *Schroeder v. Progressive Paloverde Ins. Co.*, No. 24-1559 (7th Cir.); and the Ninth Circuit in *Ambrosio v. Progressive Preferred Ins. Co.*, No. 24-1633 (9th Cir.). That the Third, Fifth, Sixth, Seventh, and Ninth Circuits have all exercised their discretion—"akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari"—further illustrates the likelihood of Supreme Court review here.

***Second***, there is a significant possibility of reversal. As noted by Judge Rawlinson in dissent, the majority's opinion is contrary to the Fifth Circuit's published opinions in *Sampson* and *Bourque*, *Jama*, 113 F.4th at 938-41, and also conflicts with the Supreme Court's decision in *TransUnion*, a decision that reflects the Supreme Court's intolerance for no-injury class actions like this one. Under these circumstances, there is a significant possibility of reversal. *See Waithaka,* 2020 WL 7028945, at *6.



KIRKPATRICK SYMANSKI PARKER
ATTORNEYS AT LAW
6161 NE 175TH STREET, SUITE 203
KENMORE, WA 98028
(206) 629-5489 FAX (206) 629-2120

***Third***, there is a high likelihood of irreparable harm absent a temporary stay. As explained above, absent a temporary stay State Farm will be forced to litigate through trial class claims that this Court decertified and dismissed years ago. A Supreme Court decision in State Farm's favor would render all of this pretrial work unnecessary, including work by this Court to resolve pending motions and additional pretrial motions to be filed. And the significant possibility of reversal also weighs in favor of a temporary stay. *See id.*

Accordingly, even if *Packwood* were applicable (and it is not), the *Packwood* factors likewise would all favor a temporary stay of this litigation.

## II. ALTERNATIVELY, THE COURT SHOULD STAY THIS CASE PENDING THE NINTH CIRCUIT'S DECISION IN *AMBROSIO*.

"Where a party requests a stay of proceedings pending an appeal in a different case, the Court has the discretionary power to grant a stay under *Landis*." *Seastrom v. Dep't of Army*, No. C-08-4108 EMC, 2009 WL 585838, at *1 (N.D. Cal. Mar. 4, 2009); *accord Bartlett v. Citibank N.A.*, No. 17-CV-00712-EMC, 2017 WL 1395382, at *3 (N.D. Cal. Apr. 19, 2017). In assessing the propriety of a stay under *Landis*, a court must balance the length of the delay against the justifications for the stay. *See Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). In so doing, the court must examine the "competing interests" of the parties—again, the possible damage to the plaintiff, the hardship to the defendant, and the orderly course of justice. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

The balance of hardships also supports a *Landis* stay pending the Ninth Circuit's resolution of *Ambrosio*. *Ambrosio* is another total loss class action where the plaintiff insureds alleged their insurer, Progressive, "undervalued the cash value of … claimants' loss vehicles" by applying an adjustment to account for negotiations that occur during the purchasing process for used cars—the "Projected Sold Adjustment" ("PSA"). *Ambrosio v. Progressive Preferred Ins. Co.*, No. CV-22-00342-PHX-SMB, 2024 WL 915184, at *1 (D. Ariz. Mar. 4, 2024). The district court denied the



KIRKPATRICK SYMANSKI PARKER
ATTORNEYS AT LAW
6161 NE 175TH STREET, SUITE 203
KENMORE, WA 98028
(206) 629-5489 FAX (206) 629-2120

plaintiffs' motion for class certification because they failed to establish predominance. *Id.* at *7-8. "[T]he crux of the issue," the court reasoned, was "whether Progressive breached its obligation under the Policy to pay out the ACV of total[ed] vehicles by applying a PSA." *Id.* at *7. But "the PSA [was] only part of one method of ACV calculations." *Id.* Because there were "other ways of estimating ACV" available, the plaintiffs couldn't prove predominance because it "would require the Court, and a jury, to look at not just [the PSA] valuation, but also several other valuations to determine whether *each individual Plaintiff* was paid below market." *Id.*

The plaintiff sought Rule 23(f) review, which the Ninth Circuit granted. Based on the parties' briefing and notices of supplemental authority, the key focus on appeal will be for the Ninth Circuit to reconcile its ruling in *Lara* with the majority's ruling in *Jama*. The Ninth Circuit's analysis of those decisions will provide critical guidance to this Court.

A stay pending the Ninth Circuit's forthcoming opinion in *Ambrosio* is supported by the three *Landis* factors.

***First***, a stay will not substantially prejudice Plaintiffs. *Ambrosio* is fully briefed, with oral argument under consideration for April 2025. Any stay will necessarily be temporary, and there will be no prejudice to Plaintiffs.

***Second***, State Farm will be seriously prejudiced absent a stay, *infra* Argument § I.A.2, and a stay also "would save substantial judicial resources that could be applied to the remainder of the court's docket." *Ctr. for Biological Diversity v. Henson*, No. CIV. 08-946-TC, 2009 WL 1882827, at *4 (D. Or. June 30, 2009); *accord ASIS Internet Servs. v. Member Source Media, LLC*, No. C-08-1321 EMC, 2008 WL 4164822, at *2 (N.D. Cal. Sept. 8, 2008) ("[A] stay of proceedings pending the appeal of the *Azoogle.com* case may well promote judicial economy" because it will provide "clarity as to the proper legal standard for standing" and on "the issue of conscious avoidance under the CAN-SPAM Act.").



KIRKPATRICK SYMANSKI PARKER
ATTORNEYS AT LAW
6161 NE 175TH STREET, SUITE 203
KENMORE, WA 98028
(206) 629-5489 FAX (206) 629-2120

***Third***, the Ninth Circuit's decision in *Ambrosio* will provide this Court critical guidance regarding the meaning of *Lara* and *Jama*, including how (if at all) those opinions can be reconciled. Accordingly, and in the alternative, a stay during the pendency of the *Ambrosio* appeal is warranted. *See ASIS Internet Servs.*, 2008 WL 4164822, at *3.

**<u>CONCLUSION</u>**

The Court should stay this case pending resolution of State Farm's forthcoming petition for certiorari to the U.S. Supreme Court or, alternatively, resolution of the Ninth Circuit's decision in *Ambrosio*.



KIRKPATRICK SYMANSKI PARKER
ATTORNEYS AT LAW
6161 NE 175TH STREET, SUITE 203
KENMORE, WA 98028
(206) 629-5489 FAX (206) 629-2120

Dated: January 14, 2025

WHEELER TRIGG O'DONNELL LLP

By *s/ Peter W. Herzog III*

By *s/ Eric L. Robertson*

Peter W. Herzog III (*pro hac vice*)
211 N. Broadway, Suite 2825
St. Louis, Missouri 63102
Phone: 314.326.4128
Fax: 303.244.1879
Email: pherzog@wtotrial.com

Eric L. Robertson (*pro hac vice*)
370 17th Street, Suite 4500
Denver, Colorado 80202-5647
Phone: 303.244.1842
Fax: 303.244.1879
Email: robertson@wtotrial.com

KIRKPATRICK SYMANSKI PARKER

By *s/ Dan Kirkpatrick*

Dan Kirkpatrick, WSBA #38674
6161 NE 175th Street, Suite 203
Kenmore, WA 98028
Phone: (206) 629-5489
Fax: (206) 629-2120
Email: dan@ksplaw.com