UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT and JAMES KELLEY, individually and on behalf of those similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY , <br><br>　　　　　　　　Defendant. | CASE NO. C20-454 MJP<br><br>ORDER SETTING TRIAL DATE AND INTERIM DEADLINES |
| FAYSAL JAMA, individually and on behalf of those similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>　　　　　　　　Defendant. | |

ORDER SETTING TRIAL DATE AND INTERIM DEADLINES - 1

1      The Court issues this Order after reviewing the Parties' Joint Status Report (Dkt. No.

2 240) and the Ninth Circuit's Opinion (Dkt. No. 235). The Court hereby ORDERS as follows:

| Case Event | Date |
|---|---|
| **Jury Trial** | **July 28, 2025 at 9:00 AM** |
| Any motion for leave to reopen case deadlines that have expired shall conform to Local Civil Rules 7(d)(2) & (e)(2) and shall be filed by: | February 5, 2025 |
| Supplemental Briefs not to exceed 2,800 words to discuss the impact of the Ninth Circuit's Opinion (Dkt. No. 235) on the pending motions the Parties wish the Court to rule on (see JSR at 2-3 (Dkt. No. 240)) shall be filed by:<br><br>(No responses or replies shall be filed unless the Court orders otherwise.) | February 21, 2025 |
| Supplemental Briefs not to exceed 2,100 words regarding statutory damages (See JSR at 3 (Dkt. No. 240)) shall be filed by:<br><br>(No responses or replies shall be filed unless the Court orders otherwise.) | February 21, 2025 |
| Motions in Limine shall be filed by (see Local Civil Rule 7(d)(5)): | June 23, 2025 |
| Agreed Pretrial Order shall be filed by: | July 15, 2025 |
| Trial briefs, proposed voir dire questions, proposed jury instructions, and trial exhibits shall be filed by: | July 15, 2025 |
| Pretrial Conference | July 22, 2025 at 1:30 PM |
| Trial Length | 15 days |

ORDER SETTING TRIAL DATE AND INTERIM DEADLINES - 2

These dates are set at the direction of the Court after reviewing the Joint Status Report submitted by the parties. (Dkt. No. 240.) All other dates are specified in the Local Civil Rules (LCR). If any of the dates identified in this Order or the LCR fall on a weekend or federal holiday, the act or event shall be performed on the next business day. These are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause.

If the trial date assigned to this matter creates an irreconcilable conflict, counsel must notify the Deputy Clerk, Grant Cogswell, in writing within 10 days of the date of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

**COOPERATION**

As required by LCR 37(a), all discovery matters are to be resolved by agreement if possible. Counsel are further directed to cooperate in preparing the final pretrial order in the format required by LCR 16.1, except as ordered below

**EXHIBITS**

The original and one copy of the trial exhibits are to be delivered to chambers four days before the trial date. Each exhibit shall be clearly marked. Exhibit tags are available in the Clerk's Office. The Court hereby alters the CR 16.1 procedure for numbering exhibits: plaintiff's exhibits shall be numbered consecutively beginning with 1; defendant's exhibits shall be numbered consecutively beginning with the next number series not used by plaintiff. Duplicate documents shall not be listed twice: once a party has identified an exhibit in the pretrial order,

any party may use it. Each set of exhibits shall be submitted in individual file folders with appropriately numbered tabs.

**SETTLEMENT**

Should this case settle, counsel shall notify Grant Cogswell as soon as possible at grant_cogswell@wawd.uscourts.gov. Pursuant to GR 3(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 15, 2025.

Marsha J. Pechman
United States Senior District Judge