UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT and JAMES KELLEY,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C20-454 MJP<br><br>ORDER DENYING MOTION TO STAY |
| FAYSAL JAMA,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | |

This matter comes before the Court on Defendants' Motion to Stay. (Dkt. No. 243.) Having reviewed the Motion, Plaintiffs' Opposition (Dkt. No. 248), the Reply (Dkt. No. 249), and all supporting materials, the Court DENIES the Motion.

## BACKGROUND

Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty ask the Court to stay this matter pending a determination on their petition for writ of certiorari they filed on February 25, 2025. State Farm believes that the Ninth Circuit's decision on appeal in this consolidated matter created a circuit split with the Fifth Circuit and that the Supreme Court is likely to resolve it. It is worth noting, though, that State Farm lost its bid to petition for rehearing en banc, the Ninth Circuit's mandate has issued, and this Court has set the matter for trial.

State Farm also believes a stay pending the Ninth Circuit's decision in another matter would provide "critical guidance regarding how to apply" the Ninth Circuit's decision in this matter and Lara v. First Nat'l Ins. Co. of Am., 25 F.4th 1134 (9th Cir. 2022). (Mot. at 3.) The other case, Ambrosio v. Progressive Preferred Ins. Co. Preferred Ins. Co., No. 24-1633 (9th Cir.), is on appeal from the District of Arizona.

## ANALYSIS

**A.      No Grounds to Stay under Landis**

The Court is not persuaded that there are legitimate reasons why a stay should issue pursuant to Landis v. N. Am. Co. pending State Farm's efforts to obtain a writ of certiorari.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "The exertion of this

1    power calls for the exercise of sound discretion." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th
2    Cir. 1962). The inherent power to stay includes granting an order to stay "pending resolution of
3    independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal., Ltd.,
4    593 F.2d 857, 863 (9th Cir. 1979). In determining the propriety of a stay, the Court must "weigh
5    competing interests and maintain an even balance." Landis, 299 U.S. at 254-55. Such balance
6    includes consideration of "the possible damage which may result from the granting of a stay, the
7    hardship or inequity which a party may suffer in being required to go forward, and the orderly
8    course of justice measured in terms of the simplifying or complicating of issues, proof, and
9    questions of law which could be expected to result from a stay." CMAX, 300 F.2d at 268. A stay
10   is appropriate when it will serve the interests of judicial economy by allowing for development
11   of factual and legal issues, and when weighing of the hardships favors granting of a stay. See,
12   e.g., Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005).

13        The Court here finds that the factors weigh against a stay. First, the Court believes that
14   State Farm will not suffer any hardship or inequity by having to litigate this action pending a
15   determination on their petition for certiorari. As the Ninth Circuit has made clear, "being
16   required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity'
17   within the meaning of Landis." Lockyer, 398 F.3d at 1112. At most, State Farm believes it may
18   incur additional costs in litigating this case, but that is not sufficient to show hardship. Second,
19   the orderly issuance of justice here supports denial of the stay. Had State Farm wished to proceed
20   promptly and efficiently to the Supreme Court, it should have asked the Ninth Circuit to stay the
21   mandate, per Fed. R. App. P. 41(d)(1). It chose not to do so, and decided to put its request to this
22   Court instead. But the Ninth Circuit was far better positioned to answer the question of whether a
23   stay pending a writ of certiorari would be proper—particularly since the Ninth Circuit had

considered and rejected State Farm's petition for rehearing en banc. Asking this Court to fill the void does not evidence orderly administration of justice. Third, Plaintiffs argue that a stay would harm class members by delaying financial recovery and potentially making it more difficult to locate payees. While these conjectural harms are not particularly convincing, they do underline the fact that this case has been pending for years and that continued delay could adversely impact Plaintiffs and the class in their efforts to obtain recovery.

On balance, the Landis factors do not support issuance of a stay. There is little likelihood that the petition for certiorari will be granted and also no evidence that State Farm would be harmed by denial of the stay. At the same time, further delay in this matter does not serve the interest of justice and will inject yet more delay in this aging matter. The Court therefore DENIES the requested stay regarding the petition for certiorari.

**B.    No Stay Under Packwood**

The Court also rejects State Farm's request for a stay under Packwood v. Senate Select Comm. on Ethics, 510 U.S. 1319 (1994). (Mot. at 9.) State Farm has not identified any authority to support the proposition that the Packwood factors applies to a request to this Court for a stay proceedings pending a petition for certiorari. The Packwood case concerned a request directed to the Supreme Court itself, not the district court, to stay proceedings pending an appeal to the D.C. Court of Appeals. Packwood, 510 U.S. at 1319-20. Indeed, State Farm argues that Packwood is "[i]napplicable." (Mot. at 9.) While the Court is aware that State Farm has identified a decision from this District considering the Packwood factors, it does not find any discussion in that decision explaining why it is proper to consider the Packwood factors. See Waithaka v. Amazon.com, Inc., No. C19-01320-RSM, 2020 WL 7028945, at *2 (W.D. Wash. Nov. 30, 2020). The Court declines to consider State Farm's request under Packwood.

      Even if the Court did consider the factors, it finds no basis on which to stay the case. First, State Farm has not convinced the Court there exists a reasonable probability four Justices will grant certiorari. See Packwood, 510 U.S. at 1319. Indeed, none of the Ninth Circuit judges voted to rehear the matter en banc, which is a strong indication that the petition is unlikely to be taken up. Second, State Farm has not shown that the Supreme Court is likely to reverse the Ninth Circuit's decision. State Farm again relies on its belief that this case differs little from TransUnion, LLC v. Ramirez, 594 U.S. 413 (2021), a point that the Ninth Circuit rejected— "TransUnion is inapposite." Ninth Circuit Slip Opinion at 27 (Dkt. No. 235). The Court is not convinced that there is a conflict or that the Supreme Court would reverse the outcome here in light of TransUnion. Third, State Farm has failed to identify any irreparable harm.

      The Court therefore DENIES the Motion as to the requested stay under Packwood.

**C.    No Stay Pending Ambrosio**

      State Farm fails to convince the Court that a stay is warranted under the Landis factors to await the Ninth Circuit's decision in Ambrosio. State Farm's request is far less compelling than its request to stay pending its certiorari petition. That is because the Ninth Circuit already provided guidance specific to the claims at issue in the case pending before this Court. Additionally, the Ambrosio case involves claims under Arizona law, not Washington law—a fact that renders it less relevant. While it is possible that further discussion of issues related to this action may arise out of the Ambrosio matter, the Court declines to stay this action to await that remote possibility. The Court DENIES the requested stay as to Ambrosio.

ORDER DENYING MOTION TO STAY - 5

## CONCLUSION

State Farm has failed to convince the Court that a stay of this case makes sense under the applicable standards. The Court DENIES the Motion and this matter shall proceed on the schedule the Court has set.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 3, 2025.

Marsha J. Pechman
United States Senior District Judge