UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT and JAMES KELLEY,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C20-454 MJP<br><br>ORDER DENYING MOTION TO REOPEN EXPERT DISCOVERY DEADLINE AND MOTION TO COMPEL APPRAISAL |
| FAYSAL JAMA,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | |

ORDER DENYING MOTION TO REOPEN EXPERT DISCOVERY DEADLINE AND MOTION TO COMPEL APPRAISAL - 1

This matter comes before the Court on Defendants' Motion to Reopen the Expert Discovery Deadline (Dkt. No. 250) and Motion to Compel Appraisal (Dkt. No. 251). Having reviewed the Motions, Plaintiffs' Oppositions (Dkt. Nos. 253, 257), the Replies (Dkt. Nos. 254, 262), and all supporting materials, the Court DENIES both Motions.

**BACKGROUND**

Plaintiffs in this case allege that State Farm undervalues total loss vehicles by using a valuation report prepared by Autosource that includes a "typical negotiation" and/or "condition" deduction. They claim that both deductions are illegal under Washington law and that they lead to an underpayment of the actual cash value of the totaled vehicle. Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty ask the Court to reopen discovery so they can prepare an expert valuation of each Plaintiff's vehicle and to compel appraisal under each Plaintiff's insurance policy. State Farm believes that determining the actual cash value of each Plaintiff's vehicle through appraisal and/or expert valuation is now necessary because the value of each car has newly been thrust into dispute in this case given the proceedings before the Ninth Circuit. In their Motions, State Farm argues that "Plaintiffs and the Ninth Circuit have now made explicit that Plaintiffs' case is a dispute over *value*, not *methodology*[.]" (Mot. to Compel Appraisal at 2 (excessive emphasis in original); see also Mot. to Reopen Discovery at 2 ("[T]he Ninth Circuit made clear that Plaintiffs' case presents a dispute over *value*, not *methodology*." (excessive emphasis in original).)

Resolution of the two Motions requires a brief review of this case's procedural history, the positions the Parties have taken, and the Ninth Circuit's Opinion.

In 2020, the Court denied State Farm's Motion to Dismiss, finding that the consumer protection and breach of contract claims that James Kelley and Anysa Ngethpharat alleged were

adequately pleaded as to the negotiation deduction. (Order on Motions to Dismiss (Dkt. No. 49).) The Court also denied State Farm's Motion to Dismiss Faysal Jama's CPA, breach of contract, and bad faith claims that target the use of a condition deduction. (Id.) And the Court denied State Farms' request to compel mandatory appraisal, finding that any appraisal would not resolve the question of whether the deductions were legal or not. (Id. at 17.)

The following year, the Court certified two classes. (Order on Class Certification (Dkt. No. 136); Jama v. State Farm, C20-652, Order on Class Certification (Dkt. No. 109).) Kelley was found an adequate representative of a class of individuals were paid a based on an Autosource valuation that included the negotiation discount. (Dkt. No. 136.) But the Court found that Ngethpharat was not a proper representative because she was not paid an amount based on the Autosource report. (Id.) The Court also certified a class of individuals who were paid based on a valuation that included a reduction for the condition of the car and named Faysal Jama as the class representative. (Jama, Dkt. No. 109.)

In 2022, the Ninth Circuit issued a decision in Lara v. First National Insurance Company of America, which caused the Court to revisit the propriety of class certification and Plaintiffs' evidence of injury. 25 F.4th 1134 (9th Cir. 2022). In Lara, the Ninth Circuit held that the District Court improperly certified a class of individuals who claimed they were underpaid for their total loss vehicles because the valuation included a deduction for the car's condition. The Ninth Circuit determined that the class's injury would need to be proved individually given the nature of how the class was defined and how the deduction was alleged to violate state law. Based on the holding in Lara, the Court granted State Farm's motion to decertify the negotiation and condition classes, and the Court granted summary judgment in State Farm's favor given the lack of evidence that any of the Plaintiffs received less than fair value for their total loss vehicles.

