UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT and JAMES KELLEY, | CASE NO. C20-454 MJP |
| Plaintiffs, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |
| FAYSAL JAMA, | |
| Plaintiff, | |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | |

1    This matter comes before the Court on Plaintiffs' Motion for Reconsideration. (Dkt. No.

2    274.) Having reviewed the Motion, Defendants' Response (Dkt. No. 277), and all supporting

3    materials, the Court DENIES the Motion.

4    "Motions for reconsideration are disfavored." Local Civil Rule 7(h)(1). "The court will

5    ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or

6    a showing of new facts or legal authority which could not have been brought to its attention

7    earlier with reasonable diligence." Id.

8    First, Plaintiffs contend that the Court "mistakenly concluded sua sponte that Dr. Torelli

9    failed to demonstrate the amounts were liquidated[.]" (Mot. at 3.) Plaintiffs are incorrect on two

10    accounts. One, the Court did not rule sua sponte—it ruled on Plaintiffs' request in their Motion

11    for Summary Judgment after considering the arguments of the parties. Two, the fact remains that

12    the class-wide damages on which Plaintiffs sought prejudgment interest are not liquidated. Under

13    applicable Washington law, prejudgment interest is only available on liquidated damages. See

14    Hansen v. Rothaus, 107 Wn.2d 468, 470-73 (1986). "A 'liquidated' claim is a claim where the

15    evidence furnishes data which, if believed, makes it possible to compute the amount with

16    exactness, without reliance on opinion or discretion." Id. at 472 (citation and quotation omitted).

17    "An unliquidated claim, by contrast, is one where the exact amount of the sum to be allowed

18    cannot be definitely fixed from the facts proved, disputed or undisputed, but must in the last

19    analysis depend upon the opinion or discretion of the judge or jury as to whether a larger or a

20    smaller amount should be allowed." Id. at 473 (citation and quotation omitted). Although

21    Plaintiffs labor to explain that Torelli made some individual calculations of prejudgment interest,

22    the fact remains that his class-wide prejudgment interest calculations require his statistical

23    assumptions and his own mathematical expertise. And nothing in the two cases Plaintiffs newly

24

1    cite changes the Court's opinion. (Mot. at 3.) In <u>Stevens v. Brink's Home Sec.</u>, 162 Wn.2d 43

2    (2007), the court found damages liquidated where an expert relied on a mapping program and

3    actual wage data to calculate unpaid overtime hours. The case is not analogous, as there was no

4    challenge the accuracy of the mapping tool in <u>Stevens</u> and the expert performed a simple

5    mathematical computation. Here, Torelli used his own expertise and statistical assumptions to

6    calculate classwide damages, and not some third-party data source as was the case in <u>Stevens</u>.

7    Plaintiffs also cite to <u>Rekhter v. State Dept. of Soc. and Health Servs</u>, 180 Wn.2d 102 (2014),

8    where prejudgment interest was found unavailable because the exact damages required an

9    individualized determination of the hours that should have been paid and no individualized data

10    was presented—only estimates created by experts. Here, Torelli's prejudgment interest

11    calculations similarly turns on estimates, rather than a review of the exact amount of the

12    negotiation deduction taken for each class member. This case undermines Plaintiffs' position.

13    The Court thus DENIES the Motion. Plaintiffs may request prejudgment interest at trial, but they

14    must satisfy the applicable legal standard and demonstrate that the sums are truly liquidated and

15    not the product of expert opinion and discretion.

16        Second, Plaintiffs argue that the Court "<u>sua sponte</u> concluded that WAC § 284-30-391

17    was not incorporated into State Farm's policy." (Mot. at 5.) Again, Plaintiffs are incorrect that

18    the Court ruled <u>sua sponte</u>—it merely ruled on the arguments presented in the context of

19    Plaintiffs' Motion for Summary Judgment. And the Court disagrees that any binding authority

20    supports Plaintiffs' position. At best, there is case law suggesting that state laws can be

21    incorporated into policies. But no authority cited stands for the proposition that any and every

22    state regulation is incorporated into an insurance policy, and none of the cases Plaintiffs cite

23    stands for that proposition. To the extent the Court may have previously held to the contrary, the

1    Ninth Circuit has made clear its view that Washington insurance regulations are not incorporated

2    into insurance policies. <u>Lara v. First Nat'l Ins. Co. of Am.</u>, 25 F.4th 1134, 1139 (9th Cir. 2022)

3    ("A violation of the regulation isn't a breach."). The Court finds no manifest error and DENIES

4    the Motion. As the Court explained, this does not mean that State Farm is entitled to summary

5    judgment on the claim, because it did not seek affirmative relief on the claim in its own motion

6    for summary judgment. The Court is unlikely to allow the claim to proceed to trial, but will

7    discuss the issue during the pretrial conference.

8            Lastly, the Court finds no manifest error in refusing to enforce the one-year contractual

9    provision due to the doctrine of "overreach." While the Court did not rule on this specific

10   argument in the context of Defendants' Motion for Summary Judgment, it finds Plaintiffs'

11   argument—which overlaps with the estoppel and fraudulent concealment arguments that the

12   Court rejected—without merit. Plaintiffs suggest that the doctrine of overreach prevents State

13   Farm from enforcing the one-year statute of limitations because doing so would enable deceptive

14   and unfair conduct. (Mot. at 7.) But Plaintiffs fail to cite any authority from Washington that

15   would invalidate a contractual statute of limitations merely because the insurer engaged in

16   conduct that violates the CPA. Rather, the cases Plaintiffs invoke suggest that an insurer may be

17   barred from enforcing a contractual provision when doing so would endorse or enable deceptive

18   conduct on the part of the insurer related to that contractual provision. (<u>See</u> Pls. Opp. to MSJ at

19   18-19 (collecting cases and secondary authority); Mot. at 6-8 (same).) But here, as the Court

20   already ruled, "Plaintiffs offer no evidence that any of the named plaintiffs was unaware of their

21   claim against State Farm or that the deductions were concealed." (Order at 36.) And there are no

22   allegations that the one-year statute of limitations was concealed from Plaintiffs. As such,

23

24

Plaintiffs have failed to identify any legal or factual support for this theory. And the Court DENIES the Motion as to this argument.

The Court finds no merit in Plaintiffs' Motion on any of the issues presented, and it DENIES the Motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 3, 2025.

Marsha J. Pechman
United States Senior District Judge