UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT, et al.,<br><br>               Plaintiff(s),<br>   v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>               Defendant(s). | CASE NO. C20-0454-KKE<br><br>ORDER ON SCOPE OF TRIAL, MOTIONS IN LIMINE, AND MOTION TO PROVISIONALLY SEAL |
| FAYSAL A. JAMA,<br><br>               Plaintiff(s),<br>   v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>               Defendant(s). | |

This matter comes before the Court on the parties' motions in limine (Dkt. Nos. 285, 287), the Local Civil Rule ("LCR") 37 submission regarding Plaintiffs' motion to exclude testimony of Diane Klund (Dkt. No. 291), and Plaintiffs' motion to provisionally seal certain filings (Dkt. No. 289). The parties also seek rulings resolving certain disagreements reflected in their trial briefs over the scope of the upcoming bench trial on April 6, 2026. Dkt. Nos. 296, 299. As to the scoping disagreements, the Court finds that Plaintiffs' arguments with respect to their breach of contract claims and prejudgment interest seek to reopen prior rulings by the Court. The Court declines to

ORDER ON SCOPE OF TRIAL, MOTIONS IN LIMINE, AND MOTION TO PROVISIONALLY SEAL - 1

revisit these rulings, finds that the rulings foreclose Plaintiffs' contract claims, and thus formally dismisses those claims.  The Court also denies all but the unopposed motions in limine and the motion to exclude (filed as an LCR 37 submission).  Finally, the Court grants Defendants' request to maintain the provisionally sealed record under seal.

## I.    BACKGROUND

This case is a class action lawsuit challenging State Farm Mutual Automobile Insurance Company's and State Farm Fire and Casualty Company's (together, "State Farm" or "Defendants") methodology for determining the actual cash value ("ACV") of an insured's total loss vehicle in Washington State.  In October 2025, the case was reassigned from U.S. District Judge Marsha J. Pechman to the undersigned judge.  Dkt. No. 300.  The Court assumes familiarity with the background and procedural history of this case, which is set forth in detail in Judge Pechman's summary judgment order.  Dkt. No. 272.

At the pretrial conference, the parties requested rulings regarding the scope of the issues to be resolved at trial.  *See* Dkt. Nos. 296, 299.  The parties also have pending motions in limine seeking to exclude certain witnesses and evidence (Dkt. Nos. 285, 287, 291), as well as a pending request by State Farm to maintain under seal its response to an interrogatory, which Plaintiffs provisionally filed under seal (Dkt. Nos. 289, 304).  The Court will begin by addressing the parties' disagreements regarding the scope of trial before turning to the motions in limine and the sealing request.

## II.    DISCUSSION

A.    **Scope of Trial**

Both parties agree that the upcoming trial will resolve whether Plaintiffs are entitled to enhanced damages authorized by the Consumer Protection Act ("CPA") up to an amount not to

ORDER ON SCOPE OF TRIAL, MOTIONS IN LIMINE, AND MOTION TO PROVISIONALLY SEAL - 2

exceed twice the actual damages. *See* Wash. Rev. Code § 19.86.090. The parties diverge, however, on two key issues: First, Plaintiffs contend that their breach of contract claims under the Underinsured Motorist Property Damage ("UMPD") portion of State Farm's insurance policies remain live notwithstanding rulings by Judge Pechman rejecting the breach of contract theories Plaintiffs presented at summary judgment. *See* Dkt. No. 272 at 34, Dkt No. 280 at 3–4, Dkt. No. 299 at 37–47. Defendants disagree and argue that the prior rulings, among other things, foreclose the breach of contract claims. Dkt. No. 293 at 8. Second, Plaintiffs state that they intend to present evidence of calculations performed by their expert witness, Dr. Paul Torelli, to demonstrate Plaintiffs' entitlement to prejudgment interest. Dkt. No. 299 at 18–37. Defendants respond that Judge Pechman already twice rejected the use of Dr. Torelli's analysis as a basis for prejudgment interest—first in the summary judgment order and again in the order denying reconsideration—because his calculations do not show that class-wide damages were "liquidated." Dkt. No. 293 at 8, Dkt. No. 272 at 22–23, Dkt. No. 280 at 2–3.

The Court finds it helpful to begin by reviewing the law-of-the-case doctrine as it applies in this case because the parties' dispute raises issues previously addressed by the Court. "The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Musacchio v. United States*, 577 U.S. 237, 244–45 (2016) (citation modified). The Ninth Circuit has explained that, in addition to advancing the purposes of finality, consistency, and "efficient operation of court affairs[,]" the doctrine "serves additional purposes when a new district judge is assigned to the case and is asked to reconsider the former judge's decision." *Zeyen v. Bonneville Joint Dist., # 93*, 114 F.4th 1129, 1137 (9th Cir. 2024). In that circumstance, "reconsideration of previously litigated issues, absent strong justification, spawns inconsistency and threatens the reputation of the judicial system." *Id.* (quoting *Ellis v. United States*, 313 F.3d 636, 647 (1st Cir. 2002)).

Accordingly, a second district judge asked to reconsider a ruling of a predecessor must not do so unless one of three circumstances exists: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *Id.* (quoting *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1027 (9th Cir. 2001)).

For the following reasons, the Court concludes that Judge Pechman's rulings foreclose the arguments Plaintiffs seek to advance regarding their contract claims and prejudgment interest, and that none of the prerequisites for reconsidering those rulings are met. Accordingly, the Court will formally dismiss the breach of contract claims and reject Plaintiffs' request to seek prejudgment interest based on estimates by Dr. Torelli (or another witness) that are the product of expert opinion and discretion.

