UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANYSA NGETHPHARAT, et al.,

                Plaintiff(s),

     v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                Defendant(s).

CASE NO. C20-0454-KKE

ORDER ON DISCOVERY DISPUTE
REGARDING DEPOSITION OF DR. PAUL
TORELLI

This matter comes before the Court on the parties' joint statement regarding a proposed deposition of Plaintiffs' expert, Dr. Paul Torelli. Dkt. No. 322. A bench trial in this case is scheduled to begin on April 6, 2026. Plaintiffs seek to depose Dr. Torelli in the intervening weeks to "preserve and update" his testimony for presentation at the trial because Dr. Torelli will be in Cambodia, and thus unavailable, during trial. *Id.* at 4–5. In particular, Plaintiffs seek to elicit testimony from Dr. Torelli regarding his calculation of prejudgment interest for 1,336 class members whose claims files were included in the sample of files that Dr. Torelli used to calculate classwide damages and classwide prejudgment interest, among other calculations. *Id.* at 3–4. The court held a discovery conference on this issue today, March 13, 2026.

Federal Rule of Civil Procedure 32(a)(4) allows a party to use a deposition at trial when

ORDER ON DISCOVERY DISPUTE REGARDING DEPOSITION OF DR. PAUL TORELLI - 1

the witness is unavailable.[1]  Courts in this District hold that such depositions are subject to the same requirements imposed on discovery generally by the Federal Rules of Civil Procedure.  *See Holen v. Jozic*, No. C17-1147JLR, 2018 WL 4518699, at *1 (W.D. Wash. Sept. 20, 2018); *Perez v. Jie*, No. C13-877RSL, 2015 WL 11234149, at *1 (W.D. Wash. Feb. 3, 2015) (noting varying approaches among district courts and finding "more persuasive the cases holding that these depositions are subject to the limits in the Rules because the Rules do not distinguish between discovery and perpetuation depositions for trial"); *see also Peoples Bank v. Bluewater Cruising LLC*, No. C12-0939RSL, 2014 WL 30038, at *1 (W.D. Wash. Jan. 3, 2014) (same).  Further, "[t]he admission of deposition testimony is subject to the sound discretion of the trial court."  *Holen*, 2018 WL 4518699, at *1; *see also McMann v. Crane Co.*, C14-5429BHS, 2015 WL 3649180, at *2 (W.D. Wash. June 11, 2015) (quoting *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 773 (10th Cir. 1999)).

Since the discovery deadline has passed, Rule 16(b) requires Plaintiffs to show "good cause" to reopen discovery to depose Dr. Torelli.  Fed. R. Civ. P. 16(b)(4).  Among the factors a court may consider in determining if good cause exists are "whether trial is imminent" and "the likelihood that the discovery will lead to relevant evidence."  *U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)), *vacated on other grounds*, 520 U.S. 939 (1997).

Because trial is approaching in just a few weeks and Plaintiffs have shown no likelihood that the proposed deposition will produce relevant testimony, the Court will not permit the deposition to go forward.  The Court has already three times held that, under Washington law, "prejudgment interest is only available on liquidated damages[,]" and that the "classwide

---

[1] The Court agrees with Plaintiffs that Dr. Torelli is "unavailable" for purposes of Rule 32(a)(4)(B) because he is "more than 100 miles" away and his "absence was [not] procured by the" Plaintiffs.

ORDER ON DISCOVERY DISPUTE REGARDING DEPOSITION OF DR. PAUL TORELLI - 2

[Consumer Protection Act] damages" awarded in the summary judgment order (as requested by Plaintiffs, *see* Dkt. No. 188 at 13–16) are *not* liquidated. Dkt. No. 272 at 22; *see also* Dkt. No. 280 at 2–3, Dkt. No. 321 at 7–11. Plaintiffs argue that prejudgment interest is nonetheless available as to a subset of class members because Dr. Torelli "individually calculated" prejudgment interest for each of the 1,336 members whose claims files were included in the sample. Dkt. No. 322 at 3–5. But, as the Court has repeatedly explained, the availability of prejudgment interest turns on whether a plaintiff's *damages* were liquidated—meaning, they were not the product of expert discretion or opinion. Dkt. No. 272 at 22 (citing *Hansen v. Rothaus*, 730 P.2d 662, 665 (1986)); *see also Hansen*, 730 P.2d at 666 (explaining that "the basis for awards of prejudgment interest … is to compensate the plaintiff for the use value of the money *representing liquidated or determinable damages*" (emphasis added)). And the classwide damages calculated by Dr. Torelli and advocated for by Plaintiffs at summary judgment were awarded to *all* class members— including those in Dr. Torelli's sample—on the same basis.

As Plaintiffs' summary judgment motion explained, Dr. Torelli made his calculations of classwide damages by determining the average negotiation deduction in the sample for each class (adjusted for the percentage of files in the sample that fell outside the class) and multiplying that figure by the number of class members. Dkt. No. 188 at 15. In other words, all class members were awarded damages using the same methodology, and (again, as the Court has previously explained) that methodology resulted in an award of unliquidated damages. Dkt. No. 272 at 22– 23, Dkt. No. 280 at 2–3, Dkt. No. 231 at 9–10.

In sum, prejudgment interest is not available for Plaintiffs who have been awarded unliquidated damages, which is every class member—including those whose claims files were included in the sample Dr. Torelli analyzed. Accordingly, Plaintiffs have not shown that they intend to elicit testimony from Dr. Torelli relevant to the upcoming trial on enhanced damages

under the Consumer Protection Act and have thus not shown good cause to reopen discovery. Plaintiffs' request to depose Dr. Torelli again before trial is DENIED.

Plaintiffs remain free to seek prejudgment interest as to Ms. Ngethpharat, who is proceeding individually. As Defendants have offered to stipulate to the amount of prejudgment interest due to Ms. Ngethpharat, Dr. Torelli's testimony is not needed for this calculation.

Dated this 13th day of March, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ON DISCOVERY DISPUTE REGARDING DEPOSITION OF DR. PAUL TORELLI - 4