UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT, et al., | CASE NO. C20-0454-KKE |
| Plaintiff(s), | ORDER ON LOCAL CIVIL RULE 37 SUBMISSION REGARDING CLASS MEMBER RECORDS |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant(s). | |
| FAYSAL A. JAMA, | |
| Plaintiff(s), | |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant(s). | |

This matter comes before the Court on the joint Local Civil Rule ("LCR") 37 submission filed by Plaintiffs concerning a dispute over Plaintiffs' proposal to serve certain discovery requests. Dkt. No. 318.  Plaintiffs seek to serve discovery on Defendants requesting the electronic claims file information for all claimants on the class list for whom Plaintiffs have not already obtained claims file information.  *Id.* at 2.  The purpose of Plaintiffs' proposal is to calculate the individual

ORDER ON LOCAL CIVIL RULE 37 SUBMISSION REGARDING CLASS MEMBER RECORDS - 1

damages for each class member in order "to allow for a precise post judgment distribution of the recovery to the respective classes."[1]  *Id.*

The Court previously granted Plaintiffs' motion for summary judgment in part, finding, among other things, that members of the *Kelley* and *Jama* classes are entitled to classwide, aggregate damages on their claims under the Consumer Protection Act ("CPA") based on calculations by Plaintiffs' expert, Dr. Paul Torelli.  *See* Dkt. No. 272 at 21–23.  The Court awarded $33,979,240.07 to the *Kelley* class and $4,320,899.29 to the *Jama* class.  Dkt. No. 279.

As Dr. Torelli's summary judgment report explained, these sums were calculated from a random sample of claims files provided by State Farm.  Dkt. No. 180 ¶¶ 5, 7–19.  From this data, Dr. Torelli and his team extracted whether each claimant in the sample had been paid a total loss settlement that included a typical negotiation adjustment ("TNA") and, if so, the amount of the TNA.  *Id.* ¶¶ 9–10.  In some cases, this required requesting additional information from State Farm because the claims file information did not definitively indicate whether the claimant had been paid using a TNA.  *Id.* ¶ 10.  Dr. Torelli explained that, in every case, "the information necessary to determine class membership and the TNA … amount[], was available from State Farm, even if it on occasion took further requests to obtain it."  *Id.*  In simplified terms, after Dr. Torelli determined the TNA (plus tax) for each class member in the sample, he calculated the average TNA (plus tax) for each class, adjusted it for the percentage of files in the sample that fell outside the class, and multiplied that figure by the number of members on the class list for each class.  Dkt. No. 188 at 14–15.

---

[1] Plaintiffs' submission also states that Plaintiffs intend to individually calculate prejudgment interest for each member of the *Kelley* and *Jama* classes.  Dkt. No. 318 at 2.  The Court has since made clear, however, that prejudgment interest is not available for these class members, as their damages are unliquidated and prejudgment interest is only available on liquidated damages.  Dkt. No. 328 at 3.

ORDER ON LOCAL CIVIL RULE 37 SUBMISSION REGARDING CLASS MEMBER RECORDS - 2

Anticipating the award's distribution, Plaintiffs now seek the remaining claims files not included in Dr. Torelli's sample. Plaintiffs explain that these files are needed, first, to limit distribution to individuals on the class list who are in fact class members (just under 10% of individuals on the list were not paid using a TNA and thus are not class members) and, second, to more precisely distribute damages to members based on the exact amounts of their TNAs. Dkt. No. 318 at 3.

The Court will deny Plaintiffs' request at this time. As the Court previously explained, Plaintiffs must demonstrate "good cause" to reopen discovery, which closed several years ago. Fed. R. Civ. P. 16(b)(4). Initiating discovery involving tens of thousands of claims files on the eve of trial would be disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The Court expects that, over the next week, the parties' attention will be rightly focused on preparing for trial. "[B]eginning the process of obtaining" extensive records purportedly needed for distribution, as Plaintiffs propose, would be a needless distraction from these efforts. Dkt. No. 318 at 3–4. Moreover, since the Court has neither resolved the issue of enhanced CPA damages nor entered final judgment, the amounts to be distributed remain in flux, further weighing against Plaintiffs' proposal.

Plaintiffs nonetheless raise legitimate issues regarding the distribution of the award which the Court anticipates addressing through post-judgment proceedings. In particular, Plaintiffs explain that the current class list generated from State Farm's discovery responses is overinclusive insofar as it includes individuals who were not ultimately paid a total loss settlement that included a TNA. Dkt. No. 318 at 3. This may be so for various reasons. For example, State Farm may have initially offered a settlement based on an Autosource report that included a TNA (causing the claimant to appear on the class list) but, after negotiation, ultimately settled the loss using a different method. *See* Dkt. No. 180 ¶ 9. Such individuals are not class members, have suffered

no compensable injury, and may not receive a distribution of the classwide damages award. *See* Dkt. No. 136 at 27 (limiting *Kelley* class to claimants "whose claim was settled and paid using the amount determined by a total loss valuation … which took a deduction/adjustment for 'typical negotiation'"); *Jama v. State Farm Fire & Casualty Co.*, No. 20-cv-652, Dkt. No. 109 at 30 (W.D. Wash. Jul. 1, 2021) (similarly limiting *Jama* class); *see also* Wash. Rev. Code § 19.86.090 (limiting CPA action to individuals "injured in [their] business or property"); *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 466 (2016) (Roberts, C.J., concurring) ("Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996)).

Following the entry of judgment—and potentially any stay of proceedings during an appeal—the Court anticipates directing the parties to meet and confer to devise a distribution process that will result in the disbursement of funds to class members alone. The process will need to address not only the problem of limiting disbursements to class members, but also the appropriate method of distribution among the members—i.e., whether all members should receive a flat disbursement based on average TNAs or, alternatively, graduated payments based on some administrable methodology for more precisely compensating actual loss. The Court observes, however, that Plaintiffs' proposal to distribute the award based on the exact amount of each individual class member's TNA plus tax appears unsound and unworkable. Dkt. No. 318 at 5. Plaintiffs sought, and the Court awarded, classwide damages based on Dr. Torelli's sampling methodology. Tallying each individual member's TNA would amount to abandoning the theory on which Plaintiffs sought and were awarded damages at summary judgment, and require the recalculation of damages, nearly from scratch. Undoubtedly, the sum of each individual class member's TNA plus tax would not equal the figures Dr. Torelli calculated and the Court awarded. Whatever process is devised for distributing the award, it must, at a minimum, distribute the

ORDER ON LOCAL CIVIL RULE 37 SUBMISSION REGARDING CLASS MEMBER RECORDS - 4

*amount* of damages actually awarded based on an appropriate division—not recalculate damages based on each individual TNA.

There appears to be no dispute that State Farm possesses records from which an accurate list of class members could be extracted. Upon entry of judgment, it will be incumbent upon State Farm to identify how best to produce a precise class list for the purpose of distributing the award. The Court need not resolve the issue at this juncture, however, but will work with the parties post-judgment to determine an appropriate distribution method that limits disbursements to class members.

Accordingly, Plaintiffs' request for leave to serve discovery in aid of distribution (Dkt. No. 318) is DENIED without prejudice to revisiting the issue after entry of judgment.

Dated this 30th day of March, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ON LOCAL CIVIL RULE 37 SUBMISSION REGARDING CLASS MEMBER RECORDS - 5