UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT, et al.,<br><br>              Plaintiff(s),<br>   v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>              Defendant(s).<br><br>FAYSAL A. JAMA,<br><br>              Plaintiff(s),<br>   v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>              Defendant(s). | CASE NO. C20-0454-KKE<br><br>ORDER ON RENEWED MOTION TO EXCLUDE DIANE KLUND AND REQUEST FOR JUDICIAL NOTICE AND SETTING DEADLINE FOR PLAINTIFFS' RESPONSE TO MOTION TO EXCLUDE DEPOSITION TESTIMONY |

Having recently concluded a bench trial in this case, the Court enters this order memorializing its ruling on Plaintiffs' motion to exclude certain witness testimony and other evidence (Dkt. No. 336) and resolving Plaintiffs' outstanding request for judicial notice (Dkt. No. 334). For the following reasons, the Court denies Plaintiffs' motion to exclude and denies in part and grants in part Plaintiffs' request for judicial notice. The Court also sets a deadline for Plaintiffs

ORDER ON RENEWED MOTION TO EXCLUDE DIANE KLUND AND REQUEST FOR JUDICIAL NOTICE AND SETTING DEADLINE FOR PLAINTIFFS' RESPONSE TO MOTION TO EXCLUDE DEPOSITION TESTIMONY - 1

to file a written response to State Farm's motion to exclude the use of certain deposition testimony.[1]

**A.    Renewed Motion to Exclude Testimony of Diane Klund[2]**

Plaintiffs previously moved to exclude Diane Klund, Audatex's Director of Regulatory and Government Affairs, from testifying in this case on the ground that State Farm had not listed her in its initial disclosures. *See* Dkt. Nos. 287, 291. The Court denied that motion, finding that any nondisclosure did not prejudice Plaintiffs because they were in fact aware of Ms. Klund's involvement in this matter and had years to depose her once they became aware she might testify, but elected not to. Dkt. No. 321 at 12–13.

The day before trial, Plaintiffs renewed their motion to exclude Ms. Klund based on newly discovered email correspondence and related documents not previously disclosed to Plaintiffs concerning the typical negotiation adjustments ("TNAs") at issue in this case. *See* Dkt. No. 336. The newfound documents concern complaints by individual claimants to the Washington Office of the Insurance Commissioner ("OIC") about whether applying a TNA in valuing a total loss vehicle complies with Washington Administrative Code section 284-30-391 ("section 391"). Specifically, the documents reflect correspondence between Audatex and its insurance carrier customers (or claims handlers for the carrier) advising on how to answer questions about compliance with section 391 in response to three OIC complaints from 2017, 2018, and 2020, respectively. State Farm's counsel discovered these documents shortly before trial as they interviewed Ms. Klund in preparation for her trial testimony. Dkt. No. 343 at 3–4.

---

[1] This order refers to Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company collectively as "State Farm."

[2] Ms. Klund now goes by her maiden name, Zeni. However, because she is referred throughout the record in this case as Diane Klund, the Court will, for the sake of clarity, refer to her as "Ms. Klund" in this order. No disrespect is intended.

ORDER ON RENEWED MOTION TO EXCLUDE DIANE KLUND AND REQUEST FOR JUDICIAL NOTICE AND SETTING DEADLINE FOR PLAINTIFFS' RESPONSE TO MOTION TO EXCLUDE DEPOSITION TESTIMONY - 2

The 2020 documents involve an OIC complaint against State Farm and include correspondence between Ms. Klund and State Farm's Douglas Graff, who testified at trial and served as State Farm's corporate representative in a Rule 30(b)(6) deposition in this case. *See* Dkt. No. 340. State Farm conceded that it should have produced the 2020 documents, which—as Plaintiffs point out (*see* Dkt. No. 336 at 3, 7)—were responsive to discovery requests served on State Farm in this case. See Dkt. No. 343 at 2. Plaintiffs asked the Court to exclude the 2020 documents. In response, State Farm agreed not to seek admission of the 2020 documents at trial unless Plaintiffs elected to use them first.[3] *Id.*

Plaintiffs also sought exclusion of the 2017 and 2018 records. State Farm argued that the 2017 and 2018 records were not responsive to any prior discovery requests and, as such, should not be excluded. *Id.* at 2, 6–7. State Farm also opposed the renewed request to exclude Ms. Klund generally. *Id.* at 4–5. Plaintiffs, on the other hand, argued that the late disclosures undermined their ability to prepare for trial and asked that the Court exclude both the documents and Ms. Klund. Dkt. No. 336 at 7–10. At trial, the Court denied Plaintiffs' requests. This order memorializes that ruling.

