UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT, et al., | CASE NO. C20-0454-KKE |
| Plaintiff(s), | ORDER ON MOTION TO STRIKE DEPOSITION DESIGNATIONS |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant(s). | |
| FAYSAL A. JAMA, | |
| Plaintiff(s), | |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant(s). | |

This matter comes before the Court on Defendant State Farm's motion to strike the designations of three depositions by two witnesses: (1) a deposition of State Farm's claims consultant, Douglas Graff, in his personal capacity; and (2) a deposition of Audatex's former Vice President of Product Management, Neal Lowell, in his personal capacity, and (3) a second deposition of Mr. Lowell in his capacity as Audatex's corporate representative under Federal Rule of Civil Procedure 30(b)(6). Defendants contend that these depositions are inadmissible under Federal Rule of Civil Procedure 32 because both witnesses were available to testify—and did

ORDER ON MOTION TO STRIKE DEPOSITION DESIGNATIONS - 1

testify—at the bench trial in April 2026, and no other provision of Rule 32 permits use of the depositions at trial.

Rule 32 permits a deposition to be used against a party at trial only if (A) the party was present at, or had notice of, the deposition; (B) the deposition would otherwise be admissible if the deponent were present and testifying; and (C) the deposition's use falls within one of the specific circumstances identified in subsections (a)(2) through (8) of Rule 32.  Fed. R. Civ. P 32(a)(1).  As relevant, one of those circumstance is when "[a]n adverse party" seeks to use a "deposition of [another] party or anyone who, when deposed, was the [other] party's officer, director, managing agent, or designee under Rule 30(b)(6)[.]"  Fed. R. Civ. P. 32(a)(3).

Plaintiffs contend that Mr. Graff was a "managing agent" of State Farm at the time of his personal deposition because he had direct authority over the claims handling process that is the subject of this litigation.  Dkt. No. 354 at 5.  State Farm does not dispute this in its reply brief, and in fact on reply, takes no position on whether the Court should admit Mr. Graff's personal deposition.  *See* Dkt. No. 361.  To determine whether a witness is a "managing agent" for purposes of Rule 32(a)(3), courts typically consider factors such as "(1) whether the agent's interests are identified with those of the principal; (2) the nature and extent of the agent's functions, responsibilities and duties; (3) the extent of the agent's power to exercise judgment and discretion; and (4) whether any person or persons higher in authority than deponent were in charge of the particular matter or possessed all of the necessary information sought in the deposition." *Young & Assocs. Pub. Rels., L.L.C. v. Delta Air Lines, Inc.*, 216 F.R.D. 521, 523 (D. Utah 2003) (citing *Stearns v. Paccar, Inc.*, 986 F.2d 1429 (10th Cir. 1993) (unpublished)).  Most of this information is within State Farm's sole possession.  Accordingly, because State Farm does not dispute Plaintiffs' characterization of Mr. Graff as a managing agent, nor object to the admission of his

ORDER ON MOTION TO STRIKE DEPOSITION DESIGNATIONS - 2

deposition, the Court concludes that Mr. Graff is a "managing agent" of State Farm and that his personal deposition is therefore admissible under Rule 32(a)(3).

Plaintiffs concede that Mr. Lowell's personal deposition and his Rule 30(b)(6) deposition do not fall within Rule 32(a)(3)'s ambit because Audatex is not a party to this litigation. Dkt. No. 354 at 5. However, they argue the Court should nevertheless admit both depositions because, "based on the agreements of the parties, the Court expressly invited the submission of deposition transcripts …, and Plaintiffs submitted Mr. Lowell's testimony pursuant to that directive." *Id.* The Court's invitation to submit deposition designations in no way excused either party from the admissibility requirements set forth in Rule 32 or the Federal Rules of Evidence generally. Plaintiffs' reliance on *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891 (9th Cir. 1994), for the proposition that "evidentiary concerns" may be set aside in a bench trial (Dkt. No. 354 at 6) is inapposite. That case simply observed that "the admission of *irrelevant* evidence" is less likely to affect the verdict in a bench trial. 31 F.3d at 898 (emphasis added). Rules of admissibility apply in bench trials no less than jury trials.[1]

Accordingly, State Farm's motion to strike the deposition designations of Neal Lowell in both his personal capacity and his capacity as Audatex's corporate representative under Rule 30(b)(6) is GRANTED. State Farm's motion to strike the deposition designation of Douglas Graff in his personal capacity is DENIED.

Dated this 5th day of June, 2026.

Kymberly K. Evanson
United States District Judge

---

[1] Plaintiffs also argue that State Farm improperly waited until Plaintiffs had rested their case to move to exclude Mr. Lowell's deposition. As State Farm notes, however, Plaintiffs never moved to admit the depositions until at least that point. And Plaintiffs were on notice of State Farm's objection as early as October 2025, when the parties filed their first pretrial statement. Dkt. No. 293 at 27.

ORDER ON MOTION TO STRIKE DEPOSITION DESIGNATIONS - 3