UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT, et al., | CASE NO. C20-0454-KKE |
| Plaintiff(s), | ORDER ON MOTIONS TO SEAL |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant(s). | |
| FAYSAL A. JAMA, | |
| Plaintiff(s), | |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant(s). | |

State Farm seeks to seal records filed in this case, portions of the trial transcript, and two trial exhibits, all of which, State Farm contends, reveal proprietary information of State Farm or its former vendor, Audatex North America, LLC ("Audatex"). Dkt. Nos. 352, 363. For the following reasons, the Court largely denies State Farm's requests, finding that the public interest in accessing court records outweighs any private interest in redacting them. However, the Court will grant State Farm's request to redact personally identifiable information of employees of a non-

ORDER ON MOTIONS TO SEAL - 1

party insurance company, which are reflected in certain filings, as well as a proprietary Audatex document that the Court has previously sealed.

## I.    BACKGROUND

State Farm has two pending requests to seal records.  In the first, State Farm seeks to seal an exhibit filed by Plaintiffs in connection with their renewed motion to exclude the testimony of Diane Klund.  Dkt. No. 352; *see also* Dkt. Nos. 336, 341.  State Farm also filed an unsealed version of the exhibit with its proposed redactions.  Dkt. No. 352-2.  State Farm largely seeks to redact communications between it and the Washington Office of the Insurance Commissioner ("OIC"), which concern complaints lodged by consumers over State Farm's methodology for valuing total loss vehicles.  Dkt. No. 352 at 2.  In addition, State Farm seeks to redact personally identifying information of employees of a non-party insurance company that was a customer of Audatex.  *Id.* Because State Farm had marked these documents as confidential, Plaintiffs provisionally filed the exhibit under seal.[1]  Dkt. No. 339 at 2.

In its second request, State Farm moves, at Audatex's request, to seal portions of the transcript from the bench trial in this case, as well as two exhibits admitted during trial, pertaining to Audatex's methods for valuing total loss vehicles.  Dkt. No. 363 at 4–6.  In particular, State Farm seeks to seal portions of the transcript referring to details of Audatex's Autosource vehicle evaluation tool.  *Id.* at 4–6.  It also seeks to seal Audatex's price band document (Trial Exhibit 1) and an email with a non-party insurance company customer (Trial Exhibit 516), both of which, State Farm contends, contain confidential and proprietary business information of Audatex.  *Id.* at 6–7.

---

[1] Plaintiffs also provisionally filed a second exhibit under seal.  Dkt. No. 340.  State Farm does not object to unsealing that exhibit.  Dkt. No. 352 at 2.  Accordingly, the Court will direct the Clerk to unseal Docket No. 340.

ORDER ON MOTIONS TO SEAL - 2

## II.   DISCUSSION

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 587, 597 & n.7 (1978)).  Thus, under the Local Rules of this District, "[t]here is a strong presumption of public access to the court's files[,]" and the party requesting sealing bears the burden of overcoming this presumption.  Local Rules W.D. Wash. LCR 5(g).  When determining whether to seal a document, the Court applies either a "compelling reasons" or "good cause" standard, depending on the type of motion at issue.  *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (describing the two standards).

### A.   OIC Related Communications

The parties agree that a motion to exclude a witness is "non-dispositive" and, thus, a showing of "good cause" is sufficient to maintain under seal the records submitted in support of Plaintiffs' motion to exclude Diane Klund.  *Kamakana*, 447 F.3d at 1180; Dkt. No. 352 at 2; Dkt. No. 360 at 3.  State Farm contends that the portions of these records containing OIC related communications "reflect State Farm's internal claims handling processes" and "information related to inquiries from [OIC], all of which is highly confidential and proprietary."  Dkt. No. 352 at 3–4.  Accordingly, State Farm argues that there is good cause to support redacting these portions from the public record.

