UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANYSA NGETHPHARAT, et al.,<br><br>Plaintiff(s),<br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant(s). | CASE NO. C20-0454-KKE<br><br>ORDER GRANTING UNOPPOSED MOTION TO PROVISIONALLY FILE DOCUMENTS UNDER SEAL |
| FAYSAL A. JAMA,<br><br>Plaintiff(s),<br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendants(s). | |

This matter comes before the Court on Plaintiffs' unopposed motion to provisionally file under seal certain documents (Dkt. No. 387) related to their motion for attorney's fees (Dkt. No. 382). Plaintiffs have filed on the public docket completely redacted versions of the five documents they seek to maintain under seal (Dkt. Nos. 383-1, 384-1, 385-2, 386-1, 386-4), and they have filed under temporary seal unredacted versions of those five documents (Dkt. Nos. 388-1, 389-1, 390-2, 391-1, 391-4). These documents record litigation expenses and billing entries of Plaintiffs'

counsel, and Plaintiffs request that the Court maintain them under seal because they describe or convey information—about work product, strategy, interactions with clients, and task timing—that "holds substantial value to Plaintiffs' counsel, would be valuable for opposing counsel in other cases, and … is typically treated as confidential by lawyers." Dkt. No. 387 at 2.

Courts recognize that "[t]here is a strong presumption of public access to the court's files[,]" and the party requesting sealing bears the burden of overcoming this presumption. Local Rules W.D. Wash. LCR 5(g); *see also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). When determining whether to seal a document, the Court applies either a "compelling reasons" or "good cause" standard, depending on the type of motion at issue. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (describing the two standards). A motion for attorney's fees is "non-dispositive" and, thus, a showing of "good cause" is sufficient to maintain records submitted in support of such a motion under seal. *Kamakana*, 447 F.3d at 1180; *Simpson Strong-Tie Co. Inc. v. MiTek Inc.*, No. 20-CV-06957-VKD, 2024 WL 2261947, at *7 (N.D. Cal. May 16, 2024).

The Court finds that Plaintiffs have shown good cause to maintain under seal the five documents recording litigation expenses and billing entries for Plaintiffs' counsel. Plaintiffs have explained why the nature of these documents makes partial redaction an impracticable less-restrictive alternative. *See* Dkt. No. 387 at 2. Plaintiffs have also submitted unsealed declarations that describe the prevailing rates awarded in this district and typical hours billed for certain types of cases (Dkt. Nos. 383–86), and the billing details contained in the documents do not add meaningful new information in that regard.

Accordingly, the Court GRANTS Plaintiffs' unopposed motion to provisionally seal (Dkt. No. 387), and Plaintiffs' request to maintain under seal the provisionally sealed records (Dkt. Nos.

388-1, 389-1, 390-2, 391-1, 391-4) is GRANTED. The Clerk is DIRECTED to maintain Dkt. Nos. 388, 389, 390, 391, and 391 under seal.

Dated this 15th day of October, 2026.

Kymberly K. Evanson
United States District Judge