1  (Order on Cross-Motions for Summ. Judgment and Motion to Decertify (Dkt. No. 219).) The

2  Court did not, however, rule on the other arguments in State Farm's Motion for Summary

3  Judgment or any of Plaintiffs' arguments presented in their Motion for Summary Judgment. It is

4  worth noting that at the time of the Court's decision, discovery had closed.

5        Plaintiffs then appealed to the Ninth Circuit, and obtained reversal. See Jama v. State

6  Farm Mut. Automobile Ins. Co., 113 F.4th 924 (9th Cir. 2024). As to the negotiation deduction

7  only, the Ninth Circuit disagreed with the Court's reading of Lara. It identified two points of

8  distinction that meant that parts of this case could proceed on a classwide basis. First, the Ninth

9  Circuit explained that in ruling on class certification this Court had already solved the problems

10 that rendered the class in Lara overbroad. See id. at 931-32. The class in Lara included anyone

11 who had a "condition" deduction, without any limitation on whether they received a payment

12 that was based on a such condition deduction. By limiting the classes to those who were paid a

13 value that was based on either the negotiation or condition deduction, the Court avoided the same

14 issue of overbreadth. See id. Second, the Ninth Circuit held that the Court was wrong to find no

15 distinction between a "negotiation" and "condition" deduction. Id. at 932. The Court explained

16 that while a condition deduction could be permissible if properly determined on a case-by-case

17 basis, the negotiation discount was binary—it was either legal or illegal. The Court explained:

> Plaintiffs have advanced an entirely different theory with respect to the negotiation class. As to that class, their theory is not that State Farm failed to follow the correct procedure for making permissible adjustments, but rather that Washington law does not permit State Farm to apply a discount for typical negotiation at all. See Wash. Admin. Code § 284-30-391(4)(b). The district court accepted this argument, holding that Washington law permits insurers to apply only those deductions explicitly laid out in Section 391(4)(b) and no others. State Farm has not challenged that holding here.

22 Id. at 933. The Court then explained that:

> All members of the negotiation class in this case, however, received less than they were owed in the exact amount of the impermissible negotiation deduction. As to the proposed

negotiation class in this case, we therefore conclude that class members could measure their injuries on a class-wide basis by adding back to the value of their vehicles as calculated in the Autosource reports the amount of the unlawful negotiation discount.

Id. The Court further explained: "Nothing in Lara precludes common proof of injury as the amount of State Farm's estimates less the impermissible deduction as to the class of owners who were paid the Autosource valuation." Id. at 935. The Ninth Circuit also rejected State Farm's argument that measuring the damages this way violated Article III. See id. at 937-38.

The Ninth Circuit also provided a discussion of the nature of the evidence as to damages. It explained:

> Because we conclude that the district court misread Lara as to the negotiation discount, it follows that the district court's entry of summary judgment against the named Plaintiffs based on their claims for the negotiation discount was in error. We further hold that—even as to the challenged condition adjustment—the district court also erred in holding that Plaintiffs could not rely on the Autosource reports, and the amount of a challenged adjustment, as relevant evidence of value and injury.

Jama, 113 F.4th at 936. And as is particularly relevant here, the Court explained that expert valuation is unnecessary:

> Nothing in Lara required (as the district court appeared to believe) "[p]laintiffs [to] undertake[] a[] separate valuation process or retain[] an expert to opine on the value of the loss vehicles." Indeed, State Farm itself used the Autosource reports as one proper measure of actual cash value. And ample evidence provided by State Farm itself demonstrated how the Autosource reports were prepared and why they provided an accurate measure of the pre-crash actual cash value of drivers' cars. We see no reason why a plaintiff seeking to prove injury cannot rely on the Autosource reports themselves to establish value, minus the unlawful negotiation adjustment. And here, as noted, the class is limited to those who were paid the Autosource valuation. Accordingly, the district court's conclusion that Lara requires individual plaintiffs to introduce evidence of value independent of the valuation reports was error. We therefore vacate its entry of summary judgment in favor of State Farm. On remand, the district court should evaluate anew whether the named Plaintiffs have adduced sufficient evidence of injury consistent with this opinion.