1. Plaintiffs' contract claims

To begin, the Court finds that Judge Pechman already rejected the breach of contract theories Plaintiffs now seek to advance at trial. In the summary judgment order, she made two key rulings: First, that the coverage at issue in this case "arises out of the policy's Physical Damage Coverages (PD), not the" UMPD coverage. Dkt. No. 272 at 35. And second, that Washington insurance regulations are not "made part of" State Farm's "insuring agreements." *Id.* at 34.

In their motion for reconsideration, Plaintiffs advanced essentially the same arguments they make now, citing many of the same cases. For instance, Plaintiffs cited *P.E.L. v. Premera Blue Cross*, 540 P.3d 105 (Wash. 2023), and other cases they rely on in their pretrial brief to argue that "insurance contracts implicitly incorporate applicable state law"—including, they contend, the insurance regulation at issue here—and "that a violation of applicable state law gives rise to a breach of contract action." Dkt. No. 274 at 5–6 (quoting *P.E.L.*, 540 P.3d at 477); *see also* Dkt. No. 299 at 43–46 (citing same cases). Judge Pechman rejected Plaintiffs' interpretation of the

ORDER ON SCOPE OF TRIAL, MOTIONS IN LIMINE, AND MOTION TO PROVISIONALLY SEAL - 4

caselaw, explaining that "[a]t best, there is case law suggesting that state laws *can be* incorporated into policies" but that no authority supports the position that "every state regulation is incorporated into an insurance policy[.]"  Dkt. No. 280 at 3 (emphasis added).

Plaintiffs also argued—as they do now—that the Court established law of the case in favor of their contract theory when it denied Defendants' motion to dismiss and granted class certification.  *See* Dkt. No. 274 at 5; Dkt. No. 299 at 42.  Judge Pechman rejected this contention as well, explaining that "[t]o the extent the Court may have previously held to the contrary, the Ninth Circuit has made clear its view that Washington insurance regulations are not incorporated into insurance policies."  Dkt. No. 280 at 3–4 (citing *Lara v. First Nat'l Ins. Co. of Am.*, 25 F.4th 1134, 1139 (9th Cir. 2022)).

The Court declined to "grant summary judgment in State Farm's favor" only because State Farm had not affirmatively moved for summary judgment on the contract claim.  Dkt. No. 272 at 34.  Judge Pechman made clear, however, that she was "unlikely to allow the claim to proceed to trial[.]"  Dkt. No. 280 at 4.

At the pretrial conference, Plaintiffs' counsel stated that Judge Pechman's ruling was erroneous.  The Court will not reconsider a prior judge's ruling, however, unless Plaintiffs satisfy the standard set forth in *Zeyen* and *Delta Savings Bank*.  Where, as here, there was no "intervening change in law or new evidence adduced during the course of the litigation," the Court will not reconsider the ruling unless it was both "clearly erroneous" and manifestly unjust.  *Zeyen*, 114 F.4th at 1139 (emphasis added) (quoting *Delta Sav. Bank*, 265 F.3d at 1027).  Here, the Court finds no clear error in the prior rulings with respect to Plaintiffs' contract claims.

To begin, the Court finds no clear error in the ruling that Washington's insurance regulations are not *per se* incorporated into State Farm's policies.  As the summary judgment order explained, the caselaw on which Plaintiffs rely—holding that "a valid statute becomes a part of

ORDER ON SCOPE OF TRIAL, MOTIONS IN LIMINE, AND MOTION TO PROVISIONALLY SEAL - 5

and should be read into the insurance policy"—has not "been extended to insurance regulations." Dkt. No. 272 at 34 (quoting *Touchette v. Nw. Mut. Ins. Co.*, 494 P.2d 479, 482 (Wash. 1972)). Moreover, in *E.S. v. Regence BlueSield*, the court discussed this caselaw and explained that, while "courts often … use[] insurance statutes" to "interpret an undefined contract term or to strike down provisions that violate public policy[,]" that does not mean that "any violation of the statute"—much less a regulation—"is in and of itself a breach of contract." No. 2:17-CV-01609-RAJ, 2022 WL 279028, at *10–11 (W.D. Wash. Jan. 31, 2022). Multiple other courts in this District have likewise rejected the argument that insurance policies incorporate all Washington insurance regulations or statutes. *See Hann v. Metro. Cas. Ins. Co.*, No. 12-5031 RJB, 2012 WL 3090977, at *7 (W.D. Wash. June 29, 2012) ("[*Touchette*] does not stand for the broad proposition that a claimant may bring a breach of contract action against an insurer for a violation of any of the Washington statutes governing insurance[.]"); *Cox v. Cont'l Cas. Co.*, No. C13-2288 MJP, 2014 WL 2011238, at *5 (W.D. Wash. May 16, 2014) (similar).

Plaintiffs argue that their breach of contract claims may nevertheless go forward under the UMPD coverage because WAC § 284-30-391 "sets the requirements" for and "defines" certain terms in the policy. Dkt. No. 299 at 43. In particular, Plaintiffs seem to contend that the regulation's prescriptions for calculating "actual cash value" help define State Farm's promise in its UMPD coverage to pay insureds what they are "legally entitled to recover[.]" *Id.* at 38 (quoting Dkt. No. 172-1).