Plaintiffs' motion to exclude invokes Rules 26 and 37 of the Federal Rules of Civil Procedure. Dkt. No. 336 at 7. Under Rule 26(a), each party must, toward the beginning of the case, provide to the other a copy or description of documents within "its possession, custody, or control" that the party "may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1). Then, by a prescribed period of time before trial (thirty days, by default), each party must also identify anticipated trial exhibits. Fed. R. Civ. P. 26(a)(3). Rule 26(e) requires the parties to supplement their disclosures as new information comes to light. Fed. R. Civ. P. 26(e).

---

[3] Ultimately, Plaintiffs did not seek to introduce the 2020 documents at trial.

ORDER ON RENEWED MOTION TO EXCLUDE DIANE KLUND AND REQUEST FOR JUDICIAL NOTICE AND SETTING DEADLINE FOR PLAINTIFFS' RESPONSE TO MOTION TO EXCLUDE DEPOSITION TESTIMONY - 3

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) [or (e)] that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Two exceptions to Rule 37(c), however, "ameliorate the harshness of" the exclusionary rule. *Id.* A party may introduce undisclosed information at trial if the nondisclosure was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). District courts have "particularly wide latitude" when exercising their "discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly*, 259 F.3d at 1106.

Starting with the motion to exclude Ms. Klund, Rule 37(c)(1) does not prescribe excluding a witness's entire testimony based on a failure to disclose information. The typical sanction for failing to disclose information is exclusion of that information—not of a witness. Fed. R. Civ. P. 37(c)(1) ; *see also Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1191 (9th Cir. 2022) (delineating "two specific situations" in which Rule 37(c)(1) sanctions apply: first, "when a witness is not disclosed …, that witness cannot testify"; and second, "if a party fails to disclose discoverable information[,] … the party cannot rely on that undisclosed information as evidence"). Here, the Court finds that a broader exclusionary sanction is unwarranted.

As the Court observed in its prior order denying Plaintiffs' motion to exclude Ms. Klund, Ms. Klund became a part of this case in at least as early as 2022, when State Farm filed her declaration in opposition to Plaintiffs' motion for summary judgment. Dkt. No. 192. Defendant made Ms. Klund available for a deposition in 2022 after Plaintiffs objected to her declaration, but Plaintiffs never followed up to take it. Dkt. No. 321 at 13.

Plaintiffs claim that the newly discovered records warrant excluding Ms. Klund's testimony because they contradict her prior declaration testimony. The Court disagrees. The existence of the OIC complaints in the newly discovered records is consistent with that declaration,

ORDER ON RENEWED MOTION TO EXCLUDE DIANE KLUND AND REQUEST FOR JUDICIAL NOTICE AND SETTING DEADLINE FOR PLAINTIFFS' RESPONSE TO MOTION TO EXCLUDE DEPOSITION TESTIMONY - 4

which recounts a 2007 rulemaking process related to section 391 and Ms. Klund's interactions with OIC staff members in 2010 concerning Autosource's valuation process. Dkt. No. 192 ¶¶ 7–9. Her declaration states that, although "Autosource has processed over 300,000 total loss valuations for insurers in Washington[,]" OIC has never "advised" Audatex or "determined" that its methodology violates "Washington laws or regulations regarding total loss valuations." *Id.* ¶¶ 10–11. And Plaintiffs are not prejudiced by permitting Ms. Klund to testify consistently with the declaration testimony Plaintiffs have possessed since 2022. Plaintiffs also claim that the documents render State Farm's trial witness disclosure inaccurate because it states that Ms. Klund would testify that OIC "never expressed any concerns" about Autosource's process. *See* Dkt. No. 324 at 17–18. The Court finds this arguable inaccuracy[4] does not prejudice Plaintiffs. Rather, Plaintiffs have been on notice that Ms. Klund would testify "consistent with her declaration" and had the opportunity to cross-examine her at trial regarding the newfound documents. *See* Dkt. No. *Id.* While the timing of the records discovery and disclosure was regrettable, the Court concludes that they do not prejudice Plaintiffs such that Ms. Klund's testimony should be excluded.