Having reviewed State Farm's proposed redactions, the Court is unconvinced that the relevant portions reveal sensitive or proprietary information to a degree outweighing the public's right to access court records.  Many of the redactions are to generic communications between OIC and State Farm or another insurer regarding the mere existence of a consumer complaint or the process for responding to it.  *See, e.g.,* Dkt. No. 341 at 13, 33, 34, 42.  Another redacted document

ORDER ON MOTIONS TO SEAL - 3

is a letter from State Farm to OIC forwarding Audatex's explanation of why Autosource's methodology complies with Washington insurance regulations. *Id.* at 55–58. That letter is closely related to the issues before the Court; and whatever interest State Farm has in keeping it private is outweighed by the public's interest in monitoring the Court's work. *See Oregonian Pub. Co. v. U.S. Dist. Ct. for Dist. of Oregon*, 920 F.2d 1462, 1465 (9th Cir. 1990) (recognizing "a presumed right of access to court proceedings and documents" on behalf of "the press and the public").

The declaration by State Farm's Douglas Graff does not tip the scale against disclosure. *See* Dkt. No. 352-1. Beyond generically describing the proprietary nature of State Farm's "internal claims handling processes," the declaration does not explain why any of the specific details revealed in these records are sensitive. *See* Dkt. No. 352-1 ¶¶ 6–7. Nor does Graff explain why correspondence with OIC should be treated, across the board, as "proprietary and confidential" regardless of content. *Id.* ¶ 7 (stating only that State Farm's "policy" is to treat such correspondence as confidential). Accordingly, the Court will largely deny State Farm's request to seal the OIC correspondence attached to Plaintiffs' motion to exclude Diane Klund.

However, to protect the privacy of non-parties to this litigation, the Courts finds good cause to support State Farm's request to redact the personally identifiable information of employees of the other Audatex insurance company customer. The Court will therefore direct State Farm to file a new unsealed version of Docket Number 341, redacting only the personally identifiable information of such employees.[2] The Court will maintain the fully unredacted version under seal.

**B.      Trial Transcript and Exhibits**

Since trials are almost always dispositive in nature, requests to seal trial transcripts or exhibits must meet the "compelling reasons" standard. *Kamakana*, 447 F.3d at 1180; *see also*

---

[2] State Farm may include additional redactions to personally identifiable information that may appear in the newly unredacted portions of the document.

ORDER ON MOTIONS TO SEAL - 4

*EchoSpan, Inc. v. Medallia, Inc.*, No. 22-CV-01732-NC, 2024 WL 944301, at \*2–3 (N.D. Cal. Jan. 5, 2024) (applying "compelling reasons" standard to request to seal portions of the trial transcript and exhibits). Under this standard, the party seeking to seal judicial records "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178 (citation modified). The Court must then "'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). This District's Local Rules also require the party requesting sealing to show (1) "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a less restrictive alternative to the relief sought is not sufficient." Local Rules W.D. Wash. LCR 5(g)(3)(B).

Typically, courts are especially reluctant to seal transcripts of statements made in open court, particularly where, as here, the disclosure was not inadvertent and no request was made to close the courtroom. *See, e.g., In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2014 WL 10537440, at \*5–6 (N.D. Cal. Aug. 6, 2014) ([W]here, as here, the parties did not request closure of the courtroom … and the disclosures were not inadvertent, the Court will not permit an ex post facto redaction of statements made in open court in the transcript."); *EchoSpan, Inc.*, 2024 WL 944301, at \*2–3 (denying request to seal transcript of statements made in open court but stating that court would consider request to seal portions of transcript from sealed proceedings). "Once a document becomes a part of the official record, it is much harder to justify sealing." *Confederated Tribes of Siletz Indians of Or. v. Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1122 (D. Or. 2003) (citing *Foltz*, 331 F.3d at 1134–36). "This includes exhibits received into evidence[] [and] trial transcripts[.]" *Id.*