Id. at 937. And in a footnote, the Court added further insight into the issue of valuation evidence:

> As to specific named plaintiffs, it may be clear from the records that the Autosource reports less a challenged adjustment do not provide sufficient evidence of injury to get

ORDER DENYING MOTION TO REOPEN EXPERT DISCOVERY DEADLINE AND MOTION TO COMPEL APPRAISAL - 5

> past summary judgment. For instance, named plaintiff Ngethpharat's payout was not directly based on an Autosource report containing a challenged deduction since she challenged State Farm's initial valuation and subsequently obtained a second valuation excluding the challenged deduction, which is why the district court excluded her from the class it certified. We do not today decide whether Ngethpharat or any other named plaintiff in fact adduced sufficient evidence of injury to survive summary judgment. Rather, we merely hold that nothing about Lara precludes plaintiffs from relying on the difference between an insurer's calculation of value and the amount of a challenged adjustment as relevant evidence of injury. The district court should apply this standard to the claims before it in the first instance.

Id. at 937 n.10.

The Ninth Circuit further explained that "[a]s to the proposed negotiation class in this case, we therefore conclude that class members could measure their injuries on a class-wide basis by adding back to the value of their vehicles as calculated in the Autosource reports the amount of the unlawful negotiation discount." Jama, 113 F.4th at 933. The Ninth Circuit also rejected the need for any valuation independent of the Autosource reports themselves. See id. at 934-35. The Ninth Circuit's concluded:

> Accordingly, the district court's conclusion that Lara requires individual plaintiffs to introduce evidence of value independent of the valuation reports was error. We therefore vacate its entry of summary judgment in favor of State Farm. On remand, the district court should evaluate anew whether the named Plaintiffs have adduced sufficient evidence of injury consistent with this opinion.

Id. at 937.

State Farm now moves to reopen discovery to allow it to prepare valuation evidence of each Plaintiff's vehicle and to compel mandatory appraisal under the insurance policies. Plaintiffs oppose each request.

## ANALYSIS

**A.      Motion to Reopen Discovery**

State Farm asks the Court to reopen discovery so that it can retain an expert to opine as to the actual cash value of each Plaintiff's vehicle. State Farm theorizes that this information is now

relevant because Plaintiffs newly argue that the Autosource report minus the relevant deduction is the correct actual cash value for each vehicle. After reviewing the legal standard, the Court identifies the three reasons why State Farm's request fails.

In order to reopen discovery, State Farm needs to demonstrate "good cause" and satisfy Rule 16(b) because the discovery period long ago ended. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Fed. R. Civ. P. 16 Adv. Comm. Notes (1983 amendment)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. And "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. If the moving part "was not diligent, the inquiry should end." Id.

First, State Farm argues that as to injury and damages, Plaintiffs took a new approach on appeal that warrants discovery into the actual cash value of each vehicle. This does not track the history of this action. Plaintiffs have long argued they did not receive a correct value for their vehicles because the actual cash value produced by the Autosource report included a negotiation discount that undervalued the car in violation of Washington law. As part of that argument, Plaintiffs maintained that the Autosource gets the correct value if one excludes the negotiation deduction. For example, in their Motion for Summary Judgment, Plaintiffs argued that "[o]nce the [negotiation] . . . deduction[ is] removed, the remaining Autosource valuation complies with § 391 and provides the 'actual value of the car." (Pls. Reply ISO MSJ at 8 (Dkt. No. 198).) They

claimed this "presented uncontested evidence of classwide and individual injury and damages resulting from State Farm's claims practice and WAC violations." (Id.) This also tracks Plaintiffs' opposition to State Farm's Motion for Summary Judgment, where Plaintiffs made clear they were "not so much alleging that State Farm breached its contract by failing to pay the actual cash value of vehicles deemed a total loss but alleging that State Farm engaged in an improper valuation process by deducting unlawful amounts from what was otherwise (as determined by State Farm) the actual cash value." (Dkt. No. 195 at 9.) This undermines the State Farm's present Motion, which incorrectly argues that "Plaintiffs changed course at the Ninth Circuit" by telling "the Ninth Circuit that they *did* submit evidence they were paid less than actual cash value—specifically, the Autosource valuation reports they challenge, minus the adjustments they say are illegal." (Def. Mot. to Reopen Expert Deadline at 5 (Dkt. No. 250) (excessive emphasis in original).) This is precisely what Plaintiffs have long argued to this Court well before the appeal. State Farm has failed to identify any novel position Plaintiffs took on appeal that might support State Farm's view that it could not have foreseen the need to develop valuation information in discovery.