To the extent this argument reflects a new theory not presented at summary judgment, it runs headfirst into Judge Pechman's ruling that the coverage here does *not* arise under the UMPD portion of the policies. Dkt. No. 272 at 36. As Judge Pechman explained, the UMPD coverage provides only "for compensatory damages for property damages without any reference to actual cash value." Dkt. No. 272 at 35–36. Indeed, the policy language quoted above states, in full,

ORDER ON SCOPE OF TRIAL, MOTIONS IN LIMINE, AND MOTION TO PROVISIONALLY SEAL - 6

"[w]e will pay compensatory damages for property damage an insured is legally entitled to recover *from the owner or driver of an underinsured motor vehicle*." Dkt. No. 172-1 at 26 (emphasis added, other emphasis omitted). Thus, UMPD coverage "depends upon the insured's demonstrating he or she is 'legally entitled to recover' in tort from the underinsured motorist." *Fisher v. Allstate Ins. Co.*, 961 P.2d 350, 352 (Wash. 1998) (citation omitted). The regulatory violation at issue here—applying a typical negotiation deduction ("TNA") not permitted when calculating a total loss vehicle's "actual cash value"—simply has no bearing on an insured's entitlement to recover in tort against an underinsured motorist. *See Kalles v. State Farm Mut. Auto. Ins. Co.*, 433 P.3d 523, 525 (Wash. Ct. App. 2019) ("'Compensatory damages' means 'damages awarded to make good or compensate for an injury sustained.'" (citation omitted)).[1]

In sum, Plaintiffs have not presented the "strong justification" needed to revisit Judge Pechman's rulings that (1) State Farm's policies do not incorporate all Washington insurance regulations and (2) the regulatory violations at issue here do not give rise to a breach of contract claim under the UMPD coverage. *See Zeyen*, 114 F.4th at 1137 (quoting *Ellis*, 313 F.3d at 647).

Because Plaintiffs' breach of contract theory is incompatible with these rulings, the Court will formally dismiss Plaintiffs' contract claims.

2. Prejudgment interest

Plaintiffs next contend that prejudgment interest is recoverable based on Dr. Torelli's analysis estimating classwide damages "through extrapolation" from a sample of claim files. Dkt. No. 299 at 18. Again, the Court finds that Judge Pechman previously rejected this argument and discerns no clear error in that ruling.

---

[1] Moreover, as Defendants point out, now that Ms. Ngethpharat is no longer a class representative, Plaintiffs lack a class representative who even alleges to have been paid under the UMPD coverage. Defendants have presented uncontested evidence that even Ms. Ngethpharat was not paid for the loss of her vehicle under the UMPD coverage. Dkt. No. 25 at 2 (declaration stating Ms. Ngethpharat's UMPD coverage paid only her $1,000 Collision Coverage deductible and rental car expenses).

ORDER ON SCOPE OF TRIAL, MOTIONS IN LIMINE, AND MOTION TO PROVISIONALLY SEAL - 7

The summary judgment order explains that Washington law provides for prejudgment interest only on "liquidated" damages, meaning damages "where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion." Dkt. No. 272 at 22 (quoting *Hansen v. Rothaus*, 730 P.2d 662, 665 (Wash. 1986)). Judge Pechman observed that Dr. Torelli's analysis "calculated classwide damages based on an average negotiation deduction using several statistical assumptions and his own mathematical expertise." *Id.* Accordingly, she ruled that his calculations are "precisely the kind that" depend on "'opinion or discretion' and not exactness," thus "render[ing] the claim unliquidated[.]" *Id.* at 23 (quoting *Hansen*, 730 P.2d at 665). Finally, Judge Pechman denied as moot Defendants' motion to strike Dr. Torelli's supplemental declaration explaining his calculations (putting to rest any doubt she rejected this methodology as a basis for prejudgment interest). *Id.*

On reconsideration, Judge Pechman considered and rejected many of the arguments Plaintiffs now advance again. For instance, Plaintiffs argued, as they do now, that the Ninth Circuit's ruling in this case shows that the claims are in fact liquidated, and that Dr. Torelli's estimations do not render the damages unliquidated because, in theory, damages could be individually determined (albeit, not with the evidence in Plaintiffs' possession). *See* Dkt No. 274 at 2–4 (discussing *Jama v. State Farm Mut. Auto. Ins. Co.*, 113 F.4th 924 (9th Cir. 2024)); Dkt. No. 280 at 2–3. The Court reiterated that, because Dr. Torelli's calculations "turn[] on estimates, rather than a review of the exact amount of the negotiation deduction taken for each class member[,]" those calculations could not support an award of prejudgment interest. Dkt. No. 280 at 3. Judge Pechman wrote that "Plaintiffs may request prejudgment interest at trial" but "must satisfy the applicable legal standard[.]" *Id.* This means, she clarified, that any such request must

"demonstrate that the sums are truly liquidated and not"—like Dr. Torelli's analysis—"the product of expert opinion and discretion."[2]  *Id.*

Washington caselaw supports Judge Pechman's ruling.  In particular, the reconsideration order cites *Rekhter v. State, Dep't of Soc. & Health Servs.*, 323 P.3d 1036 (Wash. 2014), which involved a challenge by live-in providers of public assistance to an agency rule that reduced the number of payable hours for their services.  The Washington Supreme Court affirmed a jury verdict for the providers but reversed the trial court's award of prejudgment interest, holding that the damages were unliquidated.  *Id.* at 1038, 1047.  The Court explained that the actual damages were "the difference between what providers were paid under the" challenged rule "and what providers should have been paid under" an alternative formula that applied to providers who were not live-in providers.  *Id.* at 1047; *see also Rekhter v. Washington*, No. 07-2-00895-8, 2011 WL 11012585, at *3 (Wash. Super. Ct. Dec. 02, 2011).  That formula, however, required "individualized data to be entered" to "determine the number of paid hours," and the data had not been collected for live-in providers during the class period.  323 P.3d at 1047.  Accordingly, the providers presented expert testimony "as to how to estimate what data *would have been entered* into the … formula without the [challenged] rule."  *Id.* (emphasis in original).  The Court held that these damages were unliquidated and disallowed prejudgment interest, explaining that "[w]hile the mathematical methods of estimation provided by the experts might be statistically sophisticated, ultimately they provided only estimates."  *Id.*

As Judge Pechman held, Dr. Torelli's "prejudgment interest calculations similarly turn on estimates" rather than the exact amounts of each unlawful deduction and thus cannot support an

---

[2] While Plaintiffs' dispute the meaning of this statement, the Court considers it an apparent nod to Judge Pechman's earlier ruling that Ms. Ngethpharat—who is proceeding individually rather than as a class representative—"might be entitled to prejudgment interest[.]"  Dkt. No. 272 at 25.