Plaintiffs also seek to exclude the 2017 and 2018 records of communications between OIC and Ms. Klund. Defendants respond that both sets of records were outside State Farm's custody or control such that no discovery violation occurred. The first set of records concerned communications between Audatex and a different insurer. Dkt. No. 343 at 6. And the second involved correspondence between Audatex and "one of hundreds or thousands" of State Farm's claims handlers, according to State Farm. *Id.* State Farm contends it never discovered the correspondence with its claims handler because the parties had no electronically stored information protocol in place, and Plaintiffs do not argue otherwise. *Id.* at 4, 6–7. State Farm concedes,

---

[4] The parties dispute whether the disclosure was in fact inaccurate, as the documents relay complaints by consumers but do not express the OIC's views as to the propriety of the TNA.

ORDER ON RENEWED MOTION TO EXCLUDE DIANE KLUND AND REQUEST FOR JUDICIAL NOTICE AND SETTING DEADLINE FOR PLAINTIFFS' RESPONSE TO MOTION TO EXCLUDE DEPOSITION TESTIMONY - 5

however, that the documents are late-disclosed trial exhibits. *See* Fed. R. Civ. P. 26(a)(3)(iii) (requiring disclosure of "each document or other exhibit … [each] party expects or offer" or that it "may offer if the need arises"). Even so, the Court must consider if the late disclosure was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1).

Again, the Court concludes that any late disclosure did not prejudice Plaintiffs. State Farm produced the 2017 and 2018 documents as soon as it became aware of their existence and before trial. Plaintiffs had the opportunity to cross-examine each of State Farm's witnesses about the documents, and in fact argued that the documents were helpful to their view of the case. More fundamentally though, as the Court explained at trial, the documents have limited (if any) relevance to the Court's task of determining whether enhanced damages are warranted under the Consumer Protection Act ("CPA"), which is the only issue before the Court at trial. That analysis requires the Court to consider the purposes of the CPA's enhanced damages provision, including "(1) financial rehabilitation of the injured consumer, (2) encouraging private citizens to bring actions benefiting the public, (3) deterrence, and (4) punishment." *Ten Bridges, LLC v. Midas Mulligan, LLC*, No. C19-1237JLR, 2021 WL 4592385, at \*6 (W.D. Wash. Oct. 6, 2021), *aff'd*, No. 21-35896, 2022 WL 17039001 (9th Cir. Nov. 17, 2022) (quoting *Sing v. John L. Scott, Inc.*, 920 P.2d 589, 598 (Wash. Ct. App. 1996), *rev'd on other grounds*, 948 P.2d 816 (Wash. 1997)). Correspondence concerning OIC complaints in 2017 and 2018 that State Farm apparently never became aware of until the eve of trial is not decisive evidence favoring either party with respect to any of these prongs.

Accordingly, the Court denies Plaintiffs' request to exclude either Ms. Klund's testimony or the 2017 and 2018 correspondence.

ORDER ON RENEWED MOTION TO EXCLUDE DIANE KLUND AND REQUEST FOR JUDICIAL NOTICE AND SETTING DEADLINE FOR PLAINTIFFS' RESPONSE TO MOTION TO EXCLUDE DEPOSITION TESTIMONY - 6

**B.      Request for Judicial Notice**

Next, Plaintiffs request judicial notice of four documents: (1) an unopposed motion for preliminary approval of a class action settlement in *Durant v. State Farm Mutual Automobile Insurance Company*, No. 2-15-CV-01710-RAJ (W.D. Wash. Oct. 11, 2018); (2) a tax form submitted by State Farm to the State of Washington in February 2026; (3) a February 2026 State Farm press release announcing a dividend to policyholders; and (4) the court's findings of fact and conclusions of law approving a class action settlement in *Garner v. State Farm Mutual Automobile Insurance Company*, No. CV 08 1365 CW (EMC) (N.D. Cal. Apr. 22, 2010).  Dkt. No. 334 at 2. State Farm opposes Plaintiffs' request.  Dkt. No. 335.

Under Federal Rule of Evidence 201, a court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute."  A fact is not reasonably disputable if it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Plaintiffs rely on the second of these grounds in seeking judicial notice.