ORDER ON MOTIONS TO SEAL - 5

State Farm seeks to redact from the trial transcript what it characterizes as "Audatex's confidential and proprietary business information[,]" including "testimony related to its internal valuation methodology and analytical processes, the proprietary information contained in its databases, and the non-public sources and assumptions used to generate Autosource valuations[.]" Dkt. No. 363 at 3.  State Farm also seeks to redact "testimony about internal quality-control measures, methodology updates and changes, and confidential proposal materials exchanged with State Farm." *Id.*  After Plaintiffs responded that some of the information State Farm seeks to seal was previously revealed in other lawsuits (Dkt. No. 365 at 4–5), State Farm agreed to narrow its request.  Dkt. No. 374 at 3.

Again, the Court finds that the public's interest in accessing court records outweighs Audatex's (or State Farm's) interest in redaction.  State Farm supports its request to seal with a declaration of Audatex's Data Compliance Manager, Tonia Haugh, which generally explains that the portions of the transcript and exhibits designated for redaction "discuss, or tend to reveal[,] categories of Audatex's confidential and proprietary information" pertaining to its valuation methodologies.  Dkt. No. 367-1 ¶¶ 4–7.  Those valuation methodologies, however, and whether they complied with Washington law, are central to the issues in this case.  Many of the details specifically concern the typical negotiation adjustment, which is the subject of this lawsuit.  *See, e.g.*, Dkt. No. 358 at 70:19–25, 71:9–12, 71:21–22; Dkt. No. 359 at 30:12–18.  And all the methodological details discussed at trial are in the record because the parties have argued they support or undermine Plaintiffs' request for enhanced damages under the Consumer Protection Act.  In sum, State Farm has not met its burden to articulate compelling reasons that outweigh the presumption of disclosure.

State Farm also moves to seal Trial Exhibit 516, which is an email chain between Audatex and another insurance company client concerning a consumer complaint to the OIC about the

ORDER ON MOTIONS TO SEAL - 6

typical negotiation deduction.  Dkt. No. 363 at 6–7.  This document is also included in the records attached to Plaintiffs' motion to exclude Diane Klund.  *See* Dkt. No. 341 at 2–7.  Because, as discussed above, the Court has already rejected State Farm's request to seal those records, it will also deny the request to seal the trial exhibit.

Finally, State Farm moves to seal Trial Exhibit 1—Audatex's price band document, which is used to inform the amount of the typical negotiation adjustment based on the comparable vehicle's listing price.  Dkt. No. 363 at 6.  The Court previously granted a joint request by the parties to seal this document in connection with Plaintiffs' motion for class certification under the same "compelling reasons" standard that applies here.  Dkt. No. 129.  For the reasons stated in that order, and because the specific details of Audatex's price bands are unnecessary for the public to understand the issues tried in this case, the Court will grant State Farm's motion to seal Trial Exhibit 1.

### III.  CONCLUSION

The Court ORDERS as follows:

(1) Plaintiffs' motion to provisionally seal (Dkt. No. 339) is GRANTED, and State Farm's request to maintain the provisionally sealed records under seal (Dkt. No. 352) is GRANTED in part and DENIED in part.

a.  The Clerk is DIRECTED to unseal Dkt. No. 340 and to maintain Dkt. No. 341 under seal.

b.  State Farm is DIRECTED to file an updated, unsealed version of Dkt. No. 341, redacting only the personally identifiable information of the employees of Audatex's insurance company customer, no later than July 22, 2026.

(2) State Farm's motion to seal (Dkt. No. 363) is GRANTED in part and DENIED in part.

a.  The Clerk is DIRECTED to seal Trial Exhibit 1.

ORDER ON MOTIONS TO SEAL - 7

b.  The motion is DENIED as to all portions of the trial transcript, which shall be released in unredacted form on the date stated on the docket.  Dkt. Nos. 356, 357, 358, 359.  The motion is also DENIED as to Trial Exhibit 516.

Dated this 15th day of July, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ON MOTIONS TO SEAL - 8