Second, State Farm itself has long argued that the actual cash value of each Plaintiff's vehicle has been at issue in this case. For example, in opposing Plaintiff's Motion for Summary Judgment, State Farm argued that it "is entitled to present evidence that the amounts it paid to Plaintiffs  represent the actual cash value of their vehicles, meaning they suffered no injury and have no damages" and that "State Farm can defend Plaintiffs' claims by presenting contrary evidence." (Def. Opp. Pls. MSJ at 5 (Dkt. No. 191) (citing (Dkt. No. 86 ¶¶ 19-20, 30-38; Dkt. No. 86-1)).) This lays bare that State Farm was aware that actual cash value is a contested factual issue, and it long ago claimed to have evidence of the correct values. (See id.) The evidence cited

by State Farm is a declaration from Neal Lowell, who explains the Autosource valuation process and why he believes it arrives at a correct value. (Dkt. No. 86.) Indeed, the Ninth Circuit noted that "State Farm itself used these reports to calculate adjusted cash value, and submitted extensive record evidence demonstrated why they constituted appropriate measures of cash value." (Slip Op. at 20 n.7 (Dkt. No. 235).) This undermines State Farm's current argument that the value of each car is a new issue that merits additional discovery after that deadline long ago expired.

Third, State Farm has failed to identify any part of the Ninth Circuit's order that would permit reopening discovery. The Ninth Circuit was aware that discovery had ended and that its Opinion would renew the undecided cross-motions for summary judgment. And yet, the Ninth Circuit provided no indication that the Court should reopen discovery. Instead, the Ninth Circuit summarized the competing evidence as to damages and the method of calculating damages. It explained that "Plaintiffs established that injury could be calculated on a class-wide basis by adding back the putatively unlawful negotiation adjustment to determine the value each class member should have received" and remanded "to the district court" to resolve "whether Plaintiffs have presented sufficient evidence of injury to survive summary judgment." Jama, 113 F.4th at 930-31. In reaching this conclusion the Ninth Circuit noted that "State Farm itself used the Autosource reports as one proper measure of actual cash value" and that "ample evidence provided by State Farm itself demonstrated how the Autosource reports were prepared and why they provided an accurate measure of the pre-crash actual cash value of drivers' cars." Id. at 937. And the Court noted that Plaintiffs' proposed valuation methodology itself could prove adequate: "[w]e see no reason why a plaintiff seeking to prove injury cannot rely on the Autosource reports themselves to establish value, minus the unlawful negotiation adjustment." Id. This undermines

State Farm's present argument that the issue of value is novel or that the Ninth Circuit's decision newly made valuation an issue for further discovery.

As the record makes clear, State Farm has been on notice that the actual cash value of each Plaintiff's vehicle is a relevant factual issue and it could have conducted discovery into this issue during discovery. Neither the Ninth Circuit nor the Plaintiffs' arguments on appeal have changed the nature of the claims, injury, or damages. And State Farm has represented to both this Court and the Ninth Circuit that it has evidence of the correct actual cash value. State Farm's present belief that it must prepare expert valuations of each Plaintiff's vehicle was not only foreseeable, but an issue on which State Farm has previously claimed to have evidence. That State Farm may now doubt the adequacy of that evidence does not merit reopening discovery. The Court therefore DENIES the Motion to Reopen Discovery.