ORDER ON SCOPE OF TRIAL, MOTIONS IN LIMINE, AND MOTION TO PROVISIONALLY SEAL - 9

award of prejudgment interest. Dkt. No. 280 at 3. Plaintiffs' arguments to the contrary are unconvincing. Plaintiffs attempt to distinguish their "entitlement to pre-judgment interest" (which they claim is established because the amount of each deduction could, in theory, be calculated with exactness) from their evidence of the amount of such interest (which they contend can be estimated through expert analysis). Dkt. No. 299 at 18 (emphasis omitted). This distinction is undermined by *Rekhter*, where the Washington Supreme Court disallowed prejudgment interest based on the expert nature of the *evidence* presented "to estimate" actual damages. 323 P.3d at 1047. Judge Pechman's ruling that Washington law does not permit an award of prejudgment interest based on Dr. Torelli's statistical analysis or similar expert estimates of classwide damages is consistent with *Rekhter*.

Accordingly, the Court will not revisit the ruling. While Plaintiffs remain free to seek prejudgment interest on Ms. Ngethpharat's claims individually at trial, Judge Pechman's rulings do not leave the door open to relitigating the availability of prejudgment interest based on Dr. Torelli's calculations of classwide damages.

Finally, Plaintiffs argue, in the alternative, that prejudgment interest can be calculated as to each individual class member by reopening discovery and permitting Plaintiffs to obtain each class member's claims file. Dkt. No. 299 at 36. Plaintiffs state that they have already provided State Farm with discovery requests to obtain the necessary data for this review. *Id.* Indeed, the day before the pretrial conference, Plaintiffs served State Farm with a LCR 37 motion—which was filed eleven days later—seeking to reopen discovery in connection with this request. Dkt. No. 318.

The Court will not adopt Plaintiffs' alternative proposal. Discovery closed over four and a half years ago. In moving for summary judgment, Plaintiffs argued that individually calculating each class member's damages was "neither necessary nor appropriate in this case" and that

classwide damages should instead be determined as a matter of law based on Dr. Torelli's analysis. Dkt. No. 188 at 16. The time for Plaintiffs to change their approach to litigating damages and move to reopen discovery has long since passed. Reopening discovery at this point, with a trial scheduled less than two months away, would upend the case schedule and unduly prejudice Defendants who have presumably spent months preparing for trial based on the evidence disclosed. By failing to timely move to reopen discovery, Plaintiffs have forfeited their ability to litigate damages based on evidence they did not seek earlier and do not have in their possession.[3]

## B.    Motions in Limine

The Court next considers the parties' motions in limine, beginning with Plaintiffs' motions. "A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions in limine must identify the specific evidence sought to be excluded and explain the reasons for inadmissibility. *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020) (citing *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. 08-CV-08525-PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010)). "A motion devoid of specificity or merely reminding the court to follow established rules will be denied." *Wright v. State Farm Fire & Cas. Co.*, No. 2:23-CV-179, 2025 WL 794404, at *1 (W.D. Wash. Mar. 12, 2025) (citing *Lewis*, 493 F. Supp. 3d at 861).

In the context of a bench trial, the need for pre-trial rulings excluding evidence "is greatly reduced" and, in some cases, "eliminated." *Parker v. BNSF Ry. Co.*, No. 2:14-CV-00176-RAJ, 2021 WL 4819910, at *2 (W.D. Wash. Oct. 15, 2021); *see Heller*, 551 F.3d at 1112 ("Because the

---

[3] Plaintiffs' LCR 37 motion purports to seek discovery to obtain each class member's claims file in connection with the distribution phase of this case. Though the Court rejects Plaintiffs' request to reopen discovery for purposes of its prejudgment interest argument, the Court will consider and adjudicate the request as related to the distribution phase in a separate order.

ORDER ON SCOPE OF TRIAL, MOTIONS IN LIMINE, AND MOTION TO PROVISIONALLY SEAL - 11

judge rules on this evidentiary motion, in the case of a bench trial, a threshold ruling is generally superfluous."). Accordingly, a court may deny a motion in limine without prejudice to the moving party objecting to specific evidence at trial. *See, e.g.*, *Wright v. Watkins & Shepard Trucking, Inc.*, No. C11-1575, 2016 WL 10749220, at \*3 (D. Nev. Jan. 19, 2016) ("The more prudent course in a bench trial … is to resolve evidentiary doubts in favor of admissibility."); *see also Parker*, 2021 WL 4819910, at \*2 (deferring rulings on some of the motions in limine until the bench trial). Denial of a motion in limine does not guarantee admission of contested evidence, but merely indicates that without trial context, the court will not determine its admissibility in advance. *See Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

    1.  <u>Plaintiffs' motions in limine</u>

    The Court rules as follows on Plaintiffs' motions in limine:

    **Plaintiffs' Motion in Limine No. 1:**  Plaintiffs first motion in limine, as well as their Rule 37 submission, seeks to exclude Defendants' fact witness Diane Klund under Federal Rule of Civil Procedure 37(c) on the basis that she was not properly disclosed.

    The parties dispute whether Plaintiffs already knew about Ms. Klund's communications with the Washington Office of the Insurance Commissioner ("OIC"), such that Defendants were not obligated to disclose Ms. Klund via a supplemental disclosure. *See* Fed. R. Civ. P. 26(e)(1)(A). The Court need not resolve this dispute because, even if she was not properly disclosed, "[e]xclusion is not appropriate … when 'the failure [to disclose] was … harmless.'" *Washington v. Matheson Flight Extenders, Inc.*, 440 F. Supp. 3d 1201, 1218 (W.D. Wash. 2020) (quoting Fed. R. Civ. P. 37(c)(1)).