Two of the records—the settlement motion in *Durant* and findings of fact and conclusions of law in *Garner*—are filings made to or by federal district courts.  *See* Dkt. Nos. 334-1, 334-4. District courts "may take judicial notice of" their "own records" or "the records of" other district courts "in other cases."  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).  In doing so, however, courts do not "adopt [any] factual findings" contained in the records or accept the truth of statements therein but, instead, simply take notice of the "existence and contents" of the records. *California ex rel. Lockyer v. Mirant Corp.*, 266 F. Supp. 2d 1046, 1053 (N.D. Cal. 2003); *see also Health Freedom Def. Fund, Inc. v. Carvalho*, 104 F.4th 715, 718 n.1 (9th Cir. 2024) ("We may properly take judicial notice that various statements were made in filings in related litigation.  But we do not take those statements themselves as true." (citation omitted)), *reh'g en banc granted,*

ORDER ON RENEWED MOTION TO EXCLUDE DIANE KLUND AND REQUEST FOR JUDICIAL NOTICE AND SETTING DEADLINE FOR PLAINTIFFS' RESPONSE TO MOTION TO EXCLUDE DEPOSITION TESTIMONY - 7

*opinion vacated*, 127 F.4th 750 (9th Cir. 2025), *and on reh'g en banc*, 148 F.4th 1020 (9th Cir. 2025); *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) ("[T]aking judicial notice of findings of fact from another case exceeds the limits of Rule 201."), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014); *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 n.1 (9th Cir. 2010) (contents of a deposition was "not a clearly established 'fact'" subject to judicial notice). Accordingly, the Court will take judicial notice of the existence of the settlement motion in *Durant* and the findings of fact and conclusions of law in *Garner*, but not of the truth of any statements contained therein.

Next, Plaintiffs seek judicial notice of a 2025 Washington Premium Tax Form filed by State Farm. Dkt. No. 334-2. State Farm does not dispute the document's authenticity or the amounts reflected on the form. Dkt. No. 335 at 3. The Court will take judicial notice of the fact that State Farm made this submission and represented the amounts listed to be accurate, but not for the truth of any statements contained in the form. *See Int'l Content Creators, Inc. v. Zeus Networks, LLC*, No. 2:23-CV-09319-MCS-SHK, 2025 WL 2633118, at *3 (C.D. Cal. Jan. 15, 2025) (taking judicial notice of governmental filings "for their existence but not for the truth of assertions therein").

Finally, Plaintiffs seek judicial notice of the 2026 press release. As with the records just discussed, courts "may take judicial notice of press releases … to 'indicate what was in the public realm at the time'" but not for "whether the contents of those [releases] were in fact true." *Moussouris v. Microsoft Corp.*, No. C15-1483JLR, 2018 WL 3584701, at *9 (W.D. Wash. July 11, 2018) (quoting *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015)); *see also Kanter-Doud v. Wells Fargo Bank, N.A.*, No. 2:23-CV-00678-DAD-AC, 2024 WL 382325, at *4 (E.D. Cal. Feb. 1, 2024) ("[A]s to the press release, the court will take judicial notice of the fact that Senator Dodd's office issued a press release … but not of the facts asserted

therein.").  The Court will judicially notice the press release's existence but not the truth of the statements in the release.

State Farm objects to Plaintiffs' requests on the additional ground that Plaintiffs have not articulated the relevance of any of these records.  Dkt. No. 335 at 2 (citing *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006)).  At this time, the Court will defer ruling on their relevance until Plaintiffs have had the chance to present their proposed findings of fact and conclusions of law and their closing argument.

**C.       Deadline for Plaintiffs' Response to Motion to Exclude Deposition Testimony**

As a final matter, State Farm moved at trial to exclude Plaintiffs' use of the deposition testimony of Mr. Graff in his personal capacity and the deposition testimony of Neal Lowell in either his own capacity or that of Audatex's Rule 30(b)(6) deponent.  Plaintiffs' counsel requested two weeks to file a written response.  Accordingly, Plaintiffs' response shall be due by April 23, 2026.

**CONCLUSION**

Accordingly, Plaintiffs' renewed motion to exclude Diane Klund and the newly produced documents is DENIED.  Dkt. No. 336.  Plaintiffs' request for judicial notice is GRANTED IN PART and DENIED IN PART.  Dkt. No. 334.

Plaintiffs shall file their response to State Farm's motion to exclude the use of deposition testimony by Douglass Graff and Neal Lowell no later than April 23, 2026.

Dated this 21st day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ON RENEWED MOTION TO EXCLUDE DIANE KLUND AND REQUEST FOR JUDICIAL NOTICE AND SETTING DEADLINE FOR PLAINTIFFS' RESPONSE TO MOTION TO EXCLUDE DEPOSITION TESTIMONY - 9