**B.      Motion to Compel Appraisal**

Despite having lost this issue in 2020, State Farm argues again that the mandatory appraisal provision in the insurance policies compels appraisal. State Farm contends that "Plaintiffs and the Ninth Circuit have now made explicit that Plaintiffs' case is a dispute over *value*, not *methodology*, and the parties disagree over the actual cash value of Plaintiffs' totaled vehicles." (Mot. to Compel at 2 (excessive emphasis in original).) According to State Farm, "because appraisal is mandatory where there is 'disagreement' over actual value, and one side demands appraisal, as here, the parties' disagreement over actual cash value must be resolved by appraisal." (Id. at 3.) The Court finds no merit in this argument.

First, State Farm's argument follows the same flawed logic underpinning its Motion to Reopen Discovery—that Plaintiffs' appellate positions and the Ninth Circuit's opinion have changed the nature of this case. As explained above, this case has always been a dispute about

whether the Plaintiffs received the correct value for their totaled vehicles. As Plaintiffs made clear in their Motion for Summary Judgment, they accept that the Autosource correctly determined the actual cash value but-for the negotiation and condition deductions. And nothing in the Ninth Circuit's opinion changes that fact. As the Ninth Circuit noted, Plaintiffs' proposed method of calculating damages may well prove adequate. And State Farm has already produced evidence about why it believes the Autosource report shows the correct value. There has thus been no change in the nature of the arguments that might warrant reconsideration of this issue. The law of the case remains unchanged that appraisal cannot be compelled.

Second, nothing in the Ninth Circuit's opinion suggests that appraisal is necessary. As the Ninth Circuit noted, "[n]othing in Lara required (as the district court appeared to believe) '[p]laintiffs [to] undertake[] a[] separate valuation process or retain[] an expert to opine on the value of the loss vehicles.'" Jama, 113 F.4th at 937 (quoting Lara, 25 F.4th at 1140). The Ninth Circuit thus cast great doubt on the notion that expert appraisal evaluation is necessary to resolve Plaintiffs' claims. And the Court noted that "State Farm itself used the Autosource reports as one proper measure of actual cash value" and that "ample evidence provided by State Farm itself demonstrated how the Autosource reports were prepared and why they provided an accurate measure of the pre-crash actual cash value of drivers' cars." Id. The Ninth Circuit's decision undermines State Farm's present argument and the Court here finds no reason to believe the Ninth Circuit's decision opens the door to compelled appraisal.

Third, it remains true that the appraisal itself would not determine whether either deduction itself is legal. At most, the appraisal would potentially arrive at a new valuation of each car—an issue State Farm could have independently developed during discovery, but apparently chose not to pursue. This process would not resolve the legality of the Autosource's

use of the negotiation or condition adjustment to arrive at the actual cash value. This undermines State Farm's request.

Lastly, State Farm's motion is an unjustifiably late motion for reconsideration. Back in 2020, the Court denied State Farm's motion to compel appraisal, noting that "State Farm fails to demonstrate why an appraisal would resolve the underlying legal dispute" because "Plaintiffs all make clear that they do not challenge the amount of the deduction—just its legality." (Order on MTD at 17 (Dkt. No. 49).) As the Court noted, "[o]rdering an appraisal to determine the correct 'negotiation discount' would not resolve the underlying dispute as to whether any such discount is permissible under Section 391." (Id.) Given that neither Plaintiffs nor the Ninth Circuit has changed the nature of the claims or evidence of damages, State Farm's present argument could have been made in 2020 as a timely motion for reconsideration. State Farm fails to explain why it waited over four years to seek this relief. The Court thus finds the Motion itself an untimely request for reconsideration, which is an adequate and independent basis for denial. See LCR 7(h).

For all of these reasons, the Court DENIES the Motion to Compel Appraisal.

## CONCLUSION

State Farm has failed to convince the Court that further discovery or a compelled appraisal is appropriate. State Farm has had every opportunity to develop evidence of the actual cash value of each Plaintiff's vehicle—an issue that has been central to this case since its inception. Nothing in the appellate process or the Ninth Circuit's Opinion changes this fact. Having chosen not to develop independent valuation evidence in discovery, State Farm must abide by that decision. State Farm has failed to identify a reason to reopen discovery or to compel appraisal. The Court DENIES both Motions.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 31, 2025.

*Marsha J. Pechman*
Marsha J. Pechman
United States Senior District Judge