    The Court finds that any nondisclosure of Ms. Klund did not prejudice Plaintiffs. Since March 2022, when Defendants filed Ms. Klund's summary judgment declaration, Plaintiffs have had years to depose her and seek any other discovery they might need as a result of her testimony.

*See* Dkt. No. 192.  Indeed, Plaintiffs requested to depose Ms. Klund in April 2022, and Defendants agreed.  Dkt. No. 291-1 at 103–04.  Defendants proposed a date for the deposition, to which Plaintiffs' counsel initially did not respond.  *Id.* at 103.  The day before the proposed deposition date, Plaintiffs' counsel emailed that he had a conflict but apparently never followed up to reschedule.  *Id.* at 108.  It was not until September 2, 2025—nearly three and a half years later— that Plaintiffs' counsel "advised State Farm's counsel … of their objection to Ms. Klund's trial testimony[.]"  Dkt. No. 291 at 4.  To explain their decision not to depose Ms. Klund, Plaintiffs point to Judge Pechman's order requiring the parties to "seek and obtain leave of Court before making any deviation[s]" from Court-imposed deadlines, such as the discovery deadline.  Dkt. No. 291 at 4–5 (quoting Dkt. No. 128 at 4).  But even assuming Plaintiffs needed leave of the Court to depose Klund and conduct further discovery, Plaintiffs never asked for it.  They cannot belatedly rely on prejudice that they had the opportunity to remedy in order to exclude Ms. Klund now.

Plaintiffs also claim Ms. Klund's testimony is irrelevant.  This objection, however, is better addressed at trial, where it can be made in the context of her live statements.  Particularly in a bench trial, the Court will not exclude evidence in advance—especially all the expected testimony of a witness—based on relevancy objections.

For these reasons, the motion is DENIED.

**Plaintiffs' Motion in Limine No. 2:**  Next, Plaintiffs seek to exclude testimony they expect will be contrary to statements made by State Farms' and Audatex's Rule 30(b)(6) witnesses during their depositions.

There is no specific testimony that Plaintiffs seek to exclude at this time, so the Court will defer considering objections to hypothetical testimony that might conflict with a witness's Rule 30(b)(6) deposition until trial.

Accordingly, this motion is DENIED.

ORDER ON SCOPE OF TRIAL, MOTIONS IN LIMINE, AND MOTION TO PROVISIONALLY SEAL - 13

**Plaintiffs' Motion in Limine No. 3:**  Plaintiffs seek to exclude Defendants' fact witnesses from testifying to matters of which they lack personal knowledge, in particular certain studies that the witnesses were not personally involved in conducting.

Without specific, live testimony before it, the Court will not rule in advance on personal knowledge objections to hypothetical testimony, particularly in the context of a bench trial.

Accordingly, this motion is DENIED.

**Plaintiffs' Motion in Limine No. 4:**  Plaintiffs seek to exclude evidence concerning the use of TNAs outside of Washington.  Plaintiffs argue that State Farm's use of TNAs in other states is irrelevant because other states have not enacted regulations similar to WAC 284-30-391 and that State Farm has not identified any witness with personal knowledge of the legality or propriety of using TNAs in other jurisdictions.  Finally, Plaintiffs argue that State Farm has not identified evidence showing it considered the use of TNAs in other states when deciding to apply TNAs in Washington.

Given that this is a bench trial, the Court will not rule in advance on relevancy or personal knowledge objections without the context of live testimony.

Accordingly, this motion is DENIED.

**Plaintiffs' Motion in Limine No. 5:**  Plaintiffs seek to exclude evidence concerning the accuracy of Autosource Market Valuation Reports on relevancy grounds because Plaintiffs have not challenged the accuracy of Autosource's methodologies other than the TNA. Plaintiffs also argue that Mr. Lowell, in particular, lacks personal knowledge of the accuracy of the Autosource reports.

For the reasons just given as to Plaintiffs' Motion in Limine No. 4, this motion is DENIED.

**Plaintiffs' Motion in Limine No. 6:**  Plaintiffs seek to exclude unspecified documentary evidence not disclosed or provided until after the close of discovery (except the exact amounts of TNAs).

Plaintiffs' motion is insufficiently specific and does not identify the anticipated undisclosed records Plaintiffs seek to exclude.  To the extent Defendants introduce evidence at trial that Plaintiffs believe should have been disclosed earlier, they can renew this motion at that time.

Accordingly, this motion is DENIED.

**Plaintiffs' Motion in Limine No. 7:**  Plaintiffs seek to exclude evidence of communications between OIC and Audatex representatives as irrelevant because, under *Schiff v. Liberty Mutual Fire Insurance Co.*, 520 P.3d 1085 (Wash. App. 2022), there is no "good faith" defense to CPA liability based on OIC's approval of an insurance practice.  Further, Plaintiffs argue that State Farm's declarations do not demonstrate that the TNAs were specifically discussed with OIC and that there is no evidence State Farm was ever involved in discussions between Audatex and OIC.

To the extent Plaintiffs seek to exclude evidence as irrelevant, the Court will not rule in advance on relevancy objections without the context of live testimony, particularly in a bench trial. In any event, *Schiff* is inapposite as it addressed the availability of a "good faith" affirmative defense to CPA liability, not enhanced damages under the CPA.  520 P.3d at 1102.  Plaintiffs' own proposed jury instructions state that the factfinder may, in evaluating enhanced damages, "consider whether State Farm['s] violations were made under a good faith belief that its conduct was not improper."  Dkt. No. 298 at 39.

Accordingly, this motion is DENIED.

**Plaintiffs' Motion in Limine No. 8:**  Plaintiffs seek to exclude evidence that OIC considered or approved the TNA for the same reasons given in Plaintiffs Motion in Limine No. 7.

ORDER ON SCOPE OF TRIAL, MOTIONS IN LIMINE, AND MOTION TO PROVISIONALLY SEAL - 15

This motion is DENIED for the same reasons as Plaintiffs' Motion in Limine No. 7.

**Plaintiffs' Motion in Limine No. 9:** Plaintiffs seek to exclude as irrelevant evidence of discussions between State Farm and Audatex regarding communications with OIC or OIC's acquiescence in the use of a TNA to the extent such discussions took place after the commencement of litigation. Plaintiffs also seek to exclude evidence of such discussions as contrary to the deposition of State Farm's Rule 30(b)(6) representative.

The class period extends through September 13, 2021—after litigation began—and Plaintiffs seek enhanced CPA damages for the entire class period. Accordingly, the Court will not exclude evidence relevant to State Farm's purported good faith simply because it involves events that occurred after litigation began. The Court will defer until trial ruling on objections to relevancy and claims that specific testimony contradicts a witness's Rule 30(b)(6) deposition.

Accordingly, this motion is DENIED.

**Plaintiffs' Motion in Limine No. 10:** Plaintiffs seek to exclude evidence of information supporting State Farm's use of TNAs that it received after litigation began.

This motion is DENIED for the same reasons as Plaintiffs' Motions in Limine Nos. 2 and 9.

**Plaintiffs' Motion in Limine No. 11:** Plaintiffs seek to exclude evidence from Audatex concerning TNAs unless communicated to State Farm prior to when litigation began.

This motion is DENIED for the same reasons as Plaintiffs' Motions in Limine Nos. 2 and 9.

**Plaintiffs' Motion in Limine No. 12:** Plaintiffs seek to exclude evidence that class members agreed to the TNA methodology because, without a consumer witness, such evidence would be hearsay and because the Court already ruled that consumers did not agree to TNAs.

ORDER ON SCOPE OF TRIAL, MOTIONS IN LIMINE, AND MOTION TO PROVISIONALLY SEAL - 16

The Court will defer ruling on hearsay objections until trial, where it will have the benefit of specific, live testimony—particularly since Defendants state they do not intend to present evidence that insureds agreed to TNAs.

Accordingly, this motion is DENIED.

**Plaintiffs' Motion in Limine No. 13:** Plaintiffs seek to exclude testimony of previously stricken experts, Drs. John G. Lynch and Laurentius Marais.

This motion is GRANTED as unopposed.

**Plaintiffs' Motion in Limine No. 14:** Plaintiffs seek to exclude mention of how a monetary judgment would affect insurance rates or consumers.

The Court will defer ruling on relevancy and personal knowledge objections until trial, where it will have the benefit of specific, live testimony.

Accordingly, this motion is DENIED.

**Plaintiffs' Motion in Limine No. 15:** Plaintiffs seek to exclude evidence about class members who timely opted out.

This motion is GRANTED as unopposed.

**Plaintiffs' Motion in Limine No. 16:** Plaintiffs seek to exclude references to the parties' motions in limine or the Court's rulings on the same.

This motion is GRANTED as unopposed.

**Plaintiffs' Motion in Limine No. 17:** Plaintiffs seek to exclude evidence or testimony regarding State Farm's "2019 Cost Valuation Study" on hearsay, personal knowledge, and Rule 30(b)(6) grounds because Defendants have not presented a witness who participated in or conducted the study and State Farm's Rule 30(b)(6) witness testified he was not aware of any study specifically analyzing the accuracy of TNAs.

The Court will defer ruling on these objections until trial, where it will have the benefit of specific, live testimony. However, the Court notes that, to the extent testimony concerning the 2019 Cost Valuation Study is presented to prove what State Farm believed about the propriety of using Autosource reports, and not to prove the truth or accuracy of the study, the testimony would not be hearsay. *See* Fed. R. Evid. 801(c).

Accordingly, this motion is DENIED.

**Plaintiffs' Motion in Limine No. 18:** Plaintiffs seek to exclude evidence or testimony concerning the "Total Loss Value Comparison" survey for similar reasons given in Plaintiffs' Motion in Limine No. 17.

This motion is DENIED for the same reasons as Plaintiffs' Motion in Limine No. 17.

**Plaintiffs' Motion in Limine No. 19:** Plaintiffs seek to exclude—on hearsay, personal knowledge, and Rule 30(b)(6) grounds—evidence about the so-called "Levinsohn study," which was apparently conducted for Audatex by a Yale economics professor in connection with Audatex's products. Plaintiffs argue that State Farm's Rule 30(b)(6) deponent testified that he did not know when the study became available to others at State Farm and that he had only seen it a week before his deposition. Plaintiffs further argue that there is no evidence State Farm received the study prior to litigation and that the study is hearsay because no witness who participated in or conducted the study will testify.

This motion is DENIED for the same reasons as Plaintiffs' Motions in Limine Nos. 17 and 18.

**Plaintiffs' Motion in Limine No. 20:** Plaintiffs seek to exclude evidence or testimony that Audatex's data was verified or that it was accurate. Plaintiffs argue that Washington insurance regulations mandate that insurers—i.e., State Farm—are responsible for the accuracy of their total loss valuations, so evidence of Audatex's efforts to verify accuracy is irrelevant. Plaintiffs further

ORDER ON SCOPE OF TRIAL, MOTIONS IN LIMINE, AND MOTION TO PROVISIONALLY SEAL - 18

argue that State Farm's Rule 30(b)(6) deponent testified that State Farm had not conducted any study of TNAs and had no knowledge of any statement by Audatex that TNAs comply with Washington law.

Evidence of the extent to which Audatex verified the accuracy of its valuation methodology is relevant to whether State Farm acted reasonably in relying on Audatex's representation that its Autosource product complied with the laws of all states.  Such evidence would not be hearsay if it is presented to prove what State Farm believed about the propriety of using Autosource reports, and not to prove the truth or accuracy of Audatex's verification efforts.  *See* Fed. R. Evid. 801(c). The Court will otherwise defer ruling on these objections until trial, where it will have the benefit of specific, live testimony.

Accordingly, this motion is DENIED.

2.  Defendants' motions in limine

At oral argument Defendants withdrew their Motions in Limine Nos. 8 and 9.  The Court rules as follows on Defendants' remaining motions**:**

**Defendants' Motion in Limine No. 1:**  Defendants seek to exclude Plaintiffs' expert Mary Owen from testifying on several grounds.  To summarize, Defendants argue that Ms. Owen's testimony will present impermissible legal opinions, improperly opine on subjects in which Ms. Owen is not an expert or lacks knowledge, and generally present lawyer advocacy from the witness stand.

The Court finds that Defendants' arguments are better directed toward impeachment than exclusion, particularly in the context of a bench trial.  Given Ms. Owen's experience in the insurance industry, the Court will permit her to testify about insurance industry standards and practices to the extent such testimony is relevant to the appropriateness of enhanced CPA damages

in this case. However, Ms. Owen may not testify to ultimate legal conclusions or simply advocate for Plaintiffs.

Accordingly, this motion is DENIED.

**Defendants' Motion in Limine No. 2:** Defendants seek to exclude expert testimony of Darrell Harber, Plaintiffs' vehicle appraisal expert. Defendants argue that the Court already excluded Harber from testifying to legal conclusions and limited him to testifying based on his experience as a vehicle appraiser. Dkt. No. 285 (quoting Dkt. No. 138 at 8). According to Defendants, Mr. Harber's appraisal expertise is irrelevant to enhanced damages, and Mr. Harber intends to opine on other issues that are both irrelevant and outside his expertise, such as "the nature and importance of good faith and fair dealing in total loss settlement process" and the "vulnerability of those whose vehicles have been totaled." *See* Dkt. No. 293 at 15.

In the context of a bench trial, the need for advance rulings on—much less complete exclusion of—Mr. Harber's testimony is greatly reduced. The Court will permit Mr. Harber to testify based on his experience as a vehicle appraiser, which the Court finds to be potentially relevant to enhanced CPA damages, and will otherwise defer ruling on Defendants' objections until trial. The Court reiterates that Mr. Harber may not testify to ultimate legal conclusions.

Accordingly, this motion is DENIED.

**Defendants' Motion in Limine No. 3:** Defendants seek to exclude Dr. Torelli's expert testimony entirely as irrelevant and unduly prejudicial for many of the reasons already discussed above in connection with the scoping issues for trial.

As explained above, the Court has dismissed Plaintiffs' contract claims and held that it will not award prejudgment interest based on Dr. Torelli's calculations estimating classwide damages. Accordingly, the Court will not permit Dr. Torelli to testify on these issues which have already been resolved. To the extent Plaintiffs still intend to call Dr. Torelli to testify on matters relevant

ORDER ON SCOPE OF TRIAL, MOTIONS IN LIMINE, AND MOTION TO PROVISIONALLY SEAL - 20

to enhanced damages under the CPA, the Court will defer ruling on the relevancy of such testimony until trial, where it will have the benefit of Dr. Torelli's specific, live statements.

Accordingly, this motion is DENIED.

**Defendants' Motion in Limine No. 4:**  Defendants seek to exclude evidence or argument that State Farm tries to capitalize on the "vulnerability" of total loss claimants by cutting off rental car benefits and training handlers not to negotiate TNAs.  Dkt. No. 285 at 12.  Defendants argue that State Farm was not found liable for "coercing" insureds, so evidence of claims handling practices other than applying TNAs would be irrelevant and unduly prejudicial.

The Court will defer ruling on relevancy and undue prejudice objections until trial, where it will have the benefit of specific, live testimony.  The Court observes, however, that evidence of claims handling practices that had the effect of pressuring insureds to accept total loss valuations that included a TNA may be relevant to enhanced CPA damages.  However, the parties are advised that the trial will be focused on whether State Farm's practice of applying TNAs—not its other claims handling practices—warrant a damages enhancement, and the evidence presented must be relevant to this issue.

Accordingly, this motion is DENIED.

**Defendants' Motion in Limine No. 5:**  Defendants seek to exclude evidence of or reference to whether State Farm disclosed TNAs or hid them in fine print because Washington regulations do not require insurers to provide valuation reports unless requested.  Dkt. No. 285 (citing WAC § 284-30-391(4)(d)).

The Court finds that the extent to which State Farm disclosed TNAs is relevant to enhanced CPA damages, which the parties agree requires assessing good faith and the need for punishment and deterrence, among other factors.  Defendants remain free to raise specific relevancy, undue prejudice, or cumulative evidence objections at trial.

ORDER ON SCOPE OF TRIAL, MOTIONS IN LIMINE, AND MOTION TO PROVISIONALLY SEAL - 21

Document 321 Filed 02/20/26 Page 22 of 25

Accordingly, this motion is DENIED.

**Defendants' Motion in Limine No. 6:**  Defendants seek to exclude as irrelevant and unduly prejudicial evidence of or references to other litigation involving State Farm or State Farm's settlement conduct from other cases.

In the context of a bench trial, the need for advanced rulings excluding evidence on relevancy or undue prejudice grounds is greatly reduced.  Therefore, the Court will defer ruling on these objections until trial.  The Court agrees, however, that the trial will be focused on the conduct at issue in this case.  The Court will not permit this proceeding to devolve into mini-trials over the allegations, evidence, or rulings in other cases.

With these considerations in mind, this motion is DENIED.

**Defendants' Motion in Limine No. 7:**  Defendants seek to exclude as irrelevant, unduly prejudicial, and wasteful evidence that Audatex stopped using Washington data to calculate TNA percentages or that other insurers stopped applying similar adjustments as a result of litigation involving another insurer.

As discussed, the need for advanced rulings excluding evidence on grounds of relevance, undue prejudice, or wastefulness is greatly reduced, if not superfluous, in the context of a bench trial.  Defendants may make such objections in response to specific live testimony at trial.

Accordingly, this motion is DENIED.

**Defendants' Motion in Limine No. 10:**  Defendants seek to exclude evidence that third-party appraisers do not apply TNAs when conducting appraisals because such evidence is irrelevant unless the appraisers testify that they do not apply TNAs because they believe such deductions violate Washington insurance regulations.

The Court disagrees that the decision by third-party appraisers not to apply TNAs is relevant only if the third-party appraiser believed TNAs violate Washington insurance regulations.

ORDER ON SCOPE OF TRIAL, MOTIONS IN LIMINE, AND MOTION TO PROVISIONALLY SEAL - 22

Whether applying TNAs was consistent with standard appraisal practices is potentially relevant to whether State Farm acted in good faith in applying the deductions, which both parties agree is a relevant consideration in evaluating enhanced CPA damages. Defendants may make specific relevancy objections at trial, where the Court will have the benefit of evaluating concrete, live testimony.

**Defendants' Motion in Limine No. 11:** Defendants seek to exclude reference to State Farm's in-house attorneys or corporate representatives, including how often they attend trial.

This motion is GRANTED as unopposed, and the ruling is applied mutually to both parties: The parties' counsel and witnesses shall not refer to the attendance or absence from trial of State Farm's in-house attorneys or corporate representatives or of Plaintiffs or the class representatives.

**Defendants' Motion in Limine No. 12:** Defendants seek to exclude reference to the size, specialization, or location of defense counsel and preclude derogatory references, such as "hired gun."

This motion is GRANTED as unopposed, and the ruling is applied mutually to both parties: The parties' counsel and witnesses shall not refer to the size, specialization, or location of Defendants' or Plaintiffs' counsel or make derogatory references, such as referring to Defendants' or Plaintiffs' counsel as a "hired gun."

**Defendants' Motion in Limine No. 13:** Defendants seek to exclude reference or argument regarding Plaintiffs' motivations in bringing the lawsuit, for instance a desire to keep insurance companies "honest" or prevent insurance companies from taking advantage of insureds.

This motion is GRANTED as unopposed, and the ruling is applied mutually to both parties: The parties' counsel and witnesses shall not make any reference or argument regarding Plaintiffs' individual motivations for bringing the lawsuit.

**C.      Request to Seal**

Along with their motions in limine, Plaintiffs provisionally filed Defendants' responses to certain interrogatories under seal.  Dkt. No. 290.  At the same time, Plaintiffs filed a motion to provisionally seal the records pursuant to the protective order in this case (Dkt. No. 47) because Defendants had marked their interrogatory responses as confidential.  Dkt. No. 289 at 2.  Defendants responded by re-filing an unsealed version of the interrogatory responses, in which only Defendants' response to Plaintiffs' Interrogatory No. 11 were redacted.  Dkt. No. 305-1.  Defendants request that that the Court maintain the fully unredacted version under seal because their response to Interrogatory No. 11 contains proprietary information about State Farm's internal claims systems.  *See* Dkt. No. 304.

Courts recognize that "[t]here is a strong presumption of public access to the court's files[,]" and the party requesting sealing bears the burden of overcoming this presumption.  Local Rules W.D. Wash. LCR 5(g); *see also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  When determining whether to seal a document, the Court applies either a "compelling reasons" or "good cause" standard, depending on the type of motion at issue.  *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (describing the two standards).  A motion in limine is "non-dispositive" and, thus, a showing of "good cause" is sufficient to maintain records submitted in support of such a motion under seal.  *Kamakana*, 447 F.3d at 1180; *Chloe SAS v. Sawabeh Info. Servs. Co.*, No. CV1104147MMMMANX, 2015 WL 12734004, at *2 (C.D. Cal. Feb. 4, 2015).

The Court finds that Defendants have shown good cause to maintain their unredacted interrogatory responses under seal.  Defendants have filed an unsealed version of the responses with all but one interrogatory response unredacted.  Dkt. No. 305-1.  Defendants have also submitted a declaration demonstrating that State Farm has committed significant resources to

ORDER ON SCOPE OF TRIAL, MOTIONS IN LIMINE, AND MOTION TO PROVISIONALLY SEAL - 24

developing its internal systems for cataloging claims, that these systems are proprietary, that State Farm believes these systems give it a competitive advantage, and that State Farm's competitors do not disclose similar information about their claims handling processes.  Dkt. No. 305.

Accordingly, the Court will grant Defendants' request to maintain Dkt. No. 290 under seal.

### III.  CONCLUSION

For these reasons, the Court ORDERS as follows:

(1) Plaintiffs' breach of contract claims are DISMISSED.

(2) Defendants' motions in limine (Dkt. No. 285) and Plaintiffs' motions in limine (Dkt. No. 287) are DENIED in part and GRANTED in part.  Plaintiffs' motion to exclude the testimony of Diane Klund, which was filed as an LCR 37 submission, is DENIED. Dkt. No. 291.

(3) Plaintiffs' motion to provisionally seal (Dkt. No. 289) is GRANTED, and Defendants' request to maintain the provisionally sealed records under seal (Dkt. No. 304) is GRANTED.  The Clerk is DIRECTED to maintain Dkt. No. 290 under seal.

(4) In light of these rulings, the parties are ORDERED to refile a proposed pretrial order no later than March 6, 2026.

Dated this 20th day of February, 2026.

Kymberly K. Evanson
United States